IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN E. DOSS, | ) |
| | ) |
| PLAINTIFF, | ) Case No.:   15-cv-02287-CSB-EIL |
| | ) |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, LLC, | ) |
| et. al., | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT MARS INCORPORATED'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)**

Defendant Mars, Incorporated (hereinafter "Mars"), by its undersigned counsel, moves for dismissal of the Plaintiff's Complaint for failure to state a claim for which relief may be granted, and in support thereof submits this brief.

I.     INTRODUCTION

On December 7, 2015, Plaintiff Nathan E. Doss ("Doss"), a former employee of Defendant Kenco Logistic Services, LLC ("Kenco") filed this action *pro se* alleging: (1) discrimination on the basis of race under Title VII of the Civil Rights Act of 1964 ("Title VII") (First Cause of Action)[1]; (2) Intentional Infliction of Emotional Distress (Second Cause of Action); (3) Misrepresentation (Third Cause of Action); (4) Title VII Retaliation (Fourth Cause of Action); (5) Hostile Work Environment- Race (Fifth Cause of Action)[2]  (ECF # 1)  As

---

[1] Plaintiff's First Cause of Action is titled "Disparate Treatment- Based on Race under TITLE VII," however in the text of the document he also refers to 42 U.S.C. §1981A.  For the purposes of this motion, Defendant will also address any potential claim under Section 1981.

[2] Plaintiff has failed to specifically indicate under which law he is suing for hostile work

1

explained below, Plaintiff failed to exhaust his administrative remedies and failed to state a claim for which relief can be granted against Mars with respect to his First, Fourth and Fifth causes of action. Plaintiff's Second Cause of Action for Intentional Infliction of Emotional Distress and Third Cause of Action for Misrepresentation should also be dismissed for the various reasons outlined below.

II.     LAW AND ARGUMENT

   A.     Standard of Review

A claim may be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) if it appears clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle the plaintiff to relief. See *Hinson v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, L.Ed.2d 59 (1984); *Szumny v. American General Finance*, 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is proper where a plaintiff "has not, at a minimum, made enough factual allegations to raise a right to relief above a 'speculative level.'" See *Thompson v. Fairmont Chicago Hotel*, 525 F.Supp.2d 984, 987 (N.D. Ill. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citations omitted). In addition to reviewing the allegations set forth in the Complaint itself, attachments to the Complaint may also be considered when analyzing whether a Plaintiff has met his/her burden. See *Thompson* 525 F.Supp.2d at 987 citing Fed.R.Civ.P. 10(c) (citations omitted).

   B.     Argument

   **1.     Plaintiff Failed to Exhaust Administrative Remedies and Has Failed to State a Claim With Respect to the Claims Against Mars Under Title VII (First, Fourth and Fifth Causes of Action).**

As a prerequisite to bringing a claim for discrimination in federal court under Title VII, a

---

environment. Given his other Title VII claims, Mars assumes for the purpose of this motion that

plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the appropriate state or federal agency. See *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). Plaintiff failed to file a charge against Mars alleging discrimination or retaliation under Title VII and thus he has failed to exhaust administrative remedies with respect to such claims against Mars. Generally pled as an affirmative defense, failure to exhaust administrative remedies may also serve as a basis for a motion to dismiss. See *Thompson* 525 F.Supp.2d at 992 (granting motion to dismiss for failure to exhaust administrative remedies).

In this lawsuit, Plaintiff has alleged claims against Mars under Title VII, however all of the charges of discrimination filed by him with Illinois Department of Human Rights/EEOC were against Kenco Logistic Services, LLC ("Kenco") **NOT** Mars. In fact, Mars is not even mentioned in any of the various charges filed by Plaintiff. (ECF#1-1)

Plaintiff has not satisfied his obligation to exhaust administrative remedies prior to filing the instant claims under Title VII against Mars and at this point he is out of time to do so. The latest date of discrimination listed on any of the charges filed by Plaintiff is 9/3/2014. (ECF# 1-1, Page 16) In order to have met the required timing with respect any Title VII claims against Mars, Plaintiff would have had to file a charge against Mars well over a year ago. See *Koelach v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995) (referencing 300 day filing requirement for claims filed with the EEOC) and *Pickering v. Illinois Human Rights Commission*, 146 Ill.App.3d 340, 496 N.E.3d 746, 99 Ill.Dec.885 (2d Dist. 1986) (noting 180 day deadline for filing of alleged violations under the IDHRA).

As evidenced above, Plaintiff has failed to exhaust his administrative remedies and has

---

the hostile work environment- race claim is also being pursued under Title VII.

failed to "state a claim" against Mars with respect to his First, Fourth and Fifth causes of action. Accordingly, such claims should be dismissed with prejudice.

