## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **NATHAN E. DOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 15-cv-2287** |
| **v.** | ) | **Judge Colin Stirling Bruce** |
| | ) | **Magistrate Judge Eric I. Long** |
| **KENCO LOGISTIC SERVICES, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT KENCO LOGISTIC SERVICES' PARTIAL
### MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S
### COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendant, Kenco Logistic Services, LLC ("Kenco" or "Defendant"), by and through its attorneys, Jody Wilner Moran and Jody Kahn Mason of Jackson Lewis, P.C., hereby move to dismiss Counts I through IV of the Complaint filed by Plaintiff Nathan Doss ("Doss" or "Plaintiff"), with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Defendant states as follows:

### INTRODUCTION

Kenco is a third-party logistics company.  (*See* Plaintiff's Complaint at Dkt. No. 1, ¶ 16).  Doss was formerly employed by Kenco's predecessor company, and was hired by Kenco as a Warehouse Associate to work at a facility in Manteno, Illinois on April 21, 2013.  (*Id.*)  During and after his employment with Kenco, Doss filed nine charges of discrimination with the Illinois Department of Human Rights ("IDHR"), all of which were cross-filed with the United States Equal Employment Opportunity Commission ("EEOC").  Five of those nine charges form the basis of Doss's current complaint against Kenco: (1) Charge No. 2014CF2858

(IDHR)/21B-2014-01536 (EEOC), which was filed on May 7, 2014 ("First Charge"); (2) Charge

No. 2014CF2992 (IDHR)/21B-2014-01634 (EEOC), which was filed on May 21, 2014 ("Second

Charge"); Charge No. 2014CF3057 (IDHR)/21B-2014-01685 (EEOC), which was filed on May

29, 2014 ("Third Charge"); Charge No. 2015CF0310 (IDHR)/21B-2014-02258 (EEOC), which

was filed on August 12, 2014 ("Fourth Charge"); and (5) Charge No. 2015CF0822 (IDHR)/21B-

2015-00009 (EEOC), which was filed on October 3, 2014 ("Fifth Charge"). *See Exhibits A, B,
C, D and E.*

In his First Charge, Doss alleged that his wages and working hours were reduced

because of his race (Black), his sex (male), his perceived sexual orientation (homosexual), and in

retaliation for allegedly making an internal complaint of discrimination. *See Exhibit A.* He also

claimed that he was subjected to unequal terms and conditions of employment when Kenco

allegedly prohibited him from using his benefit time due to his race, sex, perceived sexual

orientation, and in retaliation for making an internal complaint of discrimination. *Id.* Finally,

Doss alleged that he was harassed on the basis of his race, sex, perceived sexual orientation and

in retaliation for making an internal complaint of discrimination. *Id.* The EEOC issued a Notice

of Right to Sue with respect to Doss' First Charge on August 17, 2015, 112 days before he filed

the instant lawsuit. *See Exhibit F.*

In his Second Charge, Doss alleged that he was harassed on the basis of his race

and his sex, and in retaliation for filing a previous charge of discrimination, when he was

purportedly reprimanded by his supervisor Kelvin Walsh on May 8, 2014 and again on May 16,

2014. *See Exhibit B.* In his Third Charge, Doss alleged that he was retaliated against for filing a

previous charge of discrimination when Walsh and Mike Manzello allegedly made him use his

paid time off hours in order to give him a 40-hour work week. *See Exhibit C.* In his Fourth

Charge, Doss alleged that between June 3, 2014 and July 7, 2014, he was retaliated against for filing previous charges of discrimination. *See Exhibit D.* He further alleged that he was suspended on August 8, 2014 in retaliation for filing previous charges of discrimination. *Id.* Finally, in his Fifth Charge, Doss alleged that he was retaliated against by Safety Coordinator Valerie Lillie on August 19, 2014, when she allegedly took a picture of Doss to accuse him of violating Kenco's dress code policy and again on September 3, 2014, when she allegedly accused Doss of sleeping on the job. *See Exhibit E.* The EEOC issued Notices of Rights to Sue with respect to Doss's Second, Third, Fourth and Fifth Charges on September 4, 2015. *See Exhibits G, H, I and J.*

