# EXHIBIT A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#14W0507-07 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2014CF2858 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (Indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) | |
|---|---|---|
| Mr. Nathan Doss | (708) 534-0536 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH<br>/  /<br>M  D  YEAR |
| 1124 Abbot Lane | University Park, Illinois 60484 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Kenco Logistic Services | 15+ | (815) 468-9999 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1125 West Sycamore Street | Manteno, Illinois 60950 | Kankakee (091) |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL) |
|---|---|
| Race  Sex  Perceived Sexual Orientation  Retaliation | 12/09/13      05/05/14<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS

REDUCTION IN WAGES, ON OR ABOUT DECEMBER 9, 2013, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

Page 1 of 10

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS _7_ DAY OF _May_, 2014.

NOTARY SIGNATURE

OFFICIAL SEAL
JACQUELYN TURNER HAMB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/12/17

NOTARY STAMP

X _[signature]_    5.7.14
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 7/12-INT)

 

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 2 of 10

    3. On or about December 9, 2013, after receiving a recent promotion to the Lead Associate's position, I discovered that I was receiving a reduction in wages from Kelvin Walsh (non-black), Respondent's General Manager. Walsh stated that I would be receiving less in wages than the other lead associates because of budgetary considerations. No documentation was received from Walsh indicating Respondent's rationale for the reduction in wages.

    4. Similarly situated lead associate employees, such as Stephanie DuMont and others, whose races are not black, have not experienced any reductions in their wages due to budgetary considerations.

II.  A.  ISSUE/BASIS

REDUCTION IN WAGES, ON OR ABOUT DECEMBER 9, 2013, BECAUSE OF MY SEX, MALE.

  B.  PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

    3. On or about December 9, 2013, after receiving a recent promotion to the Lead Associate's position, I discovered that I was receiving a reduction in wages from Kelvin Walsh (male), Respondent's General Manager. Walsh stated that I would be receiving less in wages than the other lead associates because of budgetary considerations. No documentation was received from Walsh indicating Respondent's rationale for the reduction in wages.

    4. Similarly situated female lead associate employees, such as Stephanie DuMont and others, have not experienced any reductions in their wages due to budgetary considerations.

III.  A.  ISSUE/BASIS

REDUCTION IN WAGES, ON OR ABOUT DECEMBER 9, 2013, BECAUSE OF RESPONDENT'S PERCEPTION OF MY SEXUAL ORIENTATION.

  B.  PRIMA FACIE ALLEGATIONS

    1. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

 

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 3 of 10

    2. I have an objective reason to believe that the Respondent erroneously perceives me to be a homosexual, in that, Valerie Lillie, Respondent's Quality Coordinator, has verbally claimed that she perceives me to be a homosexual.

    3. Based on Respondent's perception, on or about December 9, 2013, after receiving a recent promotion to the Lead Associate's position, I discovered that I was receiving a reduction in wages from Kelvin Walsh, Respondent's General Manager. Walsh stated that I would be receiving less in wages than the other lead associates because of budgetary considerations. No documentation was received from Walsh indicating Respondent's rationale for the reduction in wages.

IV.    A.    ISSUE/BASIS

REDUCTION IN WAGES, ON OR ABOUT DECEMBER 9, 2013, IN RETALIATION FOR OPPOSING SEXUAL ORIENTATION ALLEGATIONS IN THE WORKPLACE.

     B.    ISSUE/BASIS

    1. On or about December 1, 2013, I engaged in a protected activity when I complained to Respondent's management that Valerie Lillie, Respondent's Quality Coordinator, and Mike Manzello, Respondent's Warehouse Supervisor, were transmitting erroneous, discriminatory statements in the workplace about my allegedly being a homosexual.

    2. On or about December 9, 2013, after receiving a recent promotion to the Lead Associate's position, I discovered that I was receiving a reduction in wages from Kelvin Walsh, Respondent's General Manager. Walsh stated that I would be receiving less in wages than the other lead associates because of budgetary considerations. No documentation was received from Walsh indicating Respondent's rationale for the reduction in wages.

    3. Respondent's adverse actions followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

V.    A.    ISSUE/BASIS

REDUCTION IN WORK HOURS, ON OR ABOUT APRIL 1, 2014, BECAUSE OF MY RACE, BLACK.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 4 of 10

### B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

3. On or about April 1, 2014, I experienced a reduction in work hours from Kelvin Walsh (white), Respondent's General Manager, and from Mike Manzello (white), Respondent's Warehouse Supervisor. Walsh and Manzello stated that I would be receiving less work hours because one of Respondent's shifts was being eliminated. No documentation was received from either Walsh or Manzello indicating Respondent's rationale for the reduction in work hours.

4. Similarly situated, non-black, lead associate employees, such as Stephanie DuMont and others, have not experienced any reductions in their work hours, irrespective of any elimination of Respondent's work shifts.

### VI. A. ISSUE/BASIS

REDUCTION IN WORK HOURS, ON OR ABOUT APRIL 1, 2014, BECAUSE OF MY SEX, MALE.

### B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

3. On or about April 1, 2014, I experienced a reduction in work hours from Kelvin Walsh (male), Respondent's General Manager, and from Mike Manzello (male), Respondent's Warehouse Supervisor. Walsh and Manzello stated that I would be receiving less work hours because one of Respondent's shifts was being eliminated. No documentation was received from either Walsh or Manzello indicating Respondent's rationale for the reduction in work hours.

4. Similarly situated, female lead associate employees, such as Stephanie DuMont and others, have not experienced any reductions in their work hours, irrespective of any elimination of Respondent's work shifts.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 5 of 10

VII. A. ISSUE/BASIS

REDUCTION IN WORK HOURS, ON OR ABOUT APRIL 1, 2014, BECAUSE OF RESPONDENT'S PERCEPTION OF MY SEXUAL ORIENTATION.

B. PRIMA FACIE ALLEGATIONS

1. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

2. I have an objective reason to believe that Respondent erroneously perceives me to be a homosexual, in that, Valerie Lillie, Respondent's Quality Coordinator, has verbally claimed that she perceives me to be a homosexual.

3. On or about April 1, 2014, I experienced a reduction in work hours from Kelvin Walsh, Respondent's General Manager, and from Mike Manzello, Respondent's Warehouse Supervisor. Walsh and Manzello stated that I would be receiving less work hours because one of Respondent's shifts was being eliminated. No documentation was received from either Walsh or Manzello indicating Respondent's rationale for the reduction in work hours.

4. Similarly situated lead associate employees, such as Stephanie DuMont and others, who are not perceived as being a homosexual, have not experienced any reductions in their work hours, irrespective of any elimination of Respondent's work shifts.

VIII. A. ISSUE/BASIS

REDUCTION IN WORK HOURS, ON OR ABOUT APRIL 1, 2014, IN RETALIATION FOR OPPOSING SEXUAL ORIENTATION ALLEGATIONS IN THE WORKPLACE.

B. ISSUE/BASIS

1. On or about December 1, 2013, I engaged in a protected activity when I complained to Respondent's management that Valerie Lillie, Respondent's Quality Coordinator, and Mike Manzello, Respondent's Warehouse Supervisor, were transmitting erroneous, discriminatory statements in the workplace about my allegedly being a homosexual.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 6 of 10

2. On or about April 1, 2014, I experienced a reduction in work hours from Kelvin Walsh, Respondent's General Manager, and from Mike Manzello, Respondent's Warehouse Supervisor. Walsh and Manzello stated that I would be receiving less work hours because one of Respondent's shifts was being eliminated. No documentation was received from either Walsh or Manzello indicating Respondent's rationale for the reduction in work hours.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

IX. A. ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT, ON OR ABOUT APRIL 10, 2014, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

3. On or about April 10, 2014, I experienced unequal terms and conditions of employment when Mike Manzello (white), Respondent's Warehouse Supervisor, denied me the opportunity to use some of my accumulated benefit time. Manzello stated that I would not be allowed to use some of my accumulated personal time, because I allegedly failed to request to use the time in advance of twenty-four hours. No documentation was received from Manzello indicating Respondent's rationale for denying me the use of my accumulated benefit time.

4. Similarly situated, non-black, lead associate employees, such as Stephanie DuMont and others, have been treated differently under similar circumstances.

X. A. ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT, ON OR ABOUT APRIL 10, 2014, BECAUSE OF MY SEX, MALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 7 of 10

   2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

   3. On or about April 10, 2014, I experienced unequal terms and conditions of employment when Mike Manzello (male), Respondent's Warehouse Supervisor, denied me the opportunity to use some of my accumulated benefit time. Manzello stated that I would not be allowed to use some of my accumulated benefit time (personal time), because I allegedly failed to request to use the time in advance of twenty-four hours. No documentation was received from Manzello indicating Respondent's rationale for denying me the use of my accumulated benefit time.

   4. Similarly situated, female, lead associate employees, such as Stephanie DuMont and others, have been treated differently under similar circumstances.

XI. A. ISSUE/BASIS

   UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT, ON OR ABOUT APRIL 10, 2014, BECAUSE OF RESPONDENT'S PERCEPTION OF MY SEXUAL ORIENTATION.

   B. PRIMA FACIE ALLEGATIONS

   1. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

   2. I have an objective reason to believe that Respondent erroneously perceives me to be a homosexual, in that, Valerie Lillie, Respondent's Quality Coordinator, has verbally claimed that she perceives me to be a homosexual.

   3. On or about April 10, 2014, I experienced unequal terms and conditions of employment when Mike Manzello, Respondent's Warehouse Supervisor, denied me the opportunity to use some of my accumulated benefit time. Manzello stated that I would not be allowed to use some of my accumulated benefit time (personal time), because I allegedly failed to request to use the time in advance of twenty-four hours. No documentation was received from Manzello indicating Respondent's rationale for denying me the use of my accumulated benefit time.

   4. Similarly situated lead associate employees, such as Stephanie DuMont and others, who are not perceived as being a homosexual, have been treated differently under similar circumstances.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 8 of 10

XII.  A.  ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT, ON OR ABOUT APRIL 10, 2014, IN RETALIATION FOR OPPOSING SEXUAL ORIENTATION ALLEGATIONS IN THE WORKPLACE.

B.  PRIMA FACIE ALLEGATIONS

1. On or about December 1, 2013, I engaged in a protected activity when I complained to Respondent's management that Valerie Lillie, Respondent's Quality Coordinator, and Mike Manzello, Respondent's Warehouse Supervisor, were transmitting erroneous, discriminatory statements in the workplace about my allegedly being a homosexual.

2. On or about April 10, 2014, I experienced unequal terms and conditions of employment when Mike Manzello, Respondent's Warehouse Supervisor, denied me the opportunity to use some of my accumulated benefit time. Manzello stated that I would not be allowed to use some of my accumulated benefit time (personal time), because I allegedly failed to request to use the time in advance of twenty-four hours. No documentation was received from Manzello indicating Respondent's rationale for denying me the use of my accumulated benefit time.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

XIII.  A.  ISSUE/BASIS

HARASSMENT, ON OR ABOUT MAY 5, 2014, BECAUSE OF MY RACE, BLACK.

B.  PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

3. On or about May 5, 2014, I was harassed in Respondent's workplace by Mike Manzello (white), Respondent's Warehouse Supervisor, and Valerie Lillie (white), Respondent's Quality Coordinator. Manzello and Lillie claimed that I smelled of marijuana and ordered me to submit to a drug screen; a screen to which I passed. No documentation was received from Manzello or Lillie indicating why I was being harassed.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 9 of 10

    4. Similarly situated, non-black, lead associate employees, such as Stephanie DuMont and others, who have been accused of appearing intoxicated, or were smelling of any drug or alcohol use, have been treated differently under similar circumstances.

XIV. A. ISSUE/BASIS

HARASSMENT, ON OR ABOUT MAY 5, 2014, BECAUSE OF MY SEX, MALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

3. On or about May 5, 2014, I was harassed in Respondent's workplace by Mike Manzello (male), Respondent's Warehouse Supervisor, and Valerie Lillie (male), Respondent's Quality Coordinator. Manzello and Lillie claimed that I smelled of marijuana and ordered me to submit to a drug screen; a screen to which I passed. No documentation was received from Manzello or Lillie indicating why I was being harassed.

4. Similarly situated, female, lead associate employees, such as Stephanie DuMont and others, who have been accused of appearing intoxicated, or were smelling of any drug or alcohol use, have been treated differently under similar circumstances.

XV. A. ISSUE/BASIS

HARASSMENT, ON OR ABOUT MAY 5, 2014, BECAUSE OF RESPONDENT'S PERCEPTION OF MY SEXUAL ORIENTATION.

B. PRIMA FACIE ALLEGATIONS

1. I have satisfactorily performed my duties as a Lead Associate, and have been employed by the Respondent since August 14, 2012.

2. I have an objective reason to believe that the Respondent erroneously perceives me to be a homosexual, in that, Valerie Lillie, Respondent's Quality Coordinator, has verbally claimed that she perceives me to be a homosexual.

Charge Number: 2014CF2858
Complainant: Nathan Doss
Page 10 of 10

    3. On or about May 5, 2014, I was harassed in Respondent's workplace by Mike Manzello, Respondent's Warehouse Supervisor, and Valerie Lillie, Respondent's Quality Coordinator. Manzello and Lillie claimed that I smelled of marijuana and ordered me to submit to a drug screen; a screen to which I passed. No documentation was received from Manzello or Lillie indicating why I was being harassed.

    4. Similarly situated lead associate employees, such as Stephanie DuMont and others, who are not perceived as being a homosexual, who have been accused of appearing intoxicated, or were smelling of any drug or alcohol use, have been treated differently under similar circumstances.

XVI.  A.  ISSUE/BASIS

HARASSMENT, ON OR ABOUT MAY 5, 2014, IN RETALIATION FOR OPPOSING SEXUAL ORIENTATION ALLEGATIONS IN THE WORKPLACE.

  B.  PRIMA FACIE ALLEGATIONS

    1. On or about December 1, 2013, I engaged in a protected activity when I complained to Respondent's management that Valerie Lillie, Respondent's Quality Coordinator, and Mike Manzello, Respondent's Warehouse Supervisor, were transmitting erroneous, discriminatory statements in the workplace about my allegedly being a homosexual.

    2. On or about May 5, 2014, I was harassed in Respondent's workplace by Mike Manzello, Respondent's Warehouse Supervisor, and Valerie Lillie, Respondent's Quality Coordinator. Manzello and Lillie claimed that I smelled of marijuana and ordered me to submit to a drug screen; a screen to which I passed. No documentation was received from Manzello or Lillie indicating why I was being harassed.

    3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT