IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN E. DOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2287 |
| v. | ) Judge Colin Stirling Bruce |
| | ) Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS VALERIE LILLEY, KELVIN WALSH, TAMMI FOWLER, MARIO LOPEZ AND DAVID JABALEY'S PARTIAL MOTION TO DISMISS COUNTS I THROUGH IV AND VI OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND KENCO LOGISTIC SERVICES, LLC'S PARTIAL MOTION TO DISMISS COUNT VI OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendants Valerie Lilley ("Lilley"), Kelvin Walsh ("Walsh"), Tammi Fowler ("Fowler"), Mario Lopez ("Lopez") and David Jabaley ("Jabaley") (collectively the "Individual Defendants"), by and through their attorneys, Jody Wilner Moran and Jody Kahn Mason of Jackson Lewis, P.C., hereby move to dismiss Counts I through IV and VI of the Second Amended Complaint filed by Plaintiff Nathan Doss ("Doss" or "Plaintiff"), with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Further, Defendant Kenco Logistic Services, LLC ("Kenco") moves to dismiss Count VI of Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). In support thereof, Defendants state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Doss is a former employee of Defendant Kenco Logistic Services, LLC. Defendants Lilley, Walsh, Fowler, Lopez and Jabaley are all current or former Kenco employees

who have been named individually as defendants in Doss' Second Amended Complaint.[1] During and after his employment with Kenco, Doss filed multiple charges of discrimination with the Illinois Department of Human Rights ("IDHR"), which were cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"). Two of those charges are attached to Doss' Second Amended Complaint and purportedly form the basis of Doss' current claims: (1) Charge No. 2015CF1145 (IDHR), which was filed on November 5, 2014, and (2) Charge No. 2015CF1660 (IDHR), which was filed on December 22, 2014. *See* Dkt. No. 45, pp. 80-91.[2] Kenco Logistic Services was the only Respondent identified in each of Doss's charges.

Doss first filed his Complaint against Kenco and Mars, Inc. on December 7, 2015. *(See Dkt. No. 1)*. Doss's Complaint contained five causes of action: (I) disparate treatment due to his race under Title VII; (II) intentional infliction of emotional distress; (III) misrepresentation; (IV) retaliation under Title VII; and (V) hostile work environment due to his race. *Id.* Fowler, Walsh, Lopez, Lilley and Jabaley were not named as defendants in Doss's original Complaint. On April 22, 2016, Defendant Kenco filed a partial motion to dismiss Doss's original Complaint. *(See Dkt. No. 31)*. In the motion, Kenco argued, in part, that Doss's claims were outside the scope of his administrative charges, that his Title VII claims were not timely filed within 90 days of his receipt of the Notice of Right to Sue from the EEOC, and that his intentional infliction of emotional distress and fraudulent misrepresentation claims were preempted by the Illinois Human Rights Act ("IHRA").

---

[1]   Defendants note that Mike Manzello ("Manzello") was also named as an individual defendant by Doss in his Second Amended Complaint. However, at the time of filing this motion, Manzello has not yet been served by Doss. *(See Dkt. No.*

[2]   Defendants note that the two charges attached to Plaintiff's Second Amended Complaint are different than the five charges that were attached to and formed the basis of Doss' original Complaint. *See* Dkt. No. 1, Exhibits A – E. However, in each of the charges attached to Plaintiff's original Complaint, which was filed on December 5, 2016, Kenco Logistic Services was the only named Respondent. *See* exhibits to Dkt. No. 1.

On April 4, 2016, before this Court ruled on Kenco's motion to dismiss, Doss filed a Motion for Leave to File an Amended Complaint to add six (6) new individual defendants to this action, including Lilley, Fowler, Walsh, Lopez, Jabaley and Manzello. *(See Dkt. No. 24).* In his motion, Doss noted that "[t]he new complaint maintains the counts and allegations against the same defendants from the original complaint, but accounts for additional named defendants." *Id.* Doss's motion was granted on April 5, 2016, and his Amended Complaint was filed *instanter. (See April 5, 2016 Order; Dkt. No. 26).* Defendant Kenco again moved to dismiss Doss' First Amended Complaint. *(See Dkt. No.29).* On June 20, 2016, this Court entered an order granting in part and denying in part Kenco's motion to dismiss. *(See Dkt. No. 44).* Specifically, the Court denied Kenco's motion to dismiss Doss's Title VII claims, finding that "at this stage of the litigation," the allegations contained in Doss's Amended Complaint were "like the allegations in the EEOC charge and grows out of such allegations." *See id.,* at p. 6. With respect to Kenco's timeliness arguments, the Court found that it "liberally construes *pro se* Plaintiff's assertions about the date of receipt in favor of preserving Plaintiff's right to sue." *See id.* at p. 7. However, the Court specifically noted that "Defendant may raise the argument again in a later motion following discovery when the record is more fully developed." *Id.*

On June 30, 2016, Doss filed a motion for leave to file a Second Amended Complaint. *(See Dkt. No. 45).* Doss's Second Amended Complaint contains six causes of action: (I) disparate treatment based on race under Title VII; (II) intentional infliction of emotional distress; (III) misrepresentation; (IV) retaliation; (V) hostile work environment based on bace; and (VI) obstruction of justice. *(See* Dkt. No. 45*).* However, on July 25, 2016, this Court entered an order indicating that it had previously dismissed Count II (intentional infliction of emotional distress) and Count III (misrepresentation) against all Defendants. *(See Dkt. No.*

*48)*. Thus, this Court struck Counts II and III of Plaintiff's Second Amended Complaint.[3] *See id.* As a result, the only remaining counts against the Individual Defendants are Counts I (disparate treatment due to his race under Title VII), IV (retaliation under Title VII), V (hostile work environment due to race) and VI (obstruction of justice).

For the reasons that follow, Doss's Title VII claims (Counts I and IV) should be dismissed as to the Individual Defendants because: (1) Title VII does not impose liability on individual defendants, and (2) neither Lilley, Walsh, Fowler, Lopez nor Jabaley were named as respondents in Doss's underlying charges of discrimination. Additionally, Count VI of Doss's Complaint should be dismissed as to all Defendants, including Kenco, because there is no civil cause of action for obstruction of justice and Doss does not have standing to bring such a claim against Defendants. Thus, this Court should dismiss Counts I and IV as to the Individual Defendants and Count VI as to all Defendants, in addition to Counts II and III, which were previously stricken by the Court.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows this Court to grant a motion to dismiss if a complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007). In ruling on motion to dismiss under Rule 12(b)(6), the Court may consider the allegations in the complaint, as well as documents attached to the motion that are

---

[3] To the extent that Counts II and III were not previously dismissed as to the Individual Defendants, the Individual Defendants adopt and incorporate the arguments made by Defendants in their Partial Motion to Dismiss Doss's Complaint as though set forth fully herein. *(See Dkt. No. 29).*

referenced in the complaint. *See Titus v. Ill. Dept. of Transp.,* 828 F.Supp.2d 957 (N.D. Ill. 2011).

## ARGUMENT

### A. Doss's Title VII Claims Against Lilley, Fowler, Walsh, Lopez and Jabaley Must Be Dismissed Because There is No Individual Liability Under Title VII.

In his Second Amended Complaint, Doss has named not only Kenco, his former employer, but also several current or former Kenco employees, including Lilley, Fowler, Walsh, Lopez and Jabaley. However, Doss's Title VII claims should be dismissed as to the individually named defendants because the case law in the Seventh Circuit is clear that a manager or other agent of an employer is not considered an "employer" under Title VII. *See Geier v. Medtronic, Inc.,* 99 F.3d 238, 244 (7th Cir. 1996) (holding that defendant, "sued in his individual capacity, is merely a supervisor and therefore operates without risk of Title VII personal liability"); *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995) ("a supervisor does not, in his individual capacity, fall within Title VII's definition of employer"); *Glemser v. Sugar Creek Realty, LLC,* 2010 U.S. Dist. LEXIS 6144, at *10 ("under Seventh Circuit precedent, there is no individual liability" under Title VII). Rather, Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such person. . ." 42 U.S.C. § 2000e-2(a).

The statutory language of Title VII makes clear that an employer is liable for the discriminatory acts of its agents. Thus, individual liability does not exist under Title VII because an individual does not meet the definition of an "employer." Therefore, Doss cannot maintain his Title VII claims against the Individual Defendants and Counts I and IV should be dismissed with prejudice as to Lilley, Fowler, Walsh, Lopez and Jabaley.

B.  **Alternatively, Doss's Title VII Claims Against Lilley, Fowler, Walsh, Lopez and Jabaley Must Be Dismissed Because They Were Not Named as Respondents in Doss's Charges of Discrimination.**

"Title VII employment discrimination suits are permitted only 'against the respondent named in the charge' before the EEOC." *See Glemser,* 2010 U.S. Dist. LEXIS 6144, at *9-10, *quoting Le Beau v. Libby-Owens-Ford,* 484 F.2d 798, 799 (7th Cir. 1973); *see also Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir. 1991); *Schnelbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir. 1989) (finding that "[o]rdinarily, a party not named in an EEOC charge may not be sued under Title VII" because they were not put on notice of the allegations and given an opportunity to resolve the matter at the administrative level); *Egglston v. Chicago Journeymen Plumbers' Local No. 130,* 657 F.2d 890, 905 (7th Cir. 1981) ("[I]t is well settled that ordinarily a party not named in an EEOC charge may not be sued under Title VII.").

Doss did not name Lilley, Fowler, Walsh, Lopez or Jabaley in any of his administrative charges. *See generally* exhibits to Dkt. No. 1 and Dkt. No. 45. Rather, Doss named only Kenco Logistic Services as the Respondent in each of his charges. *See id.* Thus, none of the Individual Defendants had notice of any potential claims against them by Doss until they were named as defendants in Doss's First Amended Complaint. As a result, they did not have a fair opportunity to be put on timely notice and potentially resolve Doss's claims pre-suit. Therefore, Doss's Title VII claims against the Individual Defendants in Counts I and IV must be dismissed with prejudice.

C.  **Count VI of Doss's Second Amended Complaint Must Be Dismissed as to All Defendants Because There is No Private Right of Action for Obstruction of Justice.**

In Count VI of his Second Amended Complaint, Doss purports to bring a claim against Defendants for obstruction of justice. However, there is no private right of action for obstruction of justice under either Illinois or federal law. *See Panko v. United States,* 1987 U.S.

Dist. LEXIS 4201, at *6 (N.D. Ill. May 21, 1987). Thus, Doss does not have standing to bring such claims and there is no legal basis for Doss to maintain an obstruction of justice claim against the Defendants. Accordingly, Count VI of Doss's Second Amended Complaint must be dismissed with prejudice as to all Defendants.

## CONCLUSION

WHEREFORE, for all the reasons stated above, Defendants Valerie Lilley, Tammi Fowler, Kelvin Walsh, Mario Lopez and David Jabaley respectfully request that this Court enter an order dismissing Counts I, II, III, IV and VI of Plaintiff's Second Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Kenco Logistic Services, LLC further requests that this Court dismiss Count VI of Plaintiff's Second Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and for any additional relief deemed just and appropriate.

Dated:   September 15, 2016

Respectfully submitted,

**VALERIE LILLEY, TAMMI FOWLER, KELVIN WALSH, MARIO LOPEZ DAVID JABALEY AND KENCO LOGISTIC SERVICES, LLC,**

By: /s/ Jody Kahn Mason
       One of Their Attorneys

Jody Wilner Moran (ARDC No. 6186236)
MoranJ@jacksonlewis.com
Jody Kahn Mason (ARDC No. 6289872)
Jody.Mason@jacksonlewis.com
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949

## CERTIFICATE OF SERVICE

I, Jody Kahn Mason, an attorney, hereby certify that on September 15, 2016, I electronically filed a copy of the foregoing **Defendants Valerie Lilley, Kelvin Walsh, Tammi Fowler, Mario Lopez and David Jabaley's Partial Motion to Dismiss Counts I Through IV and VI of Plaintiff's Second Amended Complaint and Kenco Logistic Services, LLC's Partial Motion to Dismiss Count VI of Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail, to the following non-ECF participant:

> Nathan E. Doss (*pro se*)
> 1124 Abbot Lane
> University Park, IL 60484

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

> Thomas R. Davies
> Harry Harmon
> Kimberly J. Overbaugh
> Harmon & Davies, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> koverbaugh@h-dlaw.com

> By: /s/ Jody Kahn Mason
> One of the Attorneys for the Defendant
> Kenco Logistic Services, LLC

4816-0868-9718, v. 1