IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED

SEP 21 2016

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

NATHAN E. DOSS           )
                         )
                         )
                         )
           PLAINTIFF,    )
                         )
VS.                      )     CASE No. 15-cv-02287-CSB-EIL
                         )
KENCO LOGISTIC SERVICES, LLC, et al. )
                         )
           DEFENDANTS.   )

## MOTION TO STRIKE DEFENDANT MARS' ANSWER

**NOW COMES** Plaintiff, ("Plaintiff'), Nathan E. Doss, pro se, who moves this Court pursuant to Fed. R. Civ. P. 6 and 12 to strike the Answer filed on behalf of defendants MARS, Inc. filed on September 15, 2016 as untimely and for her good cause shown in support of her motion Plaintiff states the following; THAT:

1. Plaintiff filed this matter to preserve his rights following the issuance of Right to Sue letter from the Equal Employment Opportunity Commission on December 7, 2015.

2. Plaintiff believes DEFENDANT MARS INCORPORATED is liable just as DEFENDANTS KENCO LOGISTIC SERVICES, LLC and Others are.

3. This forum and matter is governed by the Federal Civil Rules of Procedure

4. The summons and complaint were issued on January 4, 2016

5. Defendant MARS was served on March 1, 2016.

6. Once a plaintiff asserts a claim for relief, the defendant must timely file an answer or otherwise plead in response.

7. The defendant must timely file an answer or otherwise plead in response even after the defendant has answered, but the plaintiff later files an amended complaint under Rule 15.

8. Failure to answer a complaint—original or amended—will result in default.

9. Defendant did not file a motion extend the time to answer the original complaint.

10. Rule 12(a)(4) extends the time to answer the original complaint when the defendant files a motion under Rule 12(b).

11. On March 22, 2016, Defendant entered its first motion to Dismiss under Rule 12.

12. On April 19, 2016, a Rule 26(f) conference transpired.

13. Defendant Mars did not participate in this Rule 26(f) conference.

14. On June 20, 2016 an order was entered regarding Defendants KENCO and MARS motions to dismiss.

15. According to Rule 12(b), if the court denies the motion or "postpones its disposition until trial, the responsive pleadings must be served within fourteen days after the notice of the court's action."

16. Defendants, KENCO and MARS', responsive pleadings were due on July 5, 2016 for DOSS' original complaint.

17. DOSS filed his amended complaint on June 30, 2016.

18. According to Rule 15(a)(3) does, and under that Rule state, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

19. In keeping with Rule 15, Defendants answer or pleading for DOSS was due on July 14, 2016.

20. Defendant, MARS, was again in default on July 15, 2016 for DOSS.

21. With regard to Doss, Defendant, KENCO, filed a motion for an extension of time to answer on July 5, 2016.

22. Defendant, MARS, did not file a motion to enlarge its time to answer or otherwise plead DOSS' amended complaint.

23. Neither did Defendant, MARS, file a motion to enlarge its time to answer or otherwise plead DOSS' original complaint of December 7, 2015 that was due on July 5, 2016 because of the court holiday on July 4, 2016.

24. An order was given by the Court on June 20, 2016 regarding DOSS' original complaint.

25. According to Rule 12(b), if the court denies the motion or "postpones its disposition until trial, the responsive pleadings must be served within fourteen days after the notice of the court's action."

26. After July 5, 2016, Defendant, MARS, was in default.

27. The Court set a deadline for the responsive pleadings for DOSS and TYSON on July 21, 2016 for their amended complaints.

28. Defendant began to engage Plaintiff in discovery, pursuant to Rule 37, on August 29, 2016, with interrogatories. Exhibit A

29. Defendant was not at issue with Plaintiff, because Defendant had not yet filed an answer, nor had Defendant requested the court to enlarge its time to answer or otherwise plead Plaintiff's original complaint.

30. Defendant filed an answer to DOSS' amended complaint on September 15, 2016.

31. As of September 16, 2015, Defendant, MARS, has not filed an answer or otherwise plead to DOSS' original complaint that was due on July 5, 2016.

32. As of September 16, 2015, Defendant, MARS, has not filed a motion according to Rule 12 to extend or enlarge the time to answer or otherwise plead to DOSS' original complaint that was due on July 5, 2016.

33. Chronologically, logically, technically, and procedurally, an amended response cannot be filed before an original response.

34. Technically, the answer to the amended complaint is Defendant's first answer.

35. Defendant, MARS, has not filed a response.

36. Defendant, MARS, has not been at issue with Plaintiff.

37. The order on Defendant's motion to dismiss was June 20, 2016.

38. Defendant MARS was in default according to the Federal Civil Rule of Procedure, when the court set the respective deadlines on July 21, 2016 for DOSS because Defendant had failed to answer or otherwise plead, within the time allowed.

39. Defendant never corrected this deficiency.

40. Upon information and belief there has been no order entered by the court absolving Defendant's from the prevailing Federal Civil Rule of Procedure.

41. Upon information and belief there has been no order entered by the court modifying the Federal Civil Rule of Procedure with regard to Rule 8, 12, and 15, or the remaining 83 rules and their respective subsections.

42. No matters before this court relative to Defendants, KENCO and MARS, to date have been enjoined.

43. Defendant, MARS, to date has not filed an answer to DOSS' original complaint.

44. To date, the answer is more than seventy six (76) days later than the due date.

45. Without first seeking leave of Court, Defendant filed an Answer to Plaintiff's Amended Complaint on September 15, 2016, without ever seeking leave of the court to enlarge its time answer or otherwise plead DOSS' original complaint or correcting the deficiency in not answering DOSS' original complaint.

46. More than six months have gone by after Defendant was first notified of Plaintiff's claims.

47. Plaintiff believes Defendant intentionally failed to comply to assert some advantage over Plaintiff.

48. Defendant KENCO understood and complied with the court and its proceudres.

49. Defendant continues to intentionally and willfully fail to comply to the court and its procedures.

50. Fed. R. Civ. P. 12(f) empowers a court to strike a defendant's answer when it is filed outside of the time period mandated in Rule 12(a).

51. Fed R. Civ. P. 6(b)(1)(B) provides that a court may, "for good cause" extend the time allowed for completion of certain acts "on motion made after the time has expired if the party failed to act because of excusable neglect."

Defendant filed a dipositive motion on March 22, 2106.  With that being said, it establishes the fact that Defendant knew that it must engage in the governing Federal Rules of Civil Procedure, specifically Rule 12.

Rule 12(b) states, if the court denies the motion or "postpones its disposition until trial, the responsive pleadings must be served within fourteen days after the notice of the court's action."

Between the time frame of March 22, 2016 and July 5, 2016, the date the answer or plead otherwise was due, no discussion had ensued between Plaintiff and Defendant, nor Plaintiff, Defendant and the Court with regards to amending the Federal Rules of Civil Procedure.

Consequently, there was no variable introduced into the matrix that could have possibly led Defendant to believe that the governing statues were being held in abeyance or modified. Therefore, Defendant's failure to answer or otherwise plead was a conscionable and deliberate decision made by Defendant.

At the point that the court instituted deadlines relative to DOSS, the time frame clearly exceeded what would have been the time to answer or otherwise plead for DOSS.

As a subject matter expert in the law and as a matter of ordinary course, as well as, it being a perquisite for matriculation through law school, Defendants are apprised of the Civil Rules of Procedure.  To again, suggest anything else is yet another insult to this Court and Plaintiff.

Moreover, it seems as if Defendant continues in the same spirit and manner that brought these and other matters before this court and other tribunals.

Defendants in the present case have simply chosen to ignore the prevailing rules, as they have presented nothing to indicate the presence of either "good cause" or "excusable neglect" with respect to their failure to defend this action.

Defendants have failed to seek leave of Court to file their answer outside of the time mandated by the Rules of Federal Procedure or remedy the deficiency, as well as, they have failed to present any argument or evidence justifying the granting of such leave, Plaintiff respectfully requests that Defendants' untimely Answer be stricken from the record.

This motion is made in good faith and is not intended to unduly delay these proceedings or receive unjustly any form of compensation and the relief requested; if this motion is not granted, it would greatly prejudice Plaintiff.

WHEREFORE, Plaintiff, Nathan E. Doss, prays that the Answer filed on behalf of defendant MARS be permanently stricken from the record with prejudice.

Respectfully submitted,

STATE OF ILLINOIS, COUNTY OF Cook
SUBSCRIBED AND SWORN TO before me
this 20th day of Sept, 2016

Notary Public

NATHAN E. DOSS
1124 Abbot Lane
University Park, IL 60461
708.534.0536

"OFFICIAL SEAL"
J. MORALEZ
Notary Public, State of Illinois
My Commission Expires July 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record through a Notice of Electronic Filing generated by the Court's CM/ECF system on this, the 19th [20] day of September, 2016.

                                                  Pro Se
                                                  NATHAN E. DOSS
                                                  1124 Abbot Lane
                                                  University Park, IL 60461
                                                  708.534.0536