## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| NATHAN E. DOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No. 15-cv-2287** |
| v. | ) **Judge Colin Stirling Bruce** |
| | ) **Magistrate Judge Eric I. Long** |
| KENCO LOGISTIC SERVICES, LLC, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS KENCO LOGISTIC SERVICES, LLC, VALERIE LILLEY, KELVIN WALSH, TAMMI FOWLER, MARIO LOPEZ AND DAVID JABALEY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY

Defendants Kenco Logistic Services, LLC ("Kenco"), Valerie Lilley ("Lilley"), Kelvin Walsh ("Walsh"), Tammi Fowler ("Fowler"), Mario Lopez ("Lopez") and David Jabaley ("Jabaley") (collectively "Defendants"), by and through their attorneys, Jody Wilner Moran and Jody Kahn Mason of Jackson Lewis, P.C., hereby move this Honorable Court to compel Plaintiff to respond to Defendants' written discovery requests, which were issued on October 4, 2016. In support of their motion, Defendants state as follows:

1.      Plaintiff Nathan Doss is a former employee of Defendant Kenco Logistic Services, LLC. Defendants Lilley, Walsh, Fowler, Lopez and Jabaley are all current or former Kenco employees.

2.      On December 7, 2015, Plaintiff filed a Complaint against Kenco and Mars, Inc. (*See Dkt. No. 1*). Kenco filed a Partial Motion to Dismiss Counts I through IV of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 1, 2016.[1] (*See Dkt. No.*

---

[1]      Hereafter, dates occur in 2016, unless otherwise indicated.

*21).* Three days later, Plaintiff filed a Motion for Leave to File an Amended Complaint to add Lilley, Walsh, Fowler, Lopez, Jabaley and Mike Manzello as individual defendants.[2] *(See Dkt. No. 22).* Plaintiff's motion was granted on April 5, and his Amended Complaint was filed *instanter. (See April 5, 2016 Order; Dkt. No. 26).* On April 22, Kenco again moved to dismiss Plaintiff' First Amended Complaint. *(See Dkt. No. 29).* On June 20, this Court entered an order granting in part and denying in part Kenco's motion to dismiss. *(See Dkt. No. 44).*

3.      On June 30, Plaintiff filed a motion for leave to file a Second Amended Complaint. *(See Dkt. No. 45).* Plaintiff's Second Amended Complaint is 79 pages long and contains six causes of action: (I) disparate treatment based on race under Title VII; (II) intentional infliction of emotional distress; (III) misrepresentation; (IV) retaliation; (V) hostile work environment based on race; and (VI) obstruction of justice. *(See* Dkt. No. 45*).* However, on July 25, 2016, this Court entered an order stating that it had previously dismissed Count II (intentional infliction of emotional distress) and Count III (misrepresentation) against all Defendants. *(See Dkt. No. 48).* Thus, this Court struck Counts II and III of Plaintiff's Second Amended Complaint. *See id.*

4.      On September 15, Kenco filed its Answer and Defenses to Plaintiff's Second Amended Complaint. *(See Dkt. No. 57).* Lilley, Walsh, Fowler, Lopez and Jabaley filed a Partial Motion to Dismiss Plaintiff' Second Amended Complaint Pursuant to Rule 12(b)(6). *(See Dkt. No. 56).* Kenco joined the Individual Defendants' request to dismiss Plaintiff's claim for obstruction of justice.[3] *See id.*

---

[2]    Although Mike Manzello was named as an individual defendant by Plaintiff in his Second Amended Complaint, at the time of filing this motion, Manzello has not yet been served by Plaintiff.

[3]    Plaintiff was required to file his response to Defendants' motion to dismiss on October 3, 2016. However, he did not do so. Rather, on October 13, 2016, Plaintiff filed a Motion for Extension of Time to file his response. *(See Dkt. No. 62).* This Court granted Plaintiff's motion on October 14, 2016. *Id.* However, the Court noted that Plaintiff was required to file his response 10 days before he sought an

5.     On April 26, this Court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) after holding an initial status hearing with the parties. *(See Dkt. No. 33)*. In the order, the Court noted that fact discovery was to be completed by November 30, and that Plaintiff's expert disclosures and reports were due by January 1, 2017. *Id.* All discovery, including expert discovery (if necessary) is to be completed by May 15, 2017. *Id.* This matter is currently set for trial on November 7, 2017. *Id.*

6.     Defendants propounded interrogatories and requests for production on Plaintiff on October 4, shortly after Defendant Kenco filed its answer to Plaintiff's Second Amended Complaint. *(See Exhibit A)*. To date, Plaintiff has not yet responded to Defendants' written discovery requests, which are now more than two months overdue.

7.     Counsel for Defendants has in good faith conferred with Plaintiff regarding his overdue responses to written discovery on multiple occasions as required by Federal Rule of Civil Procedure 37(a)(1); however, Plaintiff's responses remain outstanding.

8.     On November 29, Defendants' counsel wrote to Plaintiff asking when they could expect to receive Plaintiff's outstanding responses to written discovery, noting that they were unable to take Plaintiff's deposition as noticed on December 14, without first receiving Plaintiff's discovery responses. *(See Exhibit B)*. Plaintiff failed to respond to the correspondence from Defendants' counsel. Thus, on December 12, Defendants' counsel again wrote to Plaintiff asking when they could expect Plaintiff's discovery responses, noting that if Plaintiff fails to respond, Defendants will be required to raise the issue with the Court. *(See Exhibit C)*.

---

extension of time to do so and admonished Plaintiff that he is "strongly cautioned to pay close attention to response deadlines in the future as extensions will not be automatically allowed." *Id.*

9.    On December 14, Defendants' counsel spoke with Plaintiff regarding his outstanding responses to written discovery. During the parties' conversation, Plaintiff asked Defendants' counsel if they could re-send copies of the written discovery requests that were served on October 4, and noted that he would aim to respond within a week. (*See Exhibit D*). Thereafter, Defendants' counsel e-mailed copies of the written discovery requests to Plaintiff as requested. (*Id.*)

10.    On the morning of December 20, Plaintiff wrote to Defendants' counsel indicating that he was unable to respond within a week's time, as he previously expected to do, and asked for an additional 30 days to respond to Defendants' written discovery requests. (*See Exhibit E*). Defendants' counsel responded, noting that there was a status hearing set later that morning (December 20), and that they intended to address the issue further with the Court. (*See Exhibit F*). However, Plaintiff failed to appear for the status hearing on December 20, which was reset by the Court to January 11, 2017. (*See Exhibit G*). Defendants' counsel has heard nothing further from Plaintiff since that time.

11.    Defendants note that in the period of time from October 4 (the date Defendants served their written discovery requests on the Plaintiff) through the present, Plaintiff has filed a number of substantive motions and other documents with the Court while nevertheless failing to respond to Defendants' written discovery requests, including a motion for extension of time to respond to Defendants' motion to dismiss (Dkt. No. 62), a motion for leave to file a consolidated amended complaint (Dkt. No. 63); a response to Defendants' motion to dismiss (Dkt. No. 65), a reply in support of his motion to file an amended complaint (Dkt. No. 63), and a response to this Court's Order denying his motion for leave to file an amended complaint (Dkt. No. 68).

11.    Federal Rule of Civil Procedure 33 provides that a party must serve its answers and objections to interrogatories within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33. Similarly, Federal Rule of Civil Procedure 34 requires parties to respond to production requests in writing within 30 days after service. Fed. R. Civ. P. 34.

12.    By failing to respond in any way to Defendants' interrogatories and production requests, which were served on October 4, 2016, Plaintiff has failed to comply with Federal Rules of Civil Procedure 33 and 34. Federal Rule of Civil Procedure 37 provides that a party may move to compel discovery and disclosure where a party fails to answer an interrogatory submitted under Rule 33 and/or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. As previously indicated, Defendants' counsel has conferred with Plaintiff on multiple occasions regarding his outstanding responses to written discovery, but to no avail. Defendants therefore request that this Court compel Plaintiff to respond to Defendants' written discovery requests within fourteen (14) days and extend the deadline for completion of discovery to allow Defendants to depose the Plaintiff and issue any supplemental discovery which may be necessitated as a result of Plaintiff's discovery responses.

WHEREFORE, for all the reasons stated above, Defendants Kenco Logistics, LLC, Valerie Lilley, Tammi Fowler, Kelvin Walsh, Mario Lopez and David Jabaley respectfully request that this Court enter an order compelling Plaintiff to respond to Defendants' interrogatories and production requests within fourteen (14) days, to extend the deadline for the completion of fact discovery to allow Defendants to depose the Plaintiff and issue any supplemental discovery which may be necessitated as a result of Plaintiff's discovery responses, and for any additional relief deemed just and appropriate.

-5-

Dated:    January 6, 2017                          Respectfully submitted,

                                                   **VALERIE LILLEY, TAMMI FOWLER,**
                                                   **KELVIN WALSH, MARIO LOPEZ**
                                                   **DAVID JABALEY AND KENCO**
                                                   **LOGISTIC SERVICES, LLC,**


                                                   By: /s/ Jody Kahn Mason
                                                       One of Their Attorneys


Jody Wilner Moran (ARDC No. 6186236)
MoranJ@jacksonlewis.com
Jody Kahn Mason (ARDC No. 6289872)
Jody.Mason@jacksonlewis.com
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949

**CERTIFICATE OF SERVICE**

I, Jody Kahn Mason, an attorney, hereby certify that on January 6, 2017, I electronically

filed a copy of the foregoing **Defendants Kenco Logistics, LLC, Valerie Lilley, Kelvin Walsh,**

**Tammi Fowler, Mario Lopez and David Jabaley's Motion to Compel** with the Clerk of Court

using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail,

to the following non-ECF participant:

> Nathan E. Doss *(pro se)*
> 1124 Abbot Lane
> University Park, IL 60484

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of

electronic filing to the following parties:

> Thomas R. Davies
> Harry Harmon
> Kimberly J. Overbaugh
> Harmon & Davies, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> koverbaugh@h-dlaw.com

> By: /s/ Jody Kahn Mason
> One of the Attorneys for Defendants

4840-3980-0384, v. 1