**E-FILED**
Friday, 06 January, 2017  04:06:23 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN E. DOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2287 |
| v. | ) Judge Colin Stirling Bruce |
| | ) Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et | ) |
| al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS KENCO LOGISTIC SERVICES, LLC, TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID JABALEY AND MARIO LOPEZ' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendants Kenco Logistic Services, LLC ("Kenco"), Tammi Fowler ("Fowler"),

Valerie Lillie ("Lillie"), Kelvin Walsh ("Walsh"), David Jabaley ("Jabaley") and Mario Lopez

("Lopez") (collectively referred to as "Defendants"), by their attorneys, Jody Wilner Moran and

Jody Kahn Mason of Jackson Lewis P.C., hereby direct Plaintiff Nathan Doss ("Plaintiff" or

"Doss") to answer the following interrogatories under oath, in accordance with Federal Rule of

Civil Procedure 33, within 30 days of service:

## DEFINITIONS AND INSTRUCTIONS

A. In answering these interrogatories, please furnish all information available to Plaintiff,
including information in the possession of or under the control of Plaintiff, Plaintiff's
attorney(s), any investigators, and all persons acting on behalf of Plaintiff. If Plaintiff
cannot answer the interrogatories in full after exercising due diligence to secure the
information, so state and answer to the extent possible.

B. If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or regarding a verbal communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed), and the facts or basis on which you claim privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

C. As used herein, the following terms shall have the meanings indicated below:

  a. "Person" means any natural person, sole proprietorship, firm, partnership, corporation, group, organization, union, association, federation, government agency, or any other kind of entity.

  b. "Document" or "documents" include, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different form original) of all written, printed, typewritten, or otherwise recorded or graphic matter of any kind or nature, also any drawings, graphs, charts, photographs, photographic records, tape recordings, other recordings, computer files, electronic records, or other data compilations from which data can be obtained, emails, communications on social networking websites, including but not limited to Facebook, My Space, LinkedIn or Twitter, blog entries, or any tangible thing which constitutes or contains matters within the scope of Rule 34 of the Federal Rules of Civil Procedure, however produced or reproduced, whether or not now in existence, including, but not limited to files, contracts, correspondence, telegrams, agreements, letters, administrative

- 2 -

complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analysis, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tapes recordings, video recordings, motion pictures, evaluations, reviews, counselings, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described, presently or at any time in the possession, custody, or control of the Plaintiff, or any agent, representative, attorney or any and all other persons acting on behalf of Plaintiff, known to exist.

c.  "Identify" or "identity," with respect to a natural person, means to state (1) his or her full name; (2) his or her last known home address and telephone number; (3) his or her present or last known employment position and employer; (4) his or her business address and telephone number; and (5) his or her relationship, if any, to Plaintiff.

d.  "Identify" or "identity," with respect to a firm, corporation, partnership, association, government agency, or other entity means to state (1) the full name under which such entity is doing business; (2) the full business address and

- 3 -

telephone number of such entity; and, (3) the individuals with whom you had contact.

e.  "Identify" or "identity," with respect to documents means to state (1) the author thereof and the person or persons to whom the document original was directed; (2) the type of document (*e.g.* letter, memorandum, email, telegram, chart, photograph, sound reproduction, etc.); (3) the source from whom Plaintiff obtained such document or documents; (4) the date of each such document or documents (5) its subject matter; (6) the current custodian of each such document or documents; and (7) the location at which each such document or documents are situated.

f.  "Communication" refers to any contact, whether oral, written, electronic, or otherwise, between the parties specified, or on the subject specified. To "identify" a communication includes stating whether the communication was oral, written on paper or other material, communicated electronically, or communicated in some other manner, specifying how. If the communication was written or electronic, identify the document or writing in accordance with Paragraph (e). If the communication was oral, identify the participants, the date, the place, whether the communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents relating thereto.

g.  "Plaintiff," "you," or "your" means the Plaintiff Nathan Doss, his agents, attorneys, and all other persons acting or purporting to act on Doss' behalf.

h.  "Kenco" means Defendant Kenco Logistic Services, LLC, and its respective agents, attorneys, employees, and all other persons acting or purporting to act on its behalf.

i.  "Fowler" means Defendant Tammi Fowler and her respective agents, attorneys, and all other persons acting or purporting to act on her behalf.

j.  "Lillie" means Defendant Valerie Lillie and her respective agents, attorneys, and all other persons acting or purporting to act on her behalf.

k.  "Walsh" means Defendant Kelvin Walsh and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

l.  "Jabaley" means Defendant David Jabaley and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

m. "Lopez" means Defendant Mario Lopez and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

n.  "Manzello" means Defendant Mike Manzello and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

o.  "Regarding" or "relating to" means directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

p.  "Complaint" means Plaintiff's Second Amended Complaint filed in the *Nathan A. Doss v. Kenco Logistic Services, LLC* lawsuit on or about June 30, 2016, in the United States District Court for the Central District of Illinois, bearing Cause Number 15-cv-2287.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State your full name, current address, and current telephone number, including all addresses at which you have lived during the past ten years.

### ANSWER:

### INTERROGATORY NO. 2:

Identify each person who supplied information to answer these interrogatories and specify by number those answers to which each such person supplied information.

### ANSWER:

### INTERROGATORY NO. 3:

Identify each person whom you claim or believe has knowledge of facts relevant to any claim or defense in this lawsuit. For each person identified—whether identified in Plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures or otherwise in response to this interrogatory—state briefly the subject matters about which the person has knowledge.

### ANSWER:

### INTERROGATORY NO. 4:

Identify all communications you or any of your agents, including but not limited to your attorney(s), have had with any persons, including but not limited to current or former employees of Kenco, the media, and representatives of federal, state, or local governmental agencies, including the Illinois Department of Human Rights ("IDHR") and United States Equal

- 6 -

Employment Opportunity Commission ("EEOC") regarding any of the allegations and claims made in your Second Amended Complaint, specifically identifying (a) the dates of such communication; (b) the substance of each such communication; (c) the individual(s) involved in each such communication; (d) the witnesses to each such communication; and (e) any documents evidencing or relating to each communication.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify each and every telephone number, including land line and cell phone numbers, you have used from January 1, 2012 to the present. For each number identified, state the service provider associated with each number (*e.g.,* AT&T, Verizon, Sprint, etc.).

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all email addresses that you have had at any time since January 1, 2012.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify each and every social media site (e.g., Facebook, MySpace, LinkedIn, Twitter, a blog, etc.) to which you have subscribed and/or have made comments on such site from January 1, 2012 to the present.

**ANSWER:**

**INTERROGATORY NO. 8:**

With regard to damages, (a) identify whether the precise dollar amount of monetary damages you claim has changed in any way from that stated in Plaintiff's Rule 26(a)(1) initial disclosures; (b) state the method or methods by which the amount of damages you claim was calculated; (c) state the nature of any non-monetary damages and the reason(s) why you are seeking such relief; and (d) identify every document upon which you relied in answering this interrogatory, which relates in any way to the information requested in this interrogatory or which you claim supports your claim for damages as set forth in your answers.

**ANSWER:**

**INTERROGATORY NO. 9:**

Describe in detail all attempts you have made to mitigate your alleged damages since your employment with Kenco ended, including, without limitation:

a.    Communications to any employment agencies, search firms, job search websites, or employers concerning alternative or supplemental employment;

b.    All job offers you have received (including the job title and salary you were offered), whether you accepted or rejected the offer and, if you rejected an offer, why you rejected the offer;

c.    The date of each event or contact identified; and

d.    All positions for which you applied and were refused employment, the date you applied for each such position, the date you were refused employment, the reason for that refusal and the salary rate of the position.

**ANSWER:**

- 8 -

**INTERROGATORY NO. 10:**

Identify each and every doctor, health care professional, mental health care professional, psychiatrist, psychologist, social worker or any other health care professional with whom you have consulted or who has examined or treated you since January 1, 2010, and include: the dates of any consultation, examination and/or period of treatment; the purpose of each consultation, examination or treatment; whether any written report or memorandum was prepared by such person relative to the consultation, examination or treatment; the physical location and custodian of the consultation, examination or treatment records of any such person; and the diagnosis, prognosis, treatment and cost of treatment. Defendant further requests that you provide duly executed Authorizations for the Release of Medical Records in the form attached as **Exhibit A** and addressed to each individual and institution identified above, for the release to Defendant's counsel of all records which in any way relate to any and all medical, psychiatric and/or psychological treatment, counseling and therapy received by you for since January 1, 2010, and return same to counsel for Defendant with your answers to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify, by case name, court, and docket number, each and every criminal, administrative, bankruptcy, workers' compensation or civil proceeding in which you have been involved in any capacity, including those in which you have been a party or a witness. Also, with respect to each judicial or administrative complaint or charge that you have instituted

- 9 -

against any organization or individual, and any judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge or other identification number or designation, and state the current status or final disposition of such proceeding.

**ANSWER:**

**INTERROGATORY NO. 12:**

Provide your chronological educational and employment history from completion of high school to the present, including:

(a) With respect to education, state the name and addresses of the educational institution(s), the dates of attendance, grade point average (GPA) and degrees or certificates conferred and the dates they were conferred; and

(b) With respect to employers (including self-employment) from high school to the present, state the name and address of each employer, your job title, a brief description of responsibilities, the name of your supervisor, your salary, and the reason for leaving employment (if terminated, please state the reason for the termination).

**ANSWER:**

**INTERROGATORY NO. 13:**

State with specificity all compensation, benefits, and/or other monies you have received from any source since January 1, 2012 (including from any government agency), including the identity of each employer or government agency (including self-employment) and the dates you received such compensation, benefits and/or other monies. Identify every document upon which

you relied on answering this interrogatory and which relates in any way to the information requested in this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 14:**

State whether you have ever applied for or received any short-term disability benefits or leave, long-term disability benefits or leave, Social Security benefits, unemployment benefits and/or public assistance of any kind in the last ten (10) years and for each instance of STD, LTD, Social Security benefits, unemployment benefits or public assistance list: (1) the dates on which you applied for the benefits; (2) the entity to which you applied for the benefits; (3) the dates on which you received the benefits; (4) the basis for the leave and/or benefits; and (5) the dollar amount of the benefits received.

**ANSWER:**

**INTERROGATORY NO. 15:**

State whether you have been arrested or convicted of any crime in the past 10 years. If so, state your name at the time of the arrest or conviction; the name of the jurisdiction where the arrest or conviction took place; the offense you were charged with; the offense for which you were convicted; and the date(s) of the arrest and the date(s) of the conviction.

**ANSWER:**

**INTERROGATORY NO. 16:**

State the name and address of every expert you have contacted for purposes of this litigation, and for each identify: (a) each expert's areas of expertise, including a resume or curriculum vitae; (b) all communications you have had with each expert; (c) all documents provided to or received from each expert; (d) whether the expert rendered an oral or written report, and if written, identify the report and state its current location (if the report was oral, state the contents of each report in full); and (e) whether you intend to call the expert as a witness during the trial of this matter and. If so, provide a detailed summary of anticipated testimony.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify all individuals with whom you have discussed this lawsuit or your belief that Defendants discriminated against you (other than privileged communications with an attorney) and describe the date and substance of the conversation.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify each document you intend to offer into evidence at the trial of this matter, or attach a copy of these documents to your answers to these interrogatories.

**ANSWER:**

DATED:  October 4, 2016

**KENCO LOGISTIC SERVICES, LLC, TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID JABALEY AND MARIO LOPEZ**

By: _Jody Kal Mason_
      One of Their Attorneys

Jody Wilner Moran
Jody Kahn Mason
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Phone: (312) 787-4949
Fax: (312) 787-4995
MoranJ@jacksonlewis.com
jody.mason@jacksonlewis.com

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Kenco Logistic Services, LLC, Tammi Fowler, Valerie Lillie, Kelvin Walsh, David Jabaley and Mario Lopez certifies that on October 4, 2016, I caused to be served true and correct copies of the foregoing Defendants' First Set of Interrogatories upon all attorneys and parties of record by e-mailing a copy of same to Plaintiff and counsel for Mars, Inc. at the e-mail addresses below and also by causing copies of same to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

>     Nathan E. Doss (pro se)
>     1124 Abbot Lane
>     University Park, IL 60484

>     Thomas R. Davies
>     Harry R. Harmon
>     Kimberly J. Overbaugh
>     Harmon & Davies, P.C.
>     2306 Columbia Avenue
>     Lancaster, PA 17603
>     tdavies@h-dlaw.com
>     rharmon@h-dlaw.com
>     koverbaugh@h-dlaw.com

By: _____
One of Defendants' Attorneys

4823-0183-5065, v. 1

- 14 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| NATHAN E. DOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No. 15-cv-2287** |
| v. | ) **Judge Colin Stirling Bruce** |
| | ) **Magistrate Judge Eric I. Long** |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS KENCO LOGISTIC SERVICES, LLC, TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID JABALEY AND MARIO LOPEZ' FIRST SET OF PRODUCTION REQUESTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Kenco Logistic Services, LLC ("Kenco"), Tammi Fowler ("Fowler"), Valerie Lillie ("Lillie"), Kelvin Walsh ("Walsh"), David Jabaley ("Jabaley") and Mario Lopez ("Lopez") (collectively referred to as "Defendants"), hereby direct Plaintiff Nathan Doss ("Plaintiff" or "Doss") to produce the following documents for inspection and copying at the offices of Jackson Lewis, P.C., 150 North Michigan Avenue, Suite 2500, Chicago, Illinois 60601, within 30 days of service.

### DEFINITIONS AND INSTRUCTIONS

Except as amended and/or augmented in these Definitions and Instructions, the Definitions and Instructions set forth in Defendants' First Set of Interrogatories to Plaintiff are incorporated by reference as if fully set forth herein.

In producing the requested documents, please furnish all documents available to Plaintiff Nathan Doss, including documents in his possession and in the possession of his attorney(s), investigators, agents, and any person acting on his behalf.

If Plaintiff contends that any part of these requests calls for a document that is privileged in whole or in part, or contends that any document is protected from disclosure regardless of its relevance, state the following with specificity:

1.      The basis for each such contention, objection, or ground for exclusion; and

2.      Identify the following:

        i.     Author

        ii.    Addressee

        iii.   Date

        iv.   Subject matter

        v.    Number of pages, including all attachments or appendices

        vi.   All persons to whom it was distributed, shown or explained; and

        vii.   The present custodian of each document.

All documents produced shall be segregated and identified by the request to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in that paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

If Plaintiff objects to part of any request, please furnish documents responsive to the remainder of the request.

The documents produced in response to this request shall include all attachments and enclosures.

Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all non-identical copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.,* by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

All documents produced in response to this request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.

If you claim that Defendants possess documents responsive to Defendants' Request for Production of Documents, identify each of those documents individually and separately and state your basis for believing such documents exist and your basis for believing such documents are responsive to Defendants' Request for Production of Documents.

## REQUESTS FOR PRODUCTION

1. All documents identified in your responses to Defendants' First Set of Interrogatories to Plaintiff.

2. All documents that used or relied upon by you in the preparation of your responses to Defendants' First Set of Interrogatories to Plaintiff.

3. All documents identified, or to be identified, in your Rule 26(a) disclosures.

4. All documents relating to any of the allegations made in your Second Amended Complaint.

- 3 -

5.      A copy of your Facebook account. This information may be obtained by going to your Facebook account and looking under \*>Account Settings menu to "Download a copy of your Facebook data." Once there, you should select "Start My Archive" and Facebook will compile a .zip file of your account. Please send us a copy of that .zip file.

6.      All communication documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites) in your possession, custody or control, between you and any former or current employee of Kenco, including, but not limited to, Morris Tyson, Mary Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello from January 2010 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

7.      All social networking pages in your possession, custody or control from any and all social networking websites patronized by you from January 2012 to the present, including but not limited to MySpace, Twitter, LinkedIn, and Facebook, which relate to your activities, social life, employment, work opportunities, or any allegation contained in your Second Amended Complaint. This request specifically includes, but is not limited to, any responsive

communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

8.　　　All communication in your possession, custody or control, between you and any third party not previously identified from January 2012 to present, which discuss or mention your activities, social life, employment, work opportunities, or any allegation contained in your Second Amended Complaint. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, postings and photographs on any and all social networking websites, such as MySpace and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

9.　　　All documents relating to your employment with Kenco, including, without limitation, personal diaries, journals, calendars, schedules, itineraries, employment agreements, performance evaluations, discipline, correspondence, written statements, electronic mail, social networking website posts, blog posts, computer files, digital or otherwise recorded pictures, photographs or graphical representations, and any other documents that relate to such employment or termination of employment, including documents that are considered property of Kenco or Mars, Inc.

10.　　All documents relating to any communications, including electronic, internet or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to your friends, family, neighbors, current or former co-workers (including Morris Tyson, Mary

- 5 -

Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello), colleagues, acquaintances, and strangers, that relate to Defendants, your employment with Kenco, or your claims against Defendants.

11.    All documents related to your job duties while employed by Kenco and your performance of those job duties.

12.    All documents relating to any action by Defendants that you contend was an unlawful adverse employment action.

13.    All documents relating to any action by Defendants that you contend was harassing or discriminatory on the basis of your race.

14.    All documents relating to any other Kenco employee who you contend is similarly situated to you, is not a member of your protected class (*i.e.,* was a different race), and was treated more favorably than you.

15.    All documents relating to any item of monetary damages for which you intend to seek recovery.

16.    All documents relating to any non-monetary relief for which you intend to seek recovery, including, but not limited to:

        a.  All medical, psychiatric and/or psychological records from January 2010 to the present, relating to you.

        b.  All documents relating to your admission to, or treatment at, any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis, since January 2010.

c. All documents relating to any medical or medical device prescribed to you since January 2010, including, but not limited to, any documents that reflect the name and dosage of such medication or medical device.

d. A signed copy of the medical authorizations attached hereto.

17. All documents relating to your calculation of your costs in this action.

18. All diaries, logs, journals, calendars, appointment books, Outlook or other electronic calendar or note-keeping programs, notes memoranda, or other memorializations (contemporaneous or otherwise) of events in your life for the period of January 2012 to the present.

19. All documents that you have filed at any time with any federal or state court or administrative agency, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR") against any person, firm, corporation, institution, agency or entity regarding your employment or any claim of employment discrimination or violation of leave laws.

20. All written or recorded statements, memoranda, or correspondence provided to you or your agents by any person contacted or interviewed in connection with this matter.

21. All written reports of expert witnesses who have been contacted, interviewed or engaged for this matter.

22. All documents provided by you or your agents to any expert who has been contacted, interviewed, or engaged for this matter.

23. All documents relating to your state, federal, or local income tax returns (including but not limited to returns; IRS Forms W-2 or 1099 from any and all sources; and tax

- 7 -

work sheets) for the years 2012 through the present as well as an executed copy of IRS Form 4506, which is attached hereto.

24.     All documents which reflect income of any kind, or any insurance payments, unemployment compensation, long- or short-term disability benefits, alimony or spousal support, annuity, pension or any other payments you received, from any source from January 2012, through the present.

25.     All documents relating to any efforts you made to find or engage in any employment or self-employment, regardless of whether the applications were for full-time, part-time, volunteer, temporary or regular employment from January 2012 to the present, including but not limited to any communications to or from you and any employment agencies, search firms, employers, or potential or prospective employers, concerning any and all job offers you have received.

26.     All documents you believe tend to substantiate the allegations asserted in your Second Amended Complaint.

27.     All documents you believe tend to refute any allegation asserted in your Second Amended Complaint.

28.     All documents that you will introduce into evidence as exhibits at the trial of this matter.

29.     All documents you intend to use at any deposition in this matter.

30.     All other documents, not otherwise produced, substantiating any allegation in your Second Amended Complaint.

31.     All other documents, not otherwise produced, refuting or tending to disprove any allegation in your Second Amended Complaint.

- 8 -

32.     All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination or any application for Social Security disability benefits), bankruptcy and/or divorce that you have instituted against any company, individual or other organization, or in which you have been a party or a witness, other than the instant action against Defendants.

33.     All documents received in this lawsuit pursuant to any subpoena issued by you and copies of all correspondence related to such subpoenas.

34.     All documents that you either sent to or received from the Illinois Department of Human Rights ("IDHR") or United States Equal Employment Opportunity Commission ("EEOC") relating to the Charges of Discrimination you filed against Kenco.

DATED: October 4, 2016                    **KENCO LOGISTIC SERVICES, LLC,
                                          TAMMI FOWLER, VALERIE LILLIE,
                                          KELVIN WALSH, DAVID JABALEY
                                          AND MARIO LOPEZ**

                                          By: _____
                                              One of Their Attorneys

Jody Wilner Moran
Jody Kahn Mason
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Phone: (312) 787-4949
Fax: (312) 787-4995
MoranJ@jacksonlewis.com
jody.mason@jacksonlewis.com

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Kenco Logistic Services, LLC, Tammi Fowler, Valerie Lillie, Kelvin Walsh, David Jabaley and Mario Lopez certifies that on October 4, 2016, I caused to be served true and correct copies of the foregoing Defendants' First Set of Production Requests upon all attorneys and/or parties of record by e-mailing a copy of same to Plaintiff and counsel for Mars, Inc. at the e-mail addresses below and also by causing copies of same to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

> Nathan E. Doss (*pro se*)
> 1124 Abbot Lane
> University Park, IL 60484

> Thomas R. Davies
> Harry R. Harmon
> Kimberly J. Overbaugh
> Harmon & Davies, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> koverbaugh@h-dlaw.com

By: _____
One of Defendants' Attorneys

4829-8406-6105, v. 1