UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN DOSS, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. 15-CV-2287 |
| KENCO LOGISTICS SERVICES, MARS INC., KELVIN WALSH, MIKE MANZELLO, DAVID JABALEY, TAMMI FOWLER, VALERIE LILLEY, and MARIO LOPEZ, | ) |
|                 Defendants. | ) |

## ORDER

Defendants' Kenco Logistics Services, Mike Manzello, David Jabaley, Kelvin Walsh, Mario Lopez, Tammi Fowler, and Valerie Lilley, and Mars, Inc. filed a Motion to Dismiss (#56) on September 15, 2016. Defendant Mars Inc. filed its own Motion to Dismiss (#52) the same day. *Pro se* Plaintiff Nathan Doss filed a Response (#65) to Kenco's motion on November 3, 2016.

On June 20, 2016, this court entered an order (#44) granting in part and denying in part Defendants' first motions to dismiss (#29), (#31). The order dismissed the Illinois state law claims of intentional infliction of emotional distress and fraudulent misrepresentation against ALL Defendants. Plaintiff has reasserted those claims in his Second Amended Complaint (#45). For the same reasons articulated in this court's earlier order (#44), Counts II (intentional infliction of emotional distress) and III (misrepresentation) are DISMISSED with prejudice as to ALL Defendants.

Next, Plaintiff has asserted, in Count VI, an "obstruction of justice" claim against Defendants, alleging interference in his filing discrimination charges with the EEOC and Illinois Department of Human Rights (IDHR). Plaintiff has provided no actionable basis for a private right to bring an "obstruction of justice" claim against these Defendants. As noted by Defendant Mars, if Plaintiff is making a claim under 42 U.S.C. § 1985(2), such a claim only applies to proceedings in a state or federal court of justice, and EEOC claims or federal actions not instituted until after all the complained of incidents had occurred do not qualify for that purpose. See *Rochon v. Dillon*, 713 F.Supp. 1167, 1173-74 (N.D. Ill. 1989). The court cannot make Plaintiff's case for him. Count VI is DISMISSED as to ALL Defendants.

Next, Defendants argue that the Title VII claims in Counts I, IV, and V should be dismissed with prejudice as to individual Defendants Lilley, Fowler, Walsh, Lopez, and Jabeley. According to Plaintiff, Walsh is Mars' General Manager, Fowler is Kenco's Senior Employee Relations Manager, Manzello is Mars' Operations Manager, Jabeley is Kenco's Director of Operations, Lilley is Mars' Quality Coordinator, and Lopez is Mars' General Manager. These Defendants, in their individual positions, are not the owners of the company, but merely, in some cases but not others, Plaintiff's supervisors, and a plaintiff may not maintain a Title VII suit against his supervisors in their individual capacities because it does not fall under Title VII's definition of employer. See *Collins v. Illinois*, 125 Fed.App'x. 723, 727 (7th Cir. Mar. 4, 2005), citing *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998). Therefore, Counts I, IV, and V are DISMISSED as to the individual Defendants.

Finally, for the reasons stated in the court's order (#44) of June 20, 2016, the Title VII claims in Counts I, IV, and V are DISMISSED as to Mars. Plaintiff's response does not demonstrate that Mars had actually been provided adequate notice of the charge, under circumstances where Mars was given the opportunity to particiapte in conciliation proceedings aimed at voluntary compliance. See *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013).

IT IS THEREFORE ORDERED:

(1) Defendants' Motions to Dismiss (#52), (#56) are GRANTED. Counts II through VI are dismissed as to Defendant Mars. Only the § 1981 claim in Count I survives against Mars. Counts II, III, and VI are dismissed as to ALL Defendants. The Title VII claims in Counts I, IV, and V are dismissed as to the individual Defendants. Only the § 1981 claim in Count I survives as to the individual Defendants. The § 1981 claim in Count I and the Title VII claims in Counts I, IV, and V survive as to Kenco.

(2) This case is referred to the magistrate judge for further proceedings in accordance with this order.

ENTERED this 9th day of January, 2017.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE