IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NATHAN E. DOSS | ) | |
| | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE No. 15-cv-02287-CSB-EIL |
| | ) | |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

**NOW COMES** Plaintiff, NATHAN E. DOSS ("Plaintiff") pro se, and responds to the Defendant's Motion to Compel and for his good cause shown in support of his response Plaintiff states the following; THAT:

1. Defendant tendered to Plaintiff the Discovery requests of December 14, 2016.

2. Plaintiff had contacted Defendant's Counsel on the morning on December 20, 2016 regarding Defendant's Discovery request to Plaintiff.

3. Defendant's counsel was to contact Plaintiff back on the same day within twenty (20) minutes regarding Defendant's Discovery request issued to Plaintiff on December 14, 2016.  See Exhibit A

4. Plaintiff followed up with Defendant several times.

5. To date Defendant's counsel has not contacted Plaintiff regarding Plaintiff's queries, with the exception of a Motion to Compel on January 6, 2017.

6. Defendant indicated on its Certificate of Service that on October 4, 2016 Defendant emailed and mailed a copy of Defendant's Discovery request to Plaintiff.

7. Plaintiff denies receiving by email or mail a copy of Defendant's request for Discovery in October of 2016.

8. Pointedly, Plaintiff only received a partial request for Discovery from Defendant, as the exhibits and addendums were missing.

9. Plaintiff repeatedly tried to speak with Defendant, but Defendant refused to respond to Plaintiff.

10. Plaintiff cannot attest to whether or not Defendant actually mailed Defendant's Discovery Request, but Plaintiff can attest that he did not receive them by email or mail.

11. What further raises an eyebrow of contention is, when Defendant allegedly resent the Discovery Request on December 14, 2016:

    a.  It was entitled in an email dated December 14, 2016 and not the forwarded email that was supposed to have been sent on October 4, 2016 according to the certificate of service.  See Exhibit A

    b.  All of the exhibits and addendums were not attached. See Exhibit B

    c.  Furthermore, the Certificate of Service did not have an email address listed for Plaintiff.   See Exhibit A

    d.  Defendant did not contact Plaintiff for almost two (2) months after the Discovery was sent.  See Exhibit A

    e.  Defendant based upon past behavior has not been that ingratiating to not raise an issue.

12. Plaintiff also contends that Defendant's Discovery states that it is due within thirty (30) days of receipt.

13. Plaintiff contends that the Discovery was not due until on or about January 14, 2017.

14. Plaintiff does not understand how Defendant filed a motion to compel on or about January 6, 2017, prior to the due date.

15. Plaintiff believes that Defendant made the motion in bad faith, as Defendant knew that Plaintiff had just received the Discovery requests.

16. Plaintiff asserts that this is not the first time Plaintiff has not received correspondence from Defendant.

17. Plaintiff did not receive Defendant's motion to dismiss at all.

18. Plaintiff became aware that Defendant filed a motion to dismiss because of a court notification.

19. Plaintiff was prompted that a response would be required.

20. Plaintiff had to go to extreme lengths and exercise vast resources to obtain the motion.

21. Plaintiff required an extension of time to answer because of this.

22. Plaintiff often times required extensions of time to answer because Plaintiff did not timely receive correspondence from Defendant.

23. Plaintiff more than often time received it just days before it was to be timely filed.

24. Contrarily, with Defendant Mars, Plaintiff has timely received correspondence from Defendant.

25. Pointedly, during this same relative time that Defendant Kenco was allegedly tendering Discovery Defendant Mars did as well.

26. Plaintiff tendered to Mars their Discovery request as agreed.

27. Plaintiff initially thought that it perhaps was the mail.

28. However, Plaintiff does not believe it was the mail.

29. Plaintiff believes that there are other motivating factors that have contributed to Plaintiff being behind the eight (8) ball, so to speak.

30. Plaintiff believes that this has contributed to a contentious air around Plaintiff's matters before the court.

31. Plaintiff believes that Defendants are intentionally trying to frustrate Plaintiff and create apathy between Plaintiff and the court.

32. Plaintiff also believes from the content of the Discovery in comparison to the other Defendant's discovery and the allegations that something is askew.

    i. For example, the Defendant wants to know Plaintiff's Grade Point Average-GPA.

33. Plaintiff cannot reasonably understand how Plaintiff's GPA could be relevant to any party's claim or defense.

34. Or perhaps would Defendant suggest that a low GPA was a precursor to… or it precipitated the... or it warranted the …or it justified….

35. Defendant did not require as a prerequisite, and or term and condition of employment a prospective employee and employee's Grade Point Average.

36. Plaintiff also believes that this and other requests are not in proportionality to the needs of the case.

    i. For example, criminal and civil litigation.

37. As a prerequisite, and term and condition of employment each prospective employee must pass a drug screen and submit to a criminal background check, as well as, a credit check. See Exhibit C

38. Defendant required each prospective/employee to sign off on the offer letter of employment authored by the Vice President and it be countersigned by Defendant. See Exhibit C

39. Consequently, Defendant is already in possession of that information and requesting such is duplicative.

40. Pointedly, there are a number of items that Defendant it requesting that it is already in possession of.

41. Plaintiff tendered to Defendant the Discovery request on January 14, 2016 by us mail.

For the foregoing reasons, Plaintiff ask that Defendant's Motion to Compel be stricken.

**WHEREFORE,** Plaintiff requests that this Honorable Court grant that Defendant's motion be stricken.

Respectfully submitted,
**NATHAN E. DOSS**

By: _____

Pro Se
NATHAN E. DOSS
1124 Abbot Lane
University Park, IL 60461
708.534.0536

<u>CERTIFICATE OF SERVICE</u>

Please take notice that on January 23, 2017 I, NATHAN E. DOSS, hereby, certify that I did file a REPSONSE TO DEFENDANT'S MOTION TO COMPEL with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 15-cv-02287-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ Nathan E. Doss*

Pro Se
NATHAN E. DOSS
1124 Abbot Lane
University Park, IL 60461
708.534.0536

Kimberly J. Overbaugh
Thomas R. Davies
Harmon & Davies, P.C.
2306 Columbia Ave
Lancaster, PA 17603

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601