**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **NATHAN E. DOSS,** | |
| **Plaintiff,** | |
| v. | Case No. 15-2287 |
| **KENCO LOGISTIC SERVICES, et al.,** | |
| **Defendants.** | |

**ORDER**

This case is before the Court on Plaintiff Nathan E. Doss' ("Plaintiff") filing of another Amended Complaint (#73). Given Plaintiff's status as a pro se litigant, the Court has construed this filing as a motion for leave to file an amended complaint. Defendants promptly objected to the Amended Complaint (#74). For the reasons explained below, Plaintiff's Motion for Leave to File Amended Complaint (#73) is DENIED.

**I.    Background**

On December 7, 2015, Plaintiff filed his Complaint against Kenco Logistic Services, and Mars, Inc. On March 22, 2016, Defendant Mars, Inc. filed a Motion to Dismiss Plaintiff's Complaint. Defendant Kenco also filed a Motion to Dismiss on April 1, 2016. On April 4, 2016, Plaintiff filed his first Motion for Leave to File an Amended Complaint (#24) which was granted on April 5, 2016. Plaintiff's Amended Complaint added the individual Defendants to this action. Defendants Mars and Kenco subsequently filed new Motions to Dismiss. (#29; #31). Following a Rule 16 Scheduling Conference, the Court set a June 30, 2016, deadline for the filing of all amended pleadings.

On May 3, 2016, Judge Colin S. Bruce granted in part and denied in part Defendants' Motions to Dismiss. (#37). Following Judge Bruce's Order, Plaintiff filed a Second Motion for Leave to File an Amended Complaint (#45) on June 30, 2016, the deadline for the filing of amended pleadings. Plaintiff's Motion was granted on July 25, 2016. (#48). Plaintiff's Second Amended Complaint consisted of 383 paragraphs, was 79 pages long, and reasserted causes of

action that had already been dismissed by Judge Bruce and therefore were stricken by the Court. Defendants all filed Motions to Dismiss on September 15, 2016, (#52; #56). Defendant Kenco also filed its Answer on the same date. (#57). Plaintiff was due to file a response to both Motions to Dismiss no later than October 3, 2016.

On September 21, 2016, rather than respond to Defendants' Motions to Dismiss, Plaintiff filed a Motion to Strike Defendant Mars' Answer (#59), a Motion for Entry of Default (#60), and a Motion for Default Judgment (#61). All three Motions were denied on September 22, 2016, as the Court found that there was no legally sufficient basis for any of the Motions to be granted. On October 13, 2016, 10 days after Plaintiff's deadline to file a Response to Defendants' Motions to Dismiss, Plaintiff filed a Motion for Extension of Time to file a Response (#62). The Court, in granting Plaintiff's Motion for Extension of Time, cautioned Plaintiff to pay close attention to the response deadlines because future extensions would not be automatically allowed. *See* October 14, 2016 Text Order. Plaintiff was given a 7 day extension, to October 21, 2016, to file a Response to Defendants' Motions to Dismiss.

On October 21, 2016, rather than file a Response, which was already 18 days past due, Plaintiff filed a Motion for Leave to File a Consolidated Amended Complaint (#63). Plaintiff's proposed amended complaint was based on an EEOC right to sue letter from October 17, 2016 regarding his ninth charge of discrimination that was filed with the EEOC on April 7, 2015. Plaintiff's proposed amended complaint sought to add new allegations under the federal WARN Act, the federal Family and Medical Leave Act, and the Americans with Disabilities Act, as well as claims of conspiracy and coercion.

On November 22, 2016, the Court entered an Order denying Plaintiff's Motion for Leave to File a Consolidated Amended Complaint (#67). The Court explained that Plaintiff's request to amend his Complaint came after the June 30, 2016 deadline to file an amended complaint and, pursuant to Rule 16, Plaintiff is required to show good cause for amending his Complaint after the deadline. Additionally, the Court noted its concern with Plaintiff's lack of diligence in seeking an amendment so long after the June 30, 2016 deadline, especially considering that Defendant had already filed multiple motions to dismiss and a lengthy answer to Plaintiff's Second Amended Complaint. More importantly, the Court found that Plaintiff's proposed amended complaint sought to delay these already delayed proceedings by adding multiple new

causes of action as well as multiple new Defendants, all of which was known to Plaintiff on June 30, 2016.

Following the Court's November 22, 2016 Order, Plaintiff filed a Motion to Reconsider the Court's Order on December 12, 2016 (#68) that was denied by the Court the next day. A telephone status conference was scheduled in this case on December 20, 2016. Plaintiff failed to appear for the call. On January 1, 2017, Defendants filed a Motion to Compel Discovery, alleging that Plaintiff has failed to participate in any meaningful way in the discovery process. On the same day, Plaintiff filed a Motion for Extension of Time to Submit Expert Witnesses (#70). Three days later, on January 9, 2017, Judge Bruce entered an Order granting Defendants' Motions to Dismiss (#71), clarifying the issues in this case and allowing the parties to proceed with discovery on the remaining counts of Plaintiff's Second Amended Complaint.

The status call from December 20 was rescheduled for January 11, 2017, to allow Plaintiff to participate and to discuss the progress of the case going forward. Plaintiff again failed to appear for the status conference.

Following Plaintiff's second failure to appear for a status conference, the Court granted Defendant's Motion to Compel (#72) and ordered Plaintiff to show cause as to why his case should not be dismissed for want of prosecution (#72). The Court based its order on Plaintiff's failure to appear at multiple status calls, his lack of participation in the discovery process, and the fact that another pro se litigant from a related case appears to be preparing and filing the pleadings for Plaintiff in this case. Plaintiff's discovery compliance and his response to the Court's Order to Show Cause were due by January 25, 2017. Plaintiff filed a Response to the Order to Show Cause on January 24, 2017.

On January 17, 2017, Plaintiff filed another Amended Complaint, which the Court has construed as a Motion for Leave to File Amended Complaint (#73).

**II.   Analysis**

The Court first notes that Plaintiff did not style his Amended Complaint as a Motion for Leave to File an Amended Complaint, but rather filed an Amended Complaint despite the Court's previous Orders admonishing Plaintiff that the deadline for filing amended pleadings was June 30, 2016. As Plaintiff has already been told, to amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party (that's Plaintiff in this instance) must show "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause'

standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Defendants have filed responsive pleadings prior to Plaintiff filing his Motion for Leave to Amend. Where a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). "Two of the most important factors to consider are delay and prejudice." *Anderson v. City of Rockford*, 2016 U.S. Dist. LEXIS 22690, at *4 (N.D. Ill. 2016) (citing *Chavez*, 251 F.3d at 632-633).

The factors outlined in the Court's November 22, 2016 Order denying Plaintiff's last Motion for Leave to File an Amended Complaint (#67) weigh even stronger in favor of denying Plaintiff's current Motion, which was filed two months farther into the litigation than the last one. Plaintiff has failed to participate in the discovery process and has continually missed status calls in his case. Moreover, Plaintiff does not appear to be preparing his own pleadings, but rather filing identical pleadings prepared by another pro se litigant in a separate case against the same named Defendants. In short, Plaintiff does not appear to be interested in participating in this litigation and rather appears to be avoiding participation by delaying these proceedings through repeated attempts to file amended complaints.

Moreover, Judge Bruce has ruled on the most recent Motion to Dismiss filed by Defendants, which has narrowed the issues in this case so that the parties may now engage in focused, productive discovery. The Court will not allow Plaintiff to continue to treat the federal litigation process as some game. Plaintiff must understand that he may not avoid participating in this case by filing amended complaints or additional charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. This case has been defined by Judge Bruce's ruling on the Motion to Dismiss. Discovery will go forward, and Plaintiff will not be permitted to expand the scope of this employment discrimination case every time the Court rules on a motion to dismiss. No more delays; it's time for Plaintiff to participate in discovery or withdraw the Complaint.

The Court, in its previous Order, attempted to make this point clear to Plaintiff, explaining that he would not be allowed to file another amended complaint absent a showing of good cause. Allowing Plaintiff at this stage to file yet another amended complaint will only serve to unnecessarily delay (and unnecessarily expand the scope of) this litigation. Accordingly, Plaintiff, who provided zero explanation for the new filing, has failed to show good cause to file another amended complaint almost 8 months after the deadline set by the Court for doing so.

Going forward, **the Court will consider motions for leave to amend Plaintiff's complaint only if Plaintiff clearly explains why the amendments are needed and why those allegations could not have been included in previous versions of the complaint. Any motion to amend that reargues previously decided issues or includes claims already dismissed by the Court will *not* be allowed.**

### III. Conclusion

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint (#73) is DENIED. Additionally, Defendants' deadline to file their Response to Plaintiff's Second Amended Complaint is extended to February 20, 2017.

ENTERED this 27th day of January, 2017.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE