**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **NATHAN E. DOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-cv-2287** |
| | ) | |
| **KENCO LOGISTIC SERVICES, LLC,** | ) | **Judge Colin Stirling Bruce** |
| **et. al.** | ) | **Magistrate Judge Eric I. Long** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 37**

Defendants, Kenco Logistics Services, LLC ("Kenco") Kelvin Walsh, Tammi Fowler, Mario Lopez, Valerie Lilley and David Jabaley, by and through their undersigned attorneys, move for sanctions against Plaintiff, and state the following in support thereof:

1.      On October 4, 2016 Counsel for Defendants propounded discovery requests upon Plaintiff.

2.      Plaintiff failed to respond to the discovery responses in a timely manner nor did he respond to defense counsel's attempts to resolve any discovery disputes, resulting Defendants filing a Motion to Compel, on January 6, 2017 (Docket No. 69).

3.      Plaintiff failed to respond to Defendants' Motion to Compel.

4.      On January 11, 2017 the Court entered an Order granting Defendants' Motion to Compel and ordering Plaintiff to show cause as to why the case should not be dismissed on or before January 25, 2107 (Docket No. 72).

5.      Plaintiff subsequently supplied answers to discovery and filed a document with the Court responding to the Court's Order to show cause (Docket No. 75).

1

6.      A copy of Plaintiff's answers to interrogatories are attached as *Exhibit A*.  A copy of Plaintiff's responses to requests for production are attached as *Exhibit B*.

7.      Defendants reviewed Plaintiff's discovery responses and determined that Plaintiff failed to supply complete information in response to many of the discovery requests including: Interrogatories 4, 8, 9, 11, 12, 13, 15 and 17 and Requests for Production: 6, 10, 13, 14, 18, 23, 25 and 32.

8.      On March 1, 2017, Defendants sent a Rule 37 letter to Plaintiff via U.S. Mail requesting that Plaintiff correct the incomplete discovery responses on or before March 13, 2017. A copy of the Rule 37 letter is attached as *Exhibit C*. As explained in the Rule 37 letter, Plaintiff failed to provide adequate responses to a number of requests for basic information.[1]

9.      Plaintiff failed to respond to Defendants' Rule 37 letter.

10.      To date, Defendants have not received complete responses to any of the discovery requests identified in *Exhibit C*.

11.      Defendants have made numerous attempts to confer with Plaintiff regarding his discovery obligations in good faith both prior to filing the first motion to compel, as well as prior to filing this motion, to no avail.

12.      Plaintiff's pattern of refusing to respond to discovery reflects an unwillingness to cooperate and comply with his obligations under the Federal Rules of Civil Procedure.

13.      In accordance with Fed. R. Civ. Pro. 37(b)(2)(A), if a party fails to obey an order to provide discovery, the court may issue the following orders, including:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[1] It is troubling that Plaintiff and others former Kenco employees who are involved in other litigation continue to file virtually identical briefs but have failed to produce their non-privileged communications with one another.

| | |
|---|---|
| (iii) | striking pleadings in whole or in part; |
| (iv) | staying further proceedings until the order is obeyed; |
| (v) | dismissing the action or proceeding in whole or in part; |
| (vi) | rendering a default judgment against the disobedient party; or |
| (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

Fed. R. Civ. Pro. 37(b)(2)(A).

14.      It is appropriate for the Court to dismiss this case, given Plaintiff's demonstrated failure to comply with this Court's Order, failure to engage in good faith communications regarding his discovery obligations of this case, and continued failure to respond to discovery requests.

WHEREFORE, Defendants respectfully requests that this Court grant Defendants' Motion for Sanctions under Rule 37, and enter an Order dismissing Plaintiff's complaint.

Dated:   April 3, 2017

Respectfully submitted,

**VALERIE LILLEY, TAMMI FOWLER, KELVIN WALSH, MARIO LOPEZ DAVID JABALEY AND KENCO LOGISTIC SERVICES, LLC,**

By: /s/ Jody Wilner Moran_____
One of Their Attorneys

Jody Wilner Moran (ARDC No. 6186236)
Jody Kahn Mason (ARDC No. 6289872)
Julia Pearce Argentieri (ARDC No. 6302727)
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
MoranJ@jacksonlewis.com
Jody.Mason@jacksonlewis.com
Julia.Argentieri@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Jody Wilner Moran, an attorney, hereby certify that on April 3, 2017, I electronically filed a copy of the foregoing **Defendants' Motion for Sanctions** with the Clerk of Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail, to the following non-ECF participant:

> Nathan E. Doss (*pro se*)
> 1124 Abbot Lane
> University Park, IL 60484

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

> Thomas R. Davies
> Harry Harmon
> Kimberly J. Overbaugh
> Harmon & Davies, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> koverbaugh@h-dlaw.com

By: /s/ Jody Wilner Moran
     One of the Attorneys for Defendants