# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN E. DOSS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 15-cv-2287 |
| V. | ) Judge Conn Stirling Bruce |
| | ) Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S ANSWER TO DEFENDANTS ICENCO LOGISTIC SERVICES, LLC, TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID JABALEY AND MARIO LOPEZ' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendants Kenco Logistic Services, LLC ("Kenco"), Tammi Fowler ("Fowler"), Valerie Lillie ("Lillie"), Kelvin Walsh ("Walsh"), David Jabaley ("Jabaley") and Mario Lopez ("Lopez") (collectively referred to as "Defendants"), by their attorneys, Jody Wilner Moran and Jody Kahn Mason of Jackson Lewis P.C., hereby direct Plaintiff Nathan Doss ("Plaintiff" or "Doss") to answer the following interrogatories under oath, in accordance with Federal Rule of Civil Procedure 33, within 30 days of service:

### DEFINITIONS AND INSTRUCTIONS

A. In answering these interrogatories, please furnish all information available to Plaintiff, including information in the possession of or under the control of Plaintiff, Plaintiffs attorney(s), any investigators, and all persons acting on behalf of Plaintiff If Plaintiff cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible.

B. If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or regarding a verbal communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed), and the facts or basis on which you claim privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

C. As used herein, the following terms shall have the meanings indicated below:

   a. "Person" means any natural person, sole proprietorship, firm, partnership, corporation, group, organization, union, association, federation, government agency, or any other kind of entity.

   b. "Document" or "documents" include, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different form original) of all written, printed, typewritten, or otherwise recorded or graphic matter of any kind or nature, also any drawings, graphs, charts, photographs, photographic records, tape recordings, other recordings, computer files, electronic records, or other data compilations from which data can be obtained, emails, communications on social networking websites, including but not limited to Facebook, My Space, LinkedIn or Twitter, blog entries, or any tangible thing which constitutes or contains matters within the scope of Rule 34 of the Federal Rules of Civil Procedure, however produced or reproduced, whether or not now in existence, including, but not limited to files, contracts, correspondence, telegrams, agreements, letters, administrative

complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analysis, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tapes recordings, video recordings, motion pictures, evaluations, reviews, counselings, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described, presently or at any time in the possession, custody, or control of the Plaintiff, or any agent, representative, attorney or any and all other persons acting on behalf of Plaintiff, known to exist.

c. "Identify" or "identity," with respect to a natural person, means to state (1) his or her full name; (2) his or her last known home address and telephone number; (3) his or her present or last known employment position and employer; (4) his or her business address and telephone number; and (5) his or her relationship, if any, to Plaintiff.

d. "Identify" or "identity," with respect to a firm, corporation, partnership, association, government agency, or other entity means to state (1) the full name under which such entity is doing business; (2) the full business address and

telephone number of such entity; and, (3) the individuals with whom you had contact.

e. "Identify" or "identity," with respect to documents means to state (1) the author thereof and the person or persons to whom the document original was directed; (2) the type of document *(e.g.* letter, memorandum, email, telegram, chart, photograph, sound reproduction, etc.); (3) the source from whom Plaintiff obtained such document or documents; (4) the date of each such document or documents (5) its subject matter; (6) the current custodian of each such document or documents; and (7) the location at which each such document or documents are situated.

f. "Communication" refers to any contact, whether oral, written, electronic, or otherwise, between the parties specified, or on the subject specified. To "identify" a communication includes stating whether the communication was oral, written on paper or other material, communicated electronically, or communicated in some other manner, specifying how. If the communication was written or electronic, identify the document or writing in accordance with Paragraph (e). If the communication was oral, identify the participants, the date, the place, whether the communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents relating thereto.

g. "Plaintiff," "you," or "your" means the Plaintiff Nathan Doss, his agents, attorneys, and all other persons acting or purporting to act on Doss' behalf.

h. "Kenco" means Defendant Kenco Logistic Services, LLC, and its respective agents, attorneys, employees, and all other persons acting or purporting to act on its behalf.

i. "Fowler" means Defendant Tammi Fowler and her respective agents, attorneys, and all other persons acting or purporting to act on her behalf.

j. "Lillie" means Defendant Valerie Lillie and her respective agents, attorneys, and all other persons acting or purporting to act on her behalf.

k. "Walsh" means Defendant Kelvin Walsh and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

l. "Jabaley" means Defendant David Jabaley and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

m. "Lopez" means Defendant Mario Lopez and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

n. "Manzello" means Defendant Mike Manzello and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

o. "Regarding" or "relating to" means directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

p. "Complaint" means Plaintiff's Second Amended Complaint filed in the *Nathan A. Doss v. Kenco Logistic Services, LLC* lawsuit on or about June 30, 2016, in the United States District Court for the Central District of Illinois, bearing Cause Number 15- cv-2287 .

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State your full name, current address, and current telephone number, including all addresses at which you have lived during the past ten years.

ANSWER:

Nathan E. Doss
1124 Abbot Lane
University Park, IL 60484
708.265.6589

INTERROGATORY NO. 2:

Identify each person who supplied information to answer these interrogatories and specify by number those answers to which each such person supplied information.

ANSWER:   Nathan E. Doss

INTERROGATORY NO. 3:

Identify each person whom you claim or believe has knowledge of facts relevant to any claim or defense in this lawsuit. For each person identified—whether identified in Plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures or otherwise in response to this interrogatory—state briefly the subject matters about which the person has knowledge.

**ANSWER:**   Kelvin Walsh, Valerie Lillie, Mike Manzello, David Jabaley, Tammi Fowler, Dan Dey, Mario Lopez, Saul Beck, Russel Schippets, Lori Varvel, Stacey Bushey, Noah Richcreek, Edith McCurry, Leonard Szplett, Anastasia Sandness, Samuel Rockett, Jay Elliott, Karl Meyer, John Spell, Stephanie Dumas, John Detwiler

**INTERROGATORY NO. 4:**

Identify all communications you or any of your agents, including but not limited to your attorney(s), have had with any persons, including but not limited to current or former employees of Kenco, the media, and representatives of federal, state, or local governmental agencies, including the Illinois Department of Human Rights ("IDHR") and United States Equal Employment Opportunity Commission ("EEOC") regarding any of the allegations and claims made in your Second Amended Complaint, specifically identifying (a) the dates of such communication; (b) the substance of each such communication; (c) the individual(s) involved in each such communication; (d) the witnesses to each such communication; and (e) any documents evidencing or relating to each communication.

**ANSWER:**   As you know, you are not entitled to attorney client privilege information. The communications are too many and were not kept track of. The communications cannot be accurately recalled; therefore, they cannot be referenced.

**INTERROGATORY NO. 5:**

Identify each and every telephone number, including land line and cell phone numbers, you have used from January 1, 2012 to the present. For each number identified, state the service provider associated with each number *(e.g.,* AT&T, Verizon, Sprint, etc.).

**ANSWER:**   708.534.0536 Comcast & 708.265.6589 Boost

**INTERROGATORY NO. 6:**

Identify all email addresses that you have had at any time since January 1, 2012.

**ANSWER:**  none- do not have personal email address

**INTERROGATORY NO. 7:**

Identify each and every social media site (e.g., Facebook, MySpace, LinkedIn, Twitter, a blog, etc.) to which you have subscribed and/or have made comments on such site from January 1, 2012 to the present.

**ANSWER:** none

**INTERROGATORY NO. 8:**

With regard to damages, (a) identify whether the precise dollar amount of monetary damages you claim has changed in any way from that stated in Plaintiff's Rule 26(a)(1) initial disclosures; (b) state the method or methods by which the amount of damages you claim was calculated; (c) state the nature of any non-monetary damages and the reason(s) why you are seeking such relief; and (d) identify every document upon which you relied in answering this interrogatory, which relates in any way to the information requested in this interrogatory or which you claim supports your claim for damages as set forth in your answers.

**ANSWER:** undetermined at this time

**INTERROGATORY NO. 9:**

Describe in detail all attempts you have made to mitigate your alleged damages since your employment with Kenco ended, including, without limitation:

    a.    Communications to any employment agencies, search firms, job search websites, or employers concerning alternative or supplemental employment;

    b.    All job offers you have received (including the job title and salary you were offered), whether you accepted or rejected the offer and, if you rejected an offer, why you rejected the offer;

    c.    The date of each event or contact identified; and

    d.    All positions for which you applied and were refused employment, the date you applied for each such position, the date you were refused employment, the reason for that refusal and the salary rate of the position.

**ANSWER:** **Got hired with Xcel at the Mars Manteno facility and the day before, I was to start work the job offer got retracted.**

**Did not keep track, but I have been and I am currently employed.**

**INTERROGATORY NO. 10:**

Identify each and every doctor, health care professional, mental health care professional, psychiatrist, psychologist, social worker or any other health care professional with whom you have consulted or who has examined or treated you since January 1, 2010, and include: the dates of any consultation, examination and/or period of treatment; the purpose of each consultation, examination or treatment; whether any written report or memorandum was prepared by such person relative to the consultation, examination or treatment; the physical location and custodian of the consultation, examination or treatment records of any such person; and the diagnosis, prognosis, treatment and cost of treatment. Defendant further requests that you provide duly executed Authorizations for the Release of Medical Records in the form attached as **Exhibit A** and addressed to each individual and institution identified above, for the release to Defendant's counsel of all records which in any way relate to any and all medical, psychiatric and/or psychological treatment, counseling and therapy received by you for since January 1, 2010, and return same to counsel for Defendant with your answers to these interrogatories.

**ANSWER:** **Dr. Lance Kirby St. James Hospital Olympia Fields, IL-2015**

**No exhibit A was attached.**

**INTERROGATORY NO. 11:**

Identify, by case name, court, and docket number, each and every criminal, administrative, bankruptcy, workers' compensation or civil proceeding in which you have been involved in any capacity, including those in which you have been a party or a witness. Also, with respect to each judicial or administrative complaint or charge that you have instituted against any organization or individual, and any judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge or other identification number or designation, and state the current status or final disposition of such proceeding.

**ANSWER:** Object; as it is not relevant or reasonable to use to calculate evidence admissible at trial.

**INTERROGATORY NO. 12:**

Provide your chronological educational and employment history from completion of high school to the present, including:

(a) With respect to education, state the name and addresses of the educational institution(s), the dates of attendance, grade point average (GPA) and degrees or certificates conferred and the dates they were conferred; and

(b) With respect to employers (including self-employment) from high school to the present, state the name and address of each employer, your job title, a brief description of responsibilities, the name of your supervisor, your salary, and the reason for leaving employment (if terminated, please state the reason for the termination).

**ANSWER:** It is in my personnel file on the application. Part 6 page 29-30

**INTERROGATORY NO. 13:**

State with specificity all compensation, benefits, and/or other monies you have received from any source since January 1, 2012 (including from any government agency), including the identity of each employer or government agency (including self-employment) and the dates you received such compensation, benefits and/or other monies. Identify every document upon which you relied on answering this interrogatory and which relates in any way to the information requested in this interrogatory.

**ANSWER:** 4T's, Kenco, DSC logistics and Creek Logistics; no documents

**INTERROGATORY NO. 14:**

State whether you have ever applied for or received any short-term disability benefits or leave, long-term disability benefits or leave, Social Security benefits, unemployment benefits and/or public assistance of any kind in the last ten (10) years and for each instance of STD, LTD, Social Security benefits, unemployment benefits or public assistance list: (1) the dates on which you applied for the benefits; (2) the entity to which you applied for the benefits; (3) the dates on which you received the benefits; (4) the basis for the leave and/or benefits; and (5) the dollar amount of the benefits received.

**ANSWER:** none

**INTERROGATORY NO. 15:**

State whether you have been arrested or convicted of any crime in the past 10 years. If so, state your name at the time of the arrest or conviction; the name of the jurisdiction where the arrest or conviction took place; the offense you were charged with; the offense for which you were convicted; and the date(s) of the arrest and the date(s) of the conviction.

**ANSWER:**

**Object; as it is not relevant or reasonable to use to calculate evidence admissible at trial.**

### INTERROGATORY NO. 16:

State the name and address of every expert you have contacted for purposes of this litigation, and for each identify: (a) each expert's areas of expertise, including a resume or curriculum vitae; (b) all communications you have had with each expert; (c) all documents provided to or received from each expert; (d) whether the expert rendered an oral or written report, and if written, identify the report and state its current location (if the report was oral, state the contents of each report in full); and (e) whether you intend to call the expert as a witness during the trial of this matter and. If so, provide a detailed summary of anticipated testimony.

**ANSWER:** **None at this time**

### INTERROGATORY NO. 17:

Identify all individuals with whom you have discussed this lawsuit or your belief that Defendants discriminated against you (other than privileged communications with an attorney) and describe the date and substance of the conversation.

**ANSWER:** **That information has not been recorded and cannot be recalled, reproduced or tabulated.**

### INTERROGATORY NO. 18:

Identify each document you intend to offer into evidence at the trial of this matter, or attach a copy of these documents to your answers to these interrogatories.

**ANSWER:** **Documents on CD dated 11.21.16**

DATED: January 13, 2017

_____
Nathan E. Doss *(pro se)*
1124 Abbot Lane
University Park, IL 60484

## CERTIFICATE OF SERVICE

The undersigned, Nathan E. Doss, certifies that on January 14, 2017 the aforementioned Response to Mars, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff were served on Defendant via U.S. 1st Class Mail:

Jody W. Moran
Julia P. Argentieri
JACKSON LEWIS P.C.
150 N. Michigan Ave., Ste. 2500
Chicago, IL 60601

By: _____
Nathan E. Doss (*pro se*)
1124 Abbot Lane
University Park, IL 60484