# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

NATHAN E. DOSS,

                    Plaintiff,

                                        **Case No. 15-cv-2287**
v.                                      **Judge Colin Stirling Bruce**
                                        **Magistrate Judge Eric I. Long**
KENCO LOGISTIC SERVICES, LLC, et
al.

                    **Defendants.**

### PLAINTIFF'S ANSWER TO DEFENDANTS KENCO LOGISTIC SERVICES, LLC, TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID JABALEY AND MARIO LOPEZ' FIRST SET OF PRODUCTION REQUESTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff answers

Defendants Kenco Logistic Services, LLC ("Kenco"), Tammi Fowler ("Fowler"), Valerie Lillie

("Lillie"), Kelvin Walsh ("Walsh"), David Jabaley ("Jabaley") and Mario Lopez ("Lopez")

(collectively referred to as "Defendants"), request to produce the following documents for

inspection and copying at the offices of Jackson Lewis, P.C., 150 North Michigan Avenue, Suite

2500, Chicago, Illinois 60601, within 30 days of service.

### DEFINITIONS AND INSTRUCTIONS

Except as amended and/or augmented in these Definitions and Instructions, the

Definitions and Instructions set forth in Defendants' First Set of Interrogatories to Plaintiff are

incorporated by reference as if fully set forth herein.

In producing the requested documents, please furnish all documents available to Plaintiff

Nathan Doss, including documents in his possession and in the possession of his attorney(s),

investigators, agents, and any person acting on his behalf.

If Plaintiff contends that any part of these requests calls for a document that is privileged in whole or in part, or contends that any document is protected from disclosure regardless of its relevance, state the following with specificity:

1.    The basis for each such contention, objection, or ground for exclusion; and

2.    Identify the following:

      i.    Author

      ii.    Addressee

         Date

      iv.    Subject matter

      v.    Number of pages, including all attachments or appendices

      vi.    All persons to whom it was distributed, shown or explained; and

      vii.    The present custodian of each document.

All documents produced shall be segregated and identified by the request to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in that paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

If Plaintiff objects to part of any request, please furnish documents responsive to the remainder of the request.

The documents produced in response to this request shall include all attachments and enclosures.

Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all nonidentical copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other *(e.g.,* by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

All documents produced in response to this request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.

If you claim that Defendants possess documents responsive to Defendants' Request for Production of Documents, identify each of those documents individually and separately and state your basis for believing such documents exist and your basis for believing such documents are responsive to Defendants' Request for Production of Documents.

## REQUESTS FOR PRODUCTION

1.     All documents identified in your responses to Defendants' First Set of Interrogatories to Plaintiff. **Documents contained on the CD dated 11.21.16**

2.     All documents that used or relied upon by you in the preparation of your responses to Defendants' First Set of Interrogatories to Plaintiff. **Documents contained on the CD dated 11.21.16**

3.     All documents identified, or to be identified, in your Rule 26(a) disclosures. **Documents contained on the CD dated 11.21.16**

4.     All documents relating to any of the allegations made in your Second Amended Complaint. **Documents contained on the CD dated 11.21.16**

- 3 -

5.      A copy of your Facebook account. This information may be obtained by going to your Facebook account and looking under \*>Account Settings menu to "Download a copy of your Facebook data." Once there, you should select "Start My Archive" and Facebook will compile a .zip file of your account. Please send us a copy of that .zip file. **None**

6.      All communication documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites) in your possession, custody or control, between you and any former or current employee of Kenco, including, but not limited to, Morris Tyson, Mary Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello from January 2010 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access. **Emails contained on the CD dated 11.21.16**

7.      All social networking pages in your possession, custody or control from any and all social networking websites patronized by you from January 2012 to the present, including but not limited to MySpace, Twitter, LinkedIn, and Facebook, which relate to your activities, social life, employment, work opportunities, or any allegation contained in your Second Amended Complaint. This request specifically includes, but is not limited to, any responsive

- 4 -

communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access. **None**

8.      All communication in your possession, **custody or control, between you and any** third party not previously identified from January **2012 to present, which discuss or mention** your activities, social life, employment, work opportunities, **or any allegation contained in your** Second Amended Complaint. This request for communication **documents shall include, but not** be limited to, all emails, text messages, instant messages, **postings and photographs on any and** all social networking websites, such as MySpace and Facebook **to which you are or were a** member during the timeframe noted above. This request specifically includes, **but is not limited** to, any responsive communications, messages, or postings in social **media areas that are** designated as private or otherwise restricted from public access.   **None**

9.    All documents relating to your employment with Kenco, including, **without** limitation, personal diaries, journals, calendars, schedules, itineraries, employment agreements, performance evaluations, discipline, correspondence, written statements, electronic mail, social networking website posts, blog posts, computer files, digital or otherwise recorded pictures, photographs or graphical representations, and any other documents that relate to such employment or termination of employment, including documents that are considered property of Kenco or Mars, Inc. **Documents contained on the CD dated 11.21.16**

10.    All documents relating to any communications, including electronic, internet or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to your friends, family, neighbors, current or former co-workers (including Morris Tyson, Mary

Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello), colleagues, acquaintances, and strangers, that relate to Defendants, your employment with Kenco, or your claims against Defendants. **Relevant documents on CD dated 11.21.16**

      **11.**    All documents related to your job duties while employed by Kenco and your performance of those job duties. **See attached list correlating documents to CD dated 11.21.16**
All documents relating to any action by Defendants that you contend was an unlawful adverse employment action. **See Doss 6/30/16 complaint § 117, 118, 119, 121, 122, 123, 124, 137, 139, 143, 144, 145, 173, 176, 182-185, 190, 209-212, 218, 225, 243, 245, 254, 255, 263 ¶2 & 3, 265, 267, 280, 286, 287, 288, 290, 313 ¶ 4, 314, 316, 317, ¶ 4 & 5, 319, 321-329, as well as, the sixth cause of action.**

1. **Exclusion from reasonable training class by Tammi Fowler in May of 2014.**

2. **Defendant contriving and executing a plan on the executive level of the company whereby it hired Jay Elliott as Vice President of Legal.**

3. **Jay Elliott participating in the investigation of IDHR and EEOC as the attorney and witness, without having firsthand information, to willfully and intentionally obstruct the administration of justice, skew and adversely influence the IDHR and EEOC investigation, as well as, continuing to deprive Plaintiff of his enjoyed and protective rights.**

4. **David Jabaley participating in the IDHR and EEOC investigation as a witness with firsthand information, who in fact had no firsthand information with regards to the charges filed on May 7, 2014, May 21, 2014, May 29, 2014 and June 9, 2014, with the intent to willfully and intentionally obstruct the administration of justice, skew and adversely influence the IDHR and EEOC investigation, as well as, continuing to deprive Plaintiff of his enjoyed and protective rights.**

12.    All documents relating to any action by Defendants that you contend was harassing or discriminatory on the basis of your race.  **See Doss 6/30/16 complaint § 88, 89, 92-97, 99-119, 121, 125-131, 134-155 (Doss opposed being sent home by email to management), 156, 160, 162-170, 172-176, 178-179, 181-185, 187-191, 194-198, 200-201, 203-204, 208-210, 213-214, 218, 220-225, 227, 229, 235-238, 240-243, 245-246, 252, 254-256, 258-261, 263-268, 270-272, 276-279, 283-291, 293-297, 300, 302-304, 306, 311-314, 316-329, 331**

13.    All documents relating to any other Kenco employee who you contend is similarly situated to you, is not a member of your protected class (*i.e.,* was a different race), and was treated more favorably than you. **Karl Meyer, Stephanie Dumas, John Spell, Pete Monstwillo, Stacey Bushey, Jeff Carsons. Plaintiff reserves the right to supplement this answer.**

14.    All documents relating to any item of monetary damages for which you intend to seek recovery. **Yet to be determined**

15.    All documents relating to any non-monetary relief for which you intend to seek recovery, including, but not limited to: **Yet to be determined**

      a.    All medical, psychiatric and/or psychological records from January 2010 to the present, relating to you.

      b.    All documents relating to your admission to, or treatment at, any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis, since January 2010.

c. All documents relating to any medical or medical device prescribed to you since January 2010, including, but not limited to, any documents that reflect the name and dosage of such medication or medical device.

d. A signed copy of the medical authorizations attached hereto. **Not attached**

17. All documents relating to your calculation of your costs in this action. **Yet to be determined**

18. All diaries, logs, journals, calendars, appointment books, Outlook or other electronic calendar or note-keeping programs, notes memoranda, or other memorializations (contemporaneous or otherwise) of events in your life for the period of January 2012 to the present. **Any relevant documents are contained on CD dated 11.21.16**

19. All documents that you have filed at any time with any federal or state court or administrative agency, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR") against any person, firm, corporation, institution, agency or entity regarding your employment or any claim of employment discrimination or violation of leave laws.

**See Doss 6/30/16 complaint § 8-15, IDHR and EEOC 2015CF2725 and 21B201501282 respectively, as well as, again see Doss 6/30/16 complaint § 88, 89, 93, 96, 99, 103, 108, 114, 131, 165, 167, 172, 195, 198, 203, 209, 214, 221, 240-242, 245, 255 (date should have been August 18, 2014 not October), 272, 302, and 303. Defendant became aware of the formal charges filed on or about:**

**May 14, 2014;**

**May 29, 2014;**

**June 4, 2014;**

**June 17, 2014;**

**August 18, 2014;**

**October 16, 2014;**

November 12, 2014;

January 6, 2015 and;

April 16, 2015.

20.    All written or recorded statements, memoranda, or correspondence provided to you or your agents by any person contacted or interviewed in connection with this matter. **See attached Doss part 69**

21.    All written reports of expert witnesses who have been contacted, interviewed or engaged for this matter. **TBD**

22.    All documents provided by you or your agents to any expert who has been contacted, interviewed, or engaged for this matter. **None at this time**

23.    All documents relating to your state, federal, or local income tax returns (including but not limited to returns; IRS Forms W-2 or 1099 from any and all sources; and tax **work sheets) for the years 2012 through the present as well as an executed copy of IRS** Form **4506, which is attached hereto. Unavailable at this time; nothing was attached as well.**

24.    **All documents which reflect income of** any kind, or any **insurance payments, unemployment compensation, long- or short-term disability benefits, alimony or spousal support, annuity, pension or any other payments you received, from any source from January 2012, through the present. Everything else other than unemployment, LTD or STD cannot be reasonably used to calculate evidence admissible at trial.**

25.    **All documents relating to any efforts you made to find or engage in any employment or self-employment, regardless of whether the applications were for full-time, part-time, volunteer, temporary or regular employment from January 2012 to the present, including but not limited to any communications to or from you and any employment agencies, search firms, employers, or potential** or prospective **employers, concerning any and all job offers you** have received. **Did not document**

26.     All documents you believe tend to substantiate the allegations asserted in your Second Amended Complaint. **Documents on CD dated 11.21.16**

27.     All documents you believe tend to refute any allegation asserted in your Second Amended **Complaint. Absolutely none**

28.     All documents that **you will introduce into evidence as exhibits at the trial of this matter.    Documents on CD dated 11.21.16; reserve the right to supplement during the appropriate time period.**

29.     All documents you intend to use at any deposition in this matter. **Documents on CD dated 11.21.16, as well as, any FOIA accessible documents relevant to this matter.**

30.     All other documents, not otherwise produced, substantiating any allegation in your Second Amended **Complaint. None at this time**

31.     All other **documents, not otherwise produced, refuting or tending to disprove any** allegation in your Second Amended Complaint.    **Absolutely none**

32.     All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination or any application for Social Security disability benefits), bankruptcy and/or divorce that you have instituted against any company, individual or other organization, or in which you have been a party or a witness, other than the instant action against Defendants.  **Object; Not relevant to this matter and cannot reasonably be used to calculate evidence admissible at trial**

33.     All documents received in this lawsuit pursuant to any subpoena issued by you and copies of all correspondence related to such subpoenas. **None at this time**

34.     All documents that you either sent to or received from the Illinois Department of Human Rights ("IDHR") or United States Equal Employment Opportunity Commission ("EEOC") relating to the Charges of Discrimination you filed against Kenco. **Documents on CD**

DATED: January 13, 2017

Nathan E. Doss *(pro se)*
1124 Abbot Lane
University Park, IL 60484

**Question # 11   Answer-Doss**

Part 2  page 5 & 6

Part 6   page  10-12, 14-45, 48-50

Part 7   Exhibit B

Part 10 page  59-77

Part 11 page   26-60

Part 14 Exhibit A-C

Part 16 page 2-18, 26-32

Part 17 & 18

Part 19 page 49-50

Part 20 page 18-32

Part 22 page 35-43

Part 23a page 1-2

Part 25 page 61-63 & 68

Part 26 page 15-68

Part 27 page 44-50

Part 28 page 74

Part 29 page 11-24

Part 30

Part 31 page 10-57, 91-100

Part 32

Part 33 page 31-36, 54-56

Part 34 page 36-38, 41, 58-65, 79-84

Part 35 page 3, 25, 26, 36, 39-45, 71-75

Part 36-55

Part 57-78