# EXHIBIT C



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Tel 312 787-4949
Fax 312 787-4995
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 312-803-2533
MY EMAIL ADDRESS IS: JULIA.ARGENTIERI@JACKSONLEWIS.COM

March 1, 2017

**VIA ELECTRONIC AND U.S. MAIL**
Nathan Doss
1124 Abbot Lane
University Park, IL 60484

                Re:    Nathan Doss v. Kenco Logistic Services, LLC et. al.
                      Case No. 15-cv-2287

Dear Mr. Doss:

      We have received your answers to Defendant's First set of Interrogatories and Requests for Production. In accordance with Fed. R. Civ. Pro. 37(a) as well as Local Rule 37.2, we are writing to call your attention to a number of deficiencies in these discovery responses, including interrogatories: 4, 8, 9, 11, 12, 13, 15 and 17 as well as requests for production: 6, 10, 13, 14, 18, 23, 25 and 32. In short, we are concerned about your complete refusal to answer a number of the interrogatories and requests for production that seek very basic information about this litigation, as well as your lack of identifying the documents with specificity and, instead, referring us to a CD that contains thousands of documents, many of which are not responsive to the particular requests.

      Below is a summary of our objections to your discovery answers. We are requesting complete supplemental responses on or before March 13, 2017.

**Answers to Interrogatories:**

**Interrogatory No. 4: Identify all communications you or any of your agents, including but not limited to your attorney(s), have had with any persons, including but not limited to current or former employees of Kenco, the media, and representatives of federal, state, or local governmental agencies, including the Illinois Department of Human Rights ("IDHR") and United States Equal Employment Opportunity Commission ("EEOC") regarding any of the allegations and claims made in your Second Amended Complaint, specifically**



Nathan Doss
Rule 37 Letter
March 1, 2017

identifying (a) the dates of such communication; (b) the substance of each such communication; (c) the individual(s) involved in each such communication; (d) the witnesses to each such communication; and (e) any documents evidencing or relating to each communication.

You responded with "As you know, you are not entitled to attorney client privilege information. The communications are too many and were not kept track of. The communications cannot be accurately recalled; therefore, they cannot be referenced." First, we are not requesting any privileged communications. The interrogatory asks you to identify communications that either you, or your attorney, had with third-parties such as former employees of Kenco. If you do not recall every single communications and the surrounding details, we would request that you make a reasonable effort to identify as much of this responsive information as you can. Given that it appears that you continue to have communication with other former Kenco employees about the litigations based on the parallel filings in various cases, we are surprised you would state that you do not recall any such communications. Please provide a complete answer to this interrogatory, and a reference to any documents including emails/text messages reflecting such communications.

**Interrogatory No. 8:** With regard to damages, (a) identify whether the precise dollar amount of monetary damages you claim has changed in any way from that stated in Plaintiff's Rule 26(a)(1) initial disclosures; (b) state the method or methods by which the amount of damages you claim was calculated; (c) state the nature of any non-monetary damages and the reason(s) why you are seeking such relief; and (d) identify every document upon which you relied in answering this interrogatory, which relates in any way to the information requested in this interrogatory or which you claim supports your claim for damages as set forth in your answers.

You responded with "undetermined at this time." We are entitled to receive information regarding how you are calculating your damages prior to taking your deposition and it is not reasonable for you to delay providing this information, including how you are calculating the damages listed in your Rule 26(a) disclosures. Please provide a complete answer to this interrogatory.

**Interrogatory No. 9:** Describe in detail all attempts you have made to mitigate your alleged damages since your employment with Kenco ended, including, without limitation:
    a.    Communications to any employment agencies, search firms, job search websites, or employers concerning alternative or supplemental employment;
    b.    All job offers you have received (including the job title and salary you were offered), whether you accepted or rejected the offer and, if you rejected an offer, why you rejected the offer;
    c.    The date of each event or contact identified; and
    d.    All positions for which you applied and were refused employment, the date you applied for each such position, the date you were refused employment, the reason for that refusal and the salary rate of the position.



Nathan Doss
Rule 37 Letter
March 1, 2017

You responded with "Got hired with Xcel at the Mars Manteno facility and the day before, I was to start work the job offer got retracted. Did not keep track, but I have been and I am currently employed." This answer is vague and insufficient. Please identify all job offers you have received since your employment with Kenco ended, including but not limited to: the dates you received the offer, the salary, and the reason you were refused employment, if applicable. You are also required to identify other jobs you have applied for. If you did not keep track, please identify the jobs that you recall applying for, or produce documents that will reflect job applications, if such documents exist.

**Interrogatory No. 11: Identify, by case name, court, and docket number, each and every criminal, administrative, bankruptcy, workers' compensation or civil proceeding in which you have been involved in any capacity, including those in which you have been a party or a witness. Also, with respect to each judicial or administrative complaint or charge that you have instituted against any organization or individual, and any judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge or other identification number or designation, and state the current status or final disposition of such proceeding.**

You responded with "Object; as it is not relevant or reasonable to use to calculate evidence admissible at trial." We disagree with your assertion. The scope of what is discoverable is significantly broader than what may be ruled admissible at trial. Furthermore, given that you are claiming emotional distress damages in this litigation, we are entitled to know about any other events that may have contributed to such emotional distress, including other litigation. *See Wofford v. Celani,* 2012 U.S. Dist. LEXIS 95708, *6-*7 (N.D. Ill. 2012) (allow discovery of prior litigation by a plaintiff in order to assess claims of emotional distress). Your objection is improper and we are requesting that you provide a complete answer to this interrogatory.

**Interrogatory No. 12: Provide your chronological educational and employment history from completion of high school to the present, including:**
    (a) **With respect to education, state the name and addresses of the educational institution(s), the dates of attendance, grade point average (GPA) and degrees or certificates conferred and the dates they were conferred; and**
    (b) **With respect to employers (including self-employment) from high school to the present, state the name and address of each employer, your job title, a brief description of responsibilities, the name of your supervisor, your salary, and the reason for leaving employment (if terminated, please state the reason for the termination).**

You responded with "It is in my personnel file on the application. Part 6 pages 29-30." We request that you provide a complete answer that covers any other employment not included on your Kenco job application, including but not limited to, any employment since Kenco, as well as names of supervisors, salary and reason for leaving employment.

3



Nathan Doss
Rule 37 Letter
March 1, 2017

**Interrogatory No. 13:** State with specificity all compensation, benefits, and/or other monies you have received from any source since January 1, 2012 (including from any government agency), including the identity of each employer or government agency (including self-employment) and the dates you received such compensation, benefits and/or other monies. Identify every document upon which you relied on answering this interrogatory and which relates in any way to the information requested in this interrogatory.

You responded with "4T's, Kenco, DSC logistics and Creek Logistics; no documents." This answer is incomplete. Please provide a more complete answer to this interrogatory that includes the amount of compensation/benefits you have received from each employer or any other source.

**Interrogatory No. 15:** State whether you have been arrested or convicted of any crime in the past 10 years. If so, state your name at the time of the arrest or conviction; the name of the jurisdiction where the arrest or conviction took place; the offense you were charged with; the offense for which you were convicted; and the date(s) of the arrest and the date(s) of the conviction.

You responded with "Object; as it is not relevant or reasonable to use to calculate evidence admissible at trial." Once again, we disagree with your belief that you do not have to produce information on the grounds that it may not be admissible at trial. The question here is whether such information is discoverable under the broad parameters of Fed. R. Civ. Pro. 26 and it is our position that it is. Please provide a complete response to Interrogatory No. 15.

**Interrogatory No. 17:** Identify all individuals with whom you have discussed this lawsuit or your belief that Defendants discriminated against you (other than privileged communications with an attorney) and describe the date and substance of the conversation.

You responded with "That information has not been recorded and cannot be recalled, reproduced or tabulated." Again, we have strong reason to believe you have discussed this lawsuit with other former employees even in recent weeks and months given that you appear to have shared filings, so even if you cannot recall every conversation, we request that you make reasonable efforts to answer this interrogatory and identify all communications you can recall.

**Responses to Requests for Production:**

**Request No. 6 and Request No. 10:**

**Request No. 6:** All communication documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites) in your possession, custody or control, between you and any former or current employee of Kenco, including, but not limited to, Morris Tyson, Mary Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete

4



Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello from January 2010 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

**Request No. 10: All documents relating to any communications, including electronic, internet or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to your friends, family, neighbors, current or former co-workers (including Morris Tyson, Mary Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello), colleagues, acquaintances, and strangers, that relate to Defendants, your employment with Kenco, or your claims against Defendants.**

In response to both of these requests, you refer to documents contained on the CD dated 11.21.16. First of all, the CD you produced contains thousands of pages of documents, many of which are not communications. If there are communications which you believe are responsive to this request, you are required to identify them with some degree of specificity rather than just referring us to an entire CD containing thousands of documents. *See Moser v. Gounaris,* 2010 U.S. Dist. LEXIS 99667 (N.D. Ill. 2010) (dismissing case as discovery sanction and emphasizing that the turning over of documents did not satisfy obligation to provide written responses). Furthermore, we have not located any documents on your CD reflecting communications with other former Kenco employees (or other third parties) after your termination from Kenco. If such documents exist, whether in text message, email, handwritten notes or any other format, you are required to produce them and identify them in your response.

**Request No. 13: All documents relating to any other Kenco employee who you contend is similarly situated to you, is not a member of your protected class (*i.e.,* was a different race), and was treated more favorably than you.**

You responded by providing a list of names. Fed. R. Civ. Pro. 34 requires that a response identify documents. Please provide a reference to any specific documents that relate to this request.

**Request No. 14: All documents relating to any item of monetary damages for which you intend to seek recovery.**

You responded with "yet to be determined." As previously indicated in our letter as it related to Interrogatory No. 8 which also seeks damages information, you are required to provide all



Nathan Doss
Rule 37 Letter
March 1, 2017

documents and information related to your damages, and this must be determined before we can move forward in discovery.

**Request No. 18: All diaries, logs, journals, calendars, appointment books, Outlook or other electronic calendar or note-keeping programs, notes memoranda, or other memorializations (contemporaneous or otherwise) of events in your life for the period of January 2012 to the present.**

You responded with "any relevant documents are contained on CD dated 11.21.16." Again, like your responses to Requests 6 and 10, this response is insufficient. If you actually kept diaries, journals, calendars, appointment books or other such items, please identify with some degree of specificity which documents on the CD relate to this request. If you do not have any documents responsive to this request, please state that in your response. We are not required to sift through thousands of pages of documents to decipher whether there is any document which you may, or may not, believe to be relevant to a specific request.

**Request No. 23**: **All documents relating to your state, federal or local income tax returns (including but not limited to returns; IRS Forms W-2 or 1099 from any and all sources and tax work sheets for the years 2012 through present as well as an executed IRS Form 4506, which is attached hereto.**

You state "unavailable at this time; nothing was attached as well." This answer is insufficient as a matter of law. If you did not retain copies of your tax returns please complete an IRS form 4506 in order to request that copies of your tax returns be sent directly to counsel for Defendant. We are enclosing a copy of IRS form 4506. If you did not prepare tax returns, please clarify that in your answer, and note that we are also requesting any other available information such as Form 1099s or W-2s in order to verify all income. Please provide a complete answer to this request.

**Request No. 25: All documents relating to any efforts you made to find or engage in any employment or self-employment, regardless of whether the applications were for full-time, part-time, volunteer, temporary or regular employment from January 2012 to the present, including but not limited to any communications to or from you and any employment agencies, search firms, employers, or potential or prospective employers, concerning any and all job offers you have received.**

You responded with "did not document." Please confirm if you have engaged in a diligent search and there are no documents responsive to this requests.

**Request No. 32: All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination or any application for Social Security disability benefits), bankruptcy and/or divorce that you have instituted against any company, individual or other organization, or in which you have been a party or a witness, other than the instant action against Defendants.**



Nathan Doss
Rule 37 Letter
March 1, 2017

You responded with "Object: Not relevant to this matter and cannot reasonably be used to calculate evidence admissible at trial." As we stated previously regarding interrogatory No. 11, these documents are relevant and discoverable. Please provide a complete response to this request.

    If you have any questions about these discovery deficiencies or what we are asking for, please do not hesitate to contact me. We are requesting complete, supplemental responses to all of the above interrogatories and requests for production. If we do not receive complete responses on or before March 13, 2017 we intend to file a Motion to Compel so that the case can move forward with discovery. Please also note that in the event that we are required to file a motion to compel, we may also seek our reasonable costs and attorney's fees associated with such work.

    Regards,

    **JACKSON LEWIS P.C.**

    Julia P. Argentieri

CC: Tom Davies and Kimberly Overbaugh, Counsel for Mars (via email only)

Form **4506**
(Rev. September 2015)
Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

Note: If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . □

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

_____   _____   _____   _____   _____

_____   _____   _____   _____   _____

**8** Fee. There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**
   **a** Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  50.00
   **b** Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . .
   **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . . $
**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . □

**Caution:** Do not sign this form unless all applicable lines have been completed.
**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** For tax returns being sent to a third party, this form must be received within 120 days of the signature date.

□ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**
▶ Signature (see instructions)          Date
▶ Title (if line 1a above is a corporation, partnership, estate, or trust)
▶ Spouse's signature          Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**          Cat. No. 41721E          Form **4506** (Rev. 9-2015)

Form 4506 (Rev. 9-2015) Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

### Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506-T and Form 4506T-EZ will be posted on that page.

### General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of nonfiling, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |

### Chart for all other returns

| If you lived in or your business was in: | Mail to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

### Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.