E-FILED
Friday, 05 May, 2017 10:50:33 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**NATHAN E. DOSS,**

   **Plaintiff,**

v.

**KENCO LOGISTIC SERVICES, et al.,**

   **Defendants.**

Case No. 15-2287

## REPORT AND RECOMMENDATION

  This case is before the Court on Defendants Kenco Logistics Services, LLC, Kelvin Walsh, Tammi Fowler, Mario Lopez, Valerie Lilley, and David Jabaley's (collectively "Defendants") Motion for Sanctions Under Rule 37 (#80). Plaintiff Nathan Doss ("Plaintiff") filed a Response to Defendant's Motion (#81). Contemporaneous with this Report and Recommendation, the Court again ordered Plaintiff to produce discovery responses. The Court further recommends that Plaintiff be sanctioned for failing to comply with this Court's prior orders regarding discovery and therefore recommends that Defendants' Motion for Sanctions Under Rule 37 (#80) be GRANTED in part and DENIED in part.

### I. Background[1]

  This case has a lengthy procedural history. On December 7, 2015, Plaintiff filed his Complaint against Kenco Logistic Services, and Mars, Inc. On March 22, 2016, Defendant Mars, Inc. filed a Motion to Dismiss Plaintiff's Complaint. Defendant Kenco also filed a Motion to Dismiss on April 1, 2016. On April 4, 2016, Plaintiff filed his first Motion for Leave to File an Amended Complaint (#24), which was granted on April 5, 2016. Plaintiff's Amended Complaint added the individual Defendants to this action.

---

[1] This background is largely repeated in the Court's contemporaneous Order directing Plaintiff to answer outstanding discovery requests.

Defendants Mars and Kenco subsequently filed new Motions to Dismiss. (#29; #31). Following a Rule 16 Scheduling Conference, the Court set a June 30, 2016, deadline for the filing of all amended pleadings.

On May 3, 2016, Judge Colin S. Bruce granted in part and denied in part Defendants' Motions to Dismiss. (#37). Following Judge Bruce's Order, Plaintiff filed a Second Motion for Leave to File an Amended Complaint (#45) on June 30, 2016, the deadline for the filing of amended pleadings. Plaintiff's Motion was granted on July 25, 2016. (#48). Plaintiff's Second Amended Complaint consisted of 383 paragraphs, was 79 pages long, and reasserted causes of action that had already been dismissed by Judge Bruce and therefore were stricken by the Court. Defendants filed Motions to Dismiss on September 15, 2016, (#52; #56). Defendant Kenco also filed its Answer on the same date. (#57). Plaintiff was due to file a response to both Motions to Dismiss no later than October 3, 2016.

On September 21, 2016, rather than respond to Defendants' Motions to Dismiss, Plaintiff filed a Motion to Strike Defendant Mars' Answer (#59), a Motion for Entry of Default (#60), and a Motion for Default Judgment (#61). All three Motions were denied on September 22, 2016, as the Court found that there was no legally sufficient basis for any of the Motions to be granted. On October 13, 2016, 10 days after Plaintiff's deadline to file a Response to Defendants' Motions to Dismiss, Plaintiff filed a Motion for Extension of Time to file a Response (#62). The Court, in granting Plaintiff's Motion for Extension of Time, cautioned Plaintiff to pay close attention to the response deadlines because future extensions would not be automatically allowed. *See* October 14, 2016 Text Order. Plaintiff was given a 7 day extension, to October 21, 2016, to file a Response to Defendants' Motions to Dismiss.

On October 21, 2016, rather than file a Response, which was already 18 days past due, Plaintiff filed a Motion for Leave to File a Consolidated Amended Complaint (#63). Plaintiff's proposed amended complaint was based on an EEOC right to sue letter from October 17, 2016 regarding his ninth charge of discrimination that was filed with the EEOC on April 7, 2015. Plaintiff's proposed amended complaint sought to add new

allegations under the federal WARN Act, the federal Family and Medical Leave Act, and the Americans with Disabilities Act, as well as claims of conspiracy and coercion.

On November 22, 2016, the Court entered an Order denying Plaintiff's Motion for Leave to File a Consolidated Amended Complaint (#67). The Court explained that Plaintiff's request to amend his Complaint came after the June 30, 2016 deadline to file an amended complaint and, pursuant to Rule 16, Plaintiff is required to show good cause for amending his Complaint after the deadline. Additionally, the Court noted its concern with Plaintiff's lack of diligence in seeking an amendment so long after the June 30, 2016 deadline, especially considering that Defendants had already filed multiple motions to dismiss and a lengthy answer to Plaintiff's Second Amended Complaint. More importantly, the Court found that Plaintiff's proposed amended complaint sought to delay these already delayed proceedings by adding multiple new causes of action as well as multiple new Defendants, all of which was known to Plaintiff on June 30, 2016.

Following the Court's November 22, 2016 Order, Plaintiff filed a Motion to Reconsider the Court's Order on December 12, 2016 (#68) that was denied by the Court the next day.

A telephone status conference was scheduled in this case on December 20, 2016. Plaintiff failed to appear for the call.

On January 6, 2017, Defendants filed a Motion to Compel Discovery (#69), alleging that Plaintiff had failed to participate in any meaningful way in the discovery process. On the same day, Plaintiff filed a Motion for Extension of Time to Submit Expert Witnesses (#70).

Three days later, on January 9, 2017, Judge Bruce entered an Order granting Defendants' Motions to Dismiss (#71), clarifying the issues in this case and allowing the parties to proceed with discovery on the remaining counts of Plaintiff's Second Amended Complaint.

The status call from December 20 was rescheduled for January 11, 2017, to allow Plaintiff to participate and to discuss the progress of the case going forward. Plaintiff again failed to appear for the status conference.

Following Plaintiff's second failure to appear for a status conference, the Court granted Defendants' Motion to Compel and ordered Plaintiff to show cause why his case should not be dismissed for want of prosecution (#72). The Court based its Order on Plaintiff's failure to appear at multiple status calls, his lack of participation in the discovery process, and that another *pro se* litigant from a related case appeared to be preparing and filing Plaintiff's pleadings in this case.

Plaintiff's discovery compliance and his response to the Court's Order to Show Cause were due by January 25, 2017. Plaintiff filed a Response to the Order to Show Cause on January 24, 2017 (#75). Plaintiff's response indicated that he has "tried within the best of his ability to be compliant," but again argued, in defiance of the Court's earlier Order, that he should not have to answer several of Defendants' discovery requests.

On January 17, 2017, Plaintiff filed another Amended Complaint, which the Court construed as a Motion for Leave to File Amended Complaint (#73). This Motion was denied on January 27, 2017 (#77).

On April 3, 2017, Defendants filed the instant Motion for Sanctions under Rule 37 (#80). Defendants' Motion argues that, despite the Court's previous Order on the Motion to Compel and the Order to Show Cause, Plaintiff's discovery responses remain deficient. Additionally, Defendants attempted to meet and confer with Plaintiff regarding his deficient discovery responses on March 1, 2017, but Plaintiff failed to respond to Defendants' Rule 37 discovery letter.

**II.     Analysis**

A party who fails to obey an order to provide discovery may be subject to the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
> (iii) striking pleadings in whole or in part;

4

      (iv)    rendering a default judgment against the disobedient party; or

      (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

The choice of an appropriate remedy for a discovery abuse is primarily the responsibility of the district judge, who is authorized to mete out sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992). However, the sanction selected must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id.* In order to apply the sanction of dismissal, the Court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

The Court recognizes Defendants' frustration with discovery in this case, but dismissal is not yet an appropriate sanction. Plaintiff is *pro se*, and *pro se* litigants should be given wide latitude in presenting their cases. *Pruitt v. Mote*, 503 F.3d 647, 650 (7th Cir. 2007). Moreover, as outlined in Defendants' Motion for Sanctions, Plaintiff has attempted to comply with discovery, albeit only after the Court granted a Motion to Compel and ordered him to Show Cause why the case should not be dismissed. Additionally, Plaintiff has not *completely* failed to comply with discovery; he has attempted to respond to Defendants' discovery, although his responses remain significantly deficient at this late stage in the discovery process. Most importantly, up to this point, this Court has declined to enter any sanctions against Plaintiff despite several requests by Defendants. Because Plaintiff is *pro se*, has attempted to provide answers to Defendants' discovery, and the Court has not yet sanctioned Plaintiff for his failures,

5

dismissal is unwarranted for now. *Maynard*, 332 F.3d at 467; *Long*, 213 F.3d at 986. Therefore, to the extent Defendants request dismissal of Plaintiff's case as a discovery sanction, the Motion is denied.

Nevertheless, Plaintiff has failed to respond to Defendants' initial discovery requests and did not respond to any of Defendants' informal attempts to resolve the discovery disputes. Plaintiff's only apparent attempt to participate in discovery came after Defendants filed a Motion to Compel (to which Plaintiff did not respond) and the Court ordered Plaintiff to show cause why the case should not be dismissed. Even after the Court ordered Plaintiff to respond to Defendants' discovery, Plaintiff's responses remain largely deficient as detailed in the Court's Order on discovery.

Defendants reached out to Plaintiff on March 1, 2017, to resolve these discovery deficiencies. Plaintiff, as he has done throughout this case, failed to respond even though the Court had ordered Plaintiff to provide discovery answers. Plaintiff's actions make clear his unwillingness to cooperate with Defendants in any meaningful way during discovery (unless this Court compels his cooperation).

While the Court has found that Plaintiff's conduct falls short of that necessary to justify dismissal of the case, Plaintiff's failure to participate in discovery has caused undue delay and expense in this case. The Court has repeatedly cautioned Plaintiff that failing to follow the Federal Rules of Civil Procedure and cooperate in the discovery process would result in sanctions. *See* d/e # 72. Plaintiff has failed to heed the Court's warnings.

Accordingly, the Court recommends that Plaintiff pay $400 (four hundred dollars) to Kenco Logistic Services and Kevin Walsh by sending a check or money order to Defendants' counsel of record. This sanction is intended to partially cover the costs and attorney fees associated with obtaining Plaintiff's discovery compliance. This payment is due on or before June 1, 2017.

The Court recognizes that this sanction is small compared to the actual costs incurred by Defendants to bring these motions, none of which should have been necessary. In light of Plaintiff's *pro se* and in forma pauperis status, however, this

amount seems sufficient to punish the Plaintiff for his lack of compliance and to ensure his future compliance. Plaintiff's failure to comply with this Order will result in additional sanctions, possibly up to and including dismissal of his case. FED. R. CIV. P. 37(b)(2)(A).

### III.   Conclusion

Accordingly, the Court recommends that Defendants' Motion for Sanctions Under Rule 37 (#80) be GRANTED in part and DENED in part. Defendants' request to dismiss this case in full is denied. The Court recommends that Plaintiff be sanctioned $400 (four hundred dollars).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc., v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). Plaintiff is further advised that this Report and Recommendation is independent of the Court's discovery Order that was also issued today. Plaintiff has until May 19, 2017 to object to this Report and Recommendation; however Plaintiff's discovery compliance outlined in the discovery Order is due by the close of business on May 19, 2017.

ENTERED this 5th day of May, 2017.

                                                  s/ERIC I. LONG
                                         UNITED STATES MAGISTRATE JUDGE