    **2.    Plaintiff Has Failed to State a Claim for Race Discrimination Under 24 U.S.C. §1981.**

While Plaintiff does not specifically set forth a separately numbered cause of action for discrimination under 24 U.S.C. §1981 (Section 1981), such statute is referenced within the text of his First Cause of Action for race discrimination under Title VII . To the extent that Plaintiff is asserting a separate claim against Mars under Section 1981, such claim should be dismissed as well due to Plaintiff's failure to assert any facts in support of such a claim against Mars. While Plaintiff's Complaint includes a few passing references to Mars, he does not tie any of the actions about which he complains to Mars. Mars is not even mentioned in the introductory paragraph of his Complaint, where Plaintiff only states "NOW COMES PLAINTIFF, NATHAN E. DOSS (hereafter "DOSS") and hereby brings his complaint against defendants KENCO LOGISTICS SERVICES, LLC, a Tennessee, Limited Liability Company (hereafter "KENCO"), and allege as follows:" (ECF #1, Page 2) Nor is Mars referred to anywhere at all in any of the separately numbered paragraphs setting forth Causes of Action One through Five. (ECF #1, Pages 21-29) Reference to Mars is also absent in the Prayer for Relief. (ECF #1, Pages 30-31) Plaintiff's "Factual Allegations" continually refer to Kenco and the alleged actions of its employees. Plaintiff has failed to plead any of the required elements for a cause of action against Mars under 24 U.S.C. §1981. The required elements for a cause of action under Section 1981 are clear. A plaintiff pursuing such a claim must allege that: "(1) they are members of a racial minority; (2) the defendant intentionally discriminated against them on the basis of race; (3) the discrimination concerned one or more of the rights enumerated in the statute." See *Payne v. Abbott Laboratories,* 999 F. Supp. 1145(N.D. Ill. March 30, 1998). Plaintiff

must plead facts to show or raise a plausible inference that Mars purposefully discriminated against him because of race. *Id.* Plaintiff has failed to meet the required showing and as such, any claim under Section 1981 against Mars should be dismissed with prejudice.

> **3. Plaintiff Failed to Properly Plead Intentional Infliction of Emotional Distress (Second Cause of Action) and Even if Properly Pled, Such Claims are Barred by the Illinois Human Rights Act.**
>
> a. <u>Plaintiff Failed to Properly Plead Intentional Infliction of Emotional Distress.</u>

In order to set forth a claim for Intentional Infliction of Emotional Distress under Illinois law, a plaintiff must plead and prove: (1) Defendant's conduct was extreme and outrageous; (2) Defendant intended to cause or recklessly or consciously disregarded the probability of causing emotional distress; (3) Plaintiff suffered severe or extreme emotional distress, and (4) Defendant's conduct actually and proximately caused plaintiff's emotional distress. See *Public Finance Corp. v. Davis,* 66 Ill. 2d 85 (1976). Plaintiff does not mention Mars anywhere in his cause of action for Intentional Infliction of Emotional Distress and has not complained about any actions of Mars anywhere in his Complaint, let alone provided any facts in support or pled any of the required elements for a claim for Intentional Infliction of Emotional Distress. Accordingly, Plaintiff's cause of action against Mars for Intentional Infliction of Emotional Distress fails to state a claim and should be dismissed with prejudice.

> b. <u>Plaintiff's Claim is Barred by the Illinois Human Rights Act.</u>

To the extent that Plaintiff relies upon the facts asserted for his discrimination and retaliation claims to support his cause of action for Intentional Infliction of Emotional Distress, such claim is preempted by the Illinois Human Rights Act. In determining whether a court has jurisdiction over a claim, the focus is on whether the tort claim is linked to a civil rights violation such that no

independent basis for the action exists without violation of the Illinois Human Rights Act itself. See *Bannon, et al. v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007). Given that Plaintiff's complaints of discrimination and retaliation, if true, would rise to violations of the Illinois Human Rights Act, there is no independent basis for Plaintiff's claim for Intentional Infliction of Emotional Distress against Mars. Furthermore, none of the facts asserted by Plaintiff in support of such claim are related to the alleged actions of Mars. Instead, all facts are related to the alleged actions of Kenco. As such, Plaintiff's claim for Intentional Infliction of Emotional Distress should be dismissed with prejudice.

   **4. Plaintiff Failed to Properly Plead Misrepresentation (Third Cause of Action) and Even if Properly Pled, Such Claims are Barred by the Illinois Human Rights Act.**

   a. <u>Plaintiff Failed to Properly Plead Misrepresentation.</u>

As with Plaintiff's other claims, he has failed to assert any facts to support a cause of action for Misrepresentation against Mars. The Complaint is devoid of any specifics as to how Mars allegedly misrepresented anything. In order to state such a claim for fraudulent misrepresentation, which Mars assumes Plaintiff is asserting, Illinois law requires the showing of (1) a false statement of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements, and; (5) damage to the other party resulting from such reliance. See *Soules v. General Motors Corp.*, 79 Ill. 2d 282 (1980). Plaintiff has failed to set forth facts establishing any of the above as it relates to the actions of Mars.

Given the foregoing, Plaintiff's cause of action for Misrepresentation against Mars should be dismissed with prejudice.

b.     Plaintiff's Claim is Barred by the Illinois Human Rights Act.

To the extent that Plaintiff relies upon the facts asserted for his discrimination and retaliation claims to support his cause of action for Misrepresentation, such claim is preempted by the Illinois Human Rights Act as explained in detail above.  Given that there is no independent basis for Plaintiff's claim for Misrepresentation, such cause of action must be dismissed with prejudice.

5.     **Plaintiff Has Failed to Establish the Existence of an Agency Relationship Between Mars and Kenco.**

Plaintiff attempts to hold Mars responsible for the alleged actions of Kenco and its employees by alleging that Kenco served as an agent for Mars.   Plaintiff was employed by Kenco.  Plaintiff does not allege that he worked with any Mars associates, nor does he allege that Mars staffed, managed, or otherwise operated the facility where he worked.   All of Plaintiff's claims of unfair treatment address alleged actions by Kenco or its associates. Plaintiff does not allege that any of the people about whom he complains were Mars associates.

In determining whether an agency relationship exists, courts must look to (1) whether principal has right to control manner and method in which agent performs his services and (2) whether agent has power to subject principal to personal liability." See *Cumin Insurance Society, Inc. v. Peters*, 983 F. Supp. 787 (N.D. Ill. 1997).  Within the context of employment discrimination, an agent must be an agent with respect to employment practices.  See *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) citing *Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993).  Plaintiff has admitted that Mars had nothing whatsoever to do with Kenco's employment practices, thus Kenco cannot be considered

7

Mars' agent.  In Paragraph 22 of the Complaint, Plaintiff states that Walsh, acting on behalf of Kenco "directed and approved all operational activities, including but not limited to: hiring, pay, scheduling, performance management, workflow and the like." (ECF #1, Paragraph 22, Page 7) In Paragraphs 23, 24, and 25 of the Complaint, Plaintiff refers to Kenco employees, Mike Manzello ("Manzello") and Valerie Lillie ("Lillie").  (ECF #1, Paragraphs 23-25, Page 7)  With respect to Manzello and Lillie, Plaintiff notes that they were both "in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of DOSS's employment with KENCO." (ECF #1, Paragraphs 23 & 25, Page 7)  Accordingly, Plaintiff has not made the requisite showing to hold Mars liable for any discrimination or retaliation with respect to his employment with Kenco and such claims should be dismissed with prejudice.

      Plaintiff's "agency claims" related to Intentional Infliction of Emotional Distress and Misrepresentation, also fail as he has not set forth any facts to support such claims.  Plaintiff has not met the first element, by alleging that Mars had the right to control the manner and method in which Kenco or its employees performed its services (as previously noted above).  Nor, has he met the second element by asserting that Kenco had the power to subject Mars to personal liability.  "It is insufficient to merely conclude the legal conclusion of agency," as Plaintiff has done here.  See *Kaporovskiy v. Grecian Delight Foods*, 338 Ill. App. 3d 206, 210 (2003).

      Accordingly, Plaintiff's agency argument must fail.

III.    CONCLUSION

For the foregoing reasons, Defendant Mars respectfully requests that all of Plaintiff's claims against Mars be dismissed with prejudice due to Plaintiff's failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted.

                Respectfully submitted,

                S/ Kimberly J. Overbaugh
                Kimberly J. Overbaugh, Esq. PA #85610
                Thomas R. Davies, Esq. PA #35260
                Harry R. Harmon, Esq. PA #25342
                HARMON & DAVIES, P.C.
                2306 Columbia Ave.
                Lancaster, PA 17603
                Tel. (717) 291-2236
                Fax (717) 291-2236

                Attorneys for Defendant,
                Mars, Incorporated

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys of record herein in this matter, certify that on March 22, 2016 the aforementioned Defendant Mars, Incorporated's Memorandum in Support of Motion to Dismiss the Complaint under Rule 12(b) was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail and certified mail/return receipt requested:

    Nathan E. Doss
    1124 Abbot Lane
    University Park, IL  60484

            S/ Kimberly J. Overbaugh
            Kimberly J. Overbaugh, Esq.
            Harry R. Harmon, Esq.
            Thomas R. Davies, Esq.
            HARMON & DAVIES, P.C.
            2306 Columbia Ave.
            Lancaster, PA 17603
            Tel. (717) 291-2236
            Fax (717) 291-2236