On December 7, 2015, Doss filed a Complaint against Kenco and Mars, Inc. (*See Dkt. No. 1*). Doss's Complaint contains five causes of action: (I) disparate treatment due to his race under Title VII; (II) intentional infliction of emotional distress; (III) misrepresentation; (IV) retaliation under Title VII; and (V) hostile work environment due to his race. *Id.* However, for the reasons set forth below, Counts I through IV of Doss's Complaint should be dismissed with prejudice. First, Counts I and IV should be dismissed because the claims alleged therein are either outside the scope of the charges of discrimination filed by Doss or because the claims were filed more than 90 days after Doss received the relevant Notice of Right to Sue from the EEOC. Thus, Doss has failed to exhaust his administrative remedies relative to the allegations contained in Counts I and IV. Second, Counts II and III should be dismissed because the claims asserted therein – intentional infliction of emotional distress and misrepresentation – are preempted by the Illinois Human Rights Act ("IHRA"). Third, Doss has failed to properly plead the elements of his claims for intentional infliction of emotional distress (Count II) and misrepresentation

(Count III). Thus, Counts I through IV of Doss's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), this Court may grant a motion to dismiss if the Complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), courts look to the sufficiency of the complaint itself without deciding the merits. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520-21 (7th Cir. 1990). A court should dismiss a case if the complaint fails to state a claim upon which relief can be granted when viewing the complaint in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Gutierrez v. Peters,* 111 F.3d 1364, 1368-69 (7th Cir. 1997). A claim should be dismissed where, accepting as true all well-pled factual allegations, the complaint nevertheless fails to "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). Moreover, while exhaustion of administrative remedies may be pled as an affirmative defense, dismissal is proper when "the validity of the defense [is] apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous." *Heard v. U.S. Steel,* 2006 U.S. Dist. LEXIS 92384 (S.D. Ill. Dec. 21, 2006), *quoting Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

# ARGUMENT

**A.** **Counts I (Disparate Treatment Due to Race Under Title VII) and IV (Retaliation Under Title VII) of Plaintiff's Complaint Should Be Dismissed.**

> a. Plaintiff Failed to Exhaust His Administrative Remedies With Respect to Counts I and IV of His Complaint.

It is well-established that the scope of an EEOC charge limits the scope of a subsequent federal complaint. *Teal v. Potter,* 559 F.3d 687, 691 (7th Cir. 2009) (noting that as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge); *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination"); *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 127 (7th Cir. 1989) (noting that "the reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge, and the EEOC must have the opportunity to investigate and conciliate the charge, in order to attempt to obtain voluntary compliance with Title VII"). Exhaustion is a condition precedent to bringing a claim under Title VII because the scope of the subsequent litigation is determined by the nature of the charge filed at the administrative level. *Teal,* 559 F.3d at 691. Accordingly, a plaintiff may not include in his complaint claims or theories of recover that were not included in the underlying administrative charge. *See Fairchild v. Forma Scientific, Inc.,* 147 F.3d 567, 576 (7th Cir. 1998).

Although there is a limited exception for claims which are "like or reasonably related to" the allegations of the charge and growing out of such allegations, Doss does not and cannot meet this limited exception here. *See Heard,* 2006 U.S. Dist. LEXIS 92384 (noting courts in the Seventh Circuit have not applied this exception frequently). A claim only falls

under this exception where "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *McKenzie v. Ill. Dept. of Transp.,* 92 F.3d 473, 481 (7th Cir. 1996), *quoting Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). As the Seventh Circuit explained in *Cheek*:

> The rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning about the conduct about which the employee is aggrieved. Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply. For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.

92 F.3d at 481-82.

Thus, "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* Therefore, Doss can only file suit relating to claims that were included in his charges or that, at the very least, are "like or reasonably related" to the claims in his charges. *See Harper v. Godfrey Co.,* 45 F.3d 143, 147-48 (7th Cir. 1995); *see also Vela v. Village of Sauk Village,* 218 F.3d 661, 664 (7th Cir. 1992) ("[A] claim in a civil action need not be a replica of a claim described in the charge, but there must be a reasonable relationship between the allegations in the charge and the claims in the complaint").

In Count I of the Complaint, Doss alleges that he was discriminated against on the basis of his race because he was paid less than his similarly-situated non-black, non-African American co-workers, he was denied pertinent job training and was subjected to a reasonable suspicion drug test. (*See Dkt. No. 1, ¶ 110*). However, of the five Charges of Discrimination identified by Doss as serving as the basis for his claims in this litigation, only the First Charge

contained allegations of discrimination on the basis of race.[1]  *See Exhibits A – E.*  Thus, the First Charge is the only Charge which could possibly provide the administrative prerequisites necessary to support the allegations contained in Count I of Doss's Complaint.

In the First Charge, Doss alleged that on or about December 9, 2013, his wages were reduced by General Manager Kelvin Walsh because of his race. *See Exhibit A, ¶ 1.A.*  He further alleged that his work hours were reduced by Walsh and Mike Manzello on or about April 1, 2014 because of his race. *See id., ¶ V.A.*  Finally, Doss alleged that on or about April 10, 2014, he experienced unequal terms and conditions of employment due to his race when Manzello denied him the opportunity to use his accumulated benefit time. *See id., ¶ IX.A.*  Doss's First Charge did not include any allegations relating to job training or drug testing. (*Compare Dkt. No. 1, ¶ 110 with Exhibit A*).  As such, Doss's claims that he was discriminated against on the basis of his race because he was denied job training or because he was subjected to drug testing are outside the scope of his Charges and must be dismissed, particularly where they are not related to the three specific acts of race discrimination which were identified in the First Charge. *See Harper,* 45 F.3d at 147-48.

Similarly, in Count IV of his Complaint, Doss alleges that Kenco "wrongfully subjected [him] to a drug and alcohol test, eliminated [his] shift and reduced his hours, and denied him training after [he] complained about unlawful discrimination in the terms and conditions of his employment, as well as opposing the perceived sexual orientation (homosexual)." (*Dkt. No. 1, ¶ 139*).  However, although all five Charges of Discrimination attached by Doss to his Complaint contain claims related to alleged retaliation, none of the

---

[1] The Second Charge included claims of retaliation, harassment on the basis of race, and harassment on the basis of sex. *See Exhibit B.*  The Third, Fourth and Fifth Charges were all limited to claims of retaliation. *See Exhibits C - E.*  Claims for harassment and discrimination are typically "not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *See Heard,* 2006 U.S. Dist. LEXIS 92384, *10.

Charges allege that Doss was retaliated against when he was denied job training or because he was subjected to drug testing. *See Exhibits A - E.* As such, Doss's claims for retaliation contained in Count IV which are related to the drug testing and alleged denial of job training are outside the scope of his Charges and must be dismissed. *See id.*

> b. The Allegations Contained in Counts I and IV of Plaintiff's Complaint Are Untimely.

The only allegations contained in Counts I and IV which are within the scope of the Charges of Discrimination filed by Doss are the allegations that he was discriminated against on the basis of his race and retaliated against by Kenco when his hours or pay were reduced, which were included in Doss's First Charge. (*Compare Dkt. No. 1, Counts I and IV with Exhibit A*). However, Doss did not timely file suit within 90 days of his receipt of the Notice of Right to Sue from the EEOC with respect to the allegations contained in his First Charge. *Id.* As a result, those allegations must be dismissed.

An action alleging a violation of Title VII must be filed within ninety days after a plaintiff receives his or her notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) ("If the charge filed with the Commission . . . is dismissed . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . ."); *see also Odeen v. Centro, Inc.,* 2014 U.S. Dist. LEXIS 40306 (C.D. Ill. Mar. 26, 2014). A plaintiff is presumed to have received notice five days after it is mailed from an administrative agency such as the EEOC. *See Odeen,* 2014 U.S. Dist. LEXIS 40306, at *10-11, *citing Loyd v. Sullivan,* 882 F.2d 218, 218 (7th Cir. 1989) ("unless proven otherwise, the receipt date is presumed to be five days from the mailing date"). "Courts adhere strictly to the ninety-day period and will find even a one-day delay to be grounds for dismissal." *See Bant v. Bd. of Trustees of the Univ. of Ill.,* Case. No. 05-cv-2132

(C.D. Ill. Nov. 21, 2006) (internal quotations omitted). Courts in the Central District have held that "[t]he time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Id.*

Here, the EEOC mailed the Notice of Right to Sue with respect to Doss's First Charge on August 17, 2015. (*See Exhibit F*). However, Doss did not file this lawsuit until December 7, 2015, <u>112 days</u> later. (*Compare Exhibit F with Dkt. No. 1*). As such, any claims related to Doss's First Charge - *i.e.,* the claims set forth in Counts I and IV of the Complaint - are untimely because they were not filed within 90 days of Doss's receipt of the Notice of Right to Sue from the EEOC and should therefore be dismissed.

For all of these reasons, Counts I and IV of Doss's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

**B.    Counts II and III of Doss' Complaint are Preempted by the Illinois Human Rights Act.**

Doss's common law claims of intentional infliction of emotional distress and misrepresentation are preempted by the IHRA and should be dismissed. The IHRA, 775 ILCS 5/1-101, *et seq.,* preempts <u>all</u> state law claims seeking redress of a civil rights violation. *Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507 (1994); *see also* 775 ILCS 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of any alleged civil rights violation other than as set forth in [the IHRA]"). If a common law claim "is construed as seeking redress for a 'civil rights violation' within the meaning of the [IHRA]," the court lacks jurisdiction and the claim should be dismissed with prejudice. *See Geise,* 159 Ill.2d at 515-16; *see also Korcka v. Reigler,* 958 F. Supp. 1333, 1346 (N.D. Ill. 1997), *aff'd* 203 F.3d 507, 517-18 (7th Cir. 2000) ("when the allegations on which a state law tort is based constitute a civil rights violation under the [IHRA], the tort is preempted"). In order to determine whether a tort claim is preempted by the IHRA, courts look to "whether the tort claim is inextricably linked

-9-

to a civil rights violation such that there is no independent basis for the action apart from the Illinois Human Rights Act itself." *Naylor v. Streamwood Behavioral Health Sys.,* 2012 U.S. Dist. LEXIS 162084, *9 (N.D. Ill. Nov. 13, 2012) (dismissing claims for negligence and intentional infliction of emotional distress as preempted by the IHRA).

Here, Doss's claims of intentional infliction of emotional distress and misrepresentation are plainly intended to seek redress for alleged civil rights violations and, therefore, are preempted. The IHRA specifically provides that it is a "civil rights violation" "[f]or any employer to….act with respect to…tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination" or for "any person" to "retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination." 775 ILCS 5/2-102(A); 775 ILCS 5/6-101(A).    Doss seeks to take advantage of the IHRA's protections in Counts II and III of the Complaint when he alleges that: (1) "in continually harassing, discriminating, and retaliating" against Doss, Kenco caused him "to suffer extreme emotional distress," and (2) Kenco "made a number of fraudulent misrepresentations" to him, including informing him that "and unbiased and accurate investigation will take place" relative to his complaints. (*See Dkt. No. 1, ¶¶ 119, 129*).    However, Doss is expressly limited to vindicating his civil rights in accordance with the IHRA.

Doss cannot seek to further redress his civil rights through common law claims which, based upon his own allegations, are founded on his allegations of discrimination, harassment and retaliation.  Indeed, Doss's claim for intentional infliction of emotional distress is expressly premised upon Kenco allegedly "subject[ing] [him] to a pattern of discrimination and misconduct in the workplace based, in whole or in part on his race." (*Dkt. No. 1, ¶ 118*). Similarly, Doss' misrepresentation claim is based upon statements purportedly made by Kenco

during the course of the investigation relative to his civil rights complaints. (*See generally Dkt.
No. 1, ¶¶ 128-137*). Under well-established law, these claims seek redress for what would
constitute civil rights violations under the IHRA – *i.e.,* discrimination, harassment and retaliation
– and, therefore, are preempted and subject to dismissal. *See, e.g., Geise,* 159 Ill.2d at 515-16
(affirming dismissal of common law claims of negligent hiring and negligent retention of alleged
sexual harasser as preempted by the IHRA); *Korcka,* 958 F. Supp. At 1346 (granting motion to
dismiss and holding common law claim for intentional infliction of emotional distress was
preempted by the IHRA). Accordingly, Counts II and III of Doss's Complaint should be
dismissed with prejudice.

    **C.**    **Doss Has Failed to State a Claim for Misrepresentation.**

        In order to properly plead and prove a cause of action for fraudulent
misrepresentation, a plaintiff must show: (a) a false statement of material fact; (2) known or
believed to be false by the party making it; (3) intent to induce the other party to act; (4) action
by the other party in reliance on the truth of the statement; and (5) damage to the other party
resulting from that reliance. *Wigod v. Wells Fargo Bank, NA,* 673 F.3d 547, 569 (7th Cir. 2012).
Because Doss's misrepresentation claim sounds in fraud ("Defendant Kenco and its agents made
a number of *fraudulent* misrepresentations to Plaintiff…"), he must set forth the allegations of
his claim with particularity as required by Federal Rule of Civil Procedure 9(b). *See Dkt. No. 1,
¶ 129; Fed. R. Civ. P. 9(b).* Under the heightened federal pleading standard of Rule 9(b), "a
plaintiff alleging fraud…must state with particularity the circumstances constituting fraud." *See
Wigod,* 673 F.3d at 569; *see also Windy City Metal Fabricators & Supply, Inc. v. CIT
Technology Financing Svcs., Inc.,* 536 F.3d 663, 669 (7th Cir. 2008) (affirming dismissal of
fraud claims where "the complaint failed to plead with particularity the who, when and how of

the alleged frauds" as required by Rule 9(b)). Furthermore, claims of "promissory fraud" – *i.e.,* a "false statement of intent regarding future conduct" is "generally not actionable" under Illinois law "unless the plaintiff also proves that the act was part of a scheme to defraud." *See Wigod,* 673 F.3d at 570.

        In Count IV of his Complaint, Doss claims that Kenco "willfully, falsely, and fraudulently led [him] to believe that: (1) Defendant was unbiased; (2) Defendant would fairly investigate the matter; (3) Defendant would investigate all evidence." (*Dkt. No. 1, ¶ 129*). Doss further recites the bare allegations of a claim for fraudulent misrepresentation without providing any factual detail regarding *how* Kenco knew such statements were false, *how* Kenco intended to induce Doss to act, or *what* action was taken by Doss in reliance on the truth of the statements made. Such pleading does not meet the requirements of Rule 9(b). *See Wigod,* 673 F.3d at 569 ("We have summarized the particularity requirement as calling for the first paragraph of any newspaper story: 'the who, what, when, where, and how.'") Furthermore, because Doss purports to set forth a claim for *promissory* fraud, *i.e.,* that Kenco purportedly made statements to Doss promising that "an unbiased and accurate investigation will take place," Doss must plead that the act was part of a scheme to defraud. *See id.* He has not done so. Accordingly, Count IV of Doss's Complaint should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

        WHEREFORE, for all the reasons stated above, Defendant Kenco Logistic Services, LLC respectfully requests that this Court enter an order dismissing Counts I through IV of Plaintiff's Complaint, with prejudice, and for any additional relief deemed just and appropriate.

Dated:    April 1, 2016                          Respectfully submitted,

                                                 **KENCO LOGISTIC SERVICES, LLC**


                                                 By: /s/ Jody Wilner Moran_____
                                                        One of its Attorneys


Jody Wilner Moran (ARDC No. 6186236)
MoranJ@jacksonlewis.com
Jody Kahn Mason (ARDC No. 6289872)
Jody.Mason@jacksonlewis.com
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, hereby certify that on April 1, 2016, I electronically filed a copy of the foregoing **Defendant Kenco Logistic Services' Partial Motion to Dismiss Counts I through IV of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail, to the following non-ECF participant:

> Nathan E. Doss (*pro se*)
> 1124 Abbot Lane
> University Park, IL 60484

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

> Thomas R. Davies
> Harry Harmon
> Kimberly J. Overbaugh
> Harmon & Davies, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> koverbaugh@h-dlaw.com

> By: /s/ Jody W. Moran
> One of the Attorneys for the Defendant
> Kenco Logistic Services, LLC

4812-3539-1791, v. 2