# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **NATHAN E. DOSS,** | |
| **Plaintiff,** | |
| v. | Case No. 15-2287 |
| **KENCO LOGISTIC SERVICES, et al.,** | |
| **Defendants.** | |

## ORDER

This matter is again before the Court because Plaintiff has refused to comply with the Court's discovery Orders and has failed to attempt to resolve any discovery disputes with Defendants. This case has a lengthy procedural history. On December 7, 2015, Plaintiff filed his Complaint against Kenco Logistic Services, and Mars, Inc. On March 22, 2016, Defendant Mars, Inc. filed a Motion to Dismiss Plaintiff's Complaint. Defendant Kenco also filed a Motion to Dismiss on April 1, 2016. On April 4, 2016, Plaintiff filed his first Motion for Leave to File an Amended Complaint (#24), which was granted on April 5, 2016. Plaintiff's Amended Complaint added the individual Defendants to this action. Defendants Mars and Kenco subsequently filed new Motions to Dismiss. (#29; #31). Following a Rule 16 Scheduling Conference, the Court set a June 30, 2016, deadline for the filing of all amended pleadings.

On May 3, 2016, Judge Colin S. Bruce granted in part and denied in part Defendants' Motions to Dismiss. (#37). Following Judge Bruce's Order, Plaintiff filed a Second Motion for Leave to File an Amended Complaint (#45) on June 30, 2016, the deadline for the filing of amended pleadings. Plaintiff's Motion was granted on July 25, 2016. (#48). Plaintiff's Second Amended Complaint consisted of 383 paragraphs over 79 pages and reasserted causes of action that had already been dismissed by Judge Bruce, which were stricken by the Court. Defendants filed Motions to Dismiss on September

15, 2016, (#52; #56). Defendant Kenco also filed its Answer the same date. (#57). Plaintiff was due to file a response to both Motions to Dismiss no later than October 3, 2016.

On September 21, 2016, rather than respond to Defendants' Motions to Dismiss, Plaintiff filed a Motion to Strike Defendant Mars' Answer (#59), a Motion for Entry of Default (#60), and a Motion for Default Judgment (#61). All three Motions were denied on September 22, 2016, as the Court found that there was no legally sufficient basis for any of the motions to be granted. On October 13, 2016, 10 days after Plaintiff's deadline to file a Response to Defendants' Motions to Dismiss, Plaintiff filed a Motion for Extension of Time to file a Response (#62). The Court, in granting Plaintiff's Motion for Extension of Time, cautioned Plaintiff to pay close attention to the response deadlines because future extensions would not be automatically allowed. *See* October 14, 2016 Text Order. Plaintiff was given a 7 day extension, to October 21, 2016, to file a Response to Defendants' Motions to Dismiss.

On October 21, 2016, rather than file a Response, which was already 18 days past due, Plaintiff filed a Motion for Leave to File a Consolidated Amended Complaint (#63). Plaintiff's proposed amended complaint was based on an EEOC right to sue letter from October 17, 2016 regarding his ninth charge of discrimination that was filed with the EEOC on April 7, 2015. Plaintiff's proposed amended complaint sought to add new allegations under the federal WARN Act, the federal Family and Medical Leave Act, and the Americans with Disabilities Act, as well as claims of conspiracy and coercion.

On November 22, 2016, the Court entered an Order denying Plaintiff's Motion for Leave to File a Consolidated Amended Complaint (#67). The Court explained that Plaintiff's request to amend his Complaint came after the June 30, 2016 deadline to file an amended complaint and, pursuant to Rule 16, Plaintiff is required to show good cause for amending his Complaint after the deadline. Additionally, the Court noted its concern with Plaintiff's lack of diligence in seeking an amendment so long after the June 30, 2016 deadline, especially considering that Defendants had already filed multiple motions to dismiss and a lengthy answer to Plaintiff's Second Amended Complaint.

More importantly, the Court found that Plaintiff's proposed amended complaint sought to further delay the proceedings by adding multiple new causes of action and defendants. All was known to Plaintiff on June 30, 2016, but not included in the prior amendments

Following the Court's November 22, 2016 Order, Plaintiff, on December 12, 2016, filed a Motion to Reconsider the Court's Order, which the Court denied the next day.

A telephone status conference was scheduled for December 20, 2016. Plaintiff failed to appear for the call.

On January 6, 2017, Defendants filed a Motion to Compel Discovery (#69), alleging that Plaintiff had failed to participate meaningfully in the discovery process. On the same day, Plaintiff filed a Motion for Extension of Time to Submit Expert Witnesses (#70).

Three days later, on January 9, 2017, Judge Bruce entered an Order granting Defendants' Motions to Dismiss (#71), clarifying the issues in this case and allowing the parties to proceed with discovery on the remaining counts from Plaintiff's Second Amended Complaint.

The status call from December 20 was rescheduled for January 11, 2017, to allow Plaintiff to participate and to discuss the progress of the case. Plaintiff again failed to appear for the status conference.

Following Plaintiff's second failure to appear, the Court granted Defendants' Motion to Compel and ordered Plaintiff to show cause why his case should not be dismissed for want of prosecution (#72). The Court based its Order on Plaintiff's failure to appear at multiple status calls, his lack of participation in the discovery process, and that another pro se litigant from a related case appeared to be preparing and filing Plaintiff's pleadings in this case.

Plaintiff's discovery compliance and his response to the Court's Order to Show Cause were due January 25, 2017. Plaintiff filed a Response to the Order to Show Cause on January 24, 2017 (#75), in which he indicated that he has "tried within the best of his

3

ability to be compliant." Despite this, in defiance of the Court's earlier Order, he again argued that he should not have to answer several of Defendants' discovery requests.

On January 17, 2017, Plaintiff filed another Amended Complaint, which the Court construed as a Motion for Leave to File Amended Complaint (#73). This Motion was denied on January 27, 2017 (#77).

On April 3, 2017, Defendants filed a Motion for Sanctions under Rule 37 (#80). Defendants' Motion argues that, despite the Court's previous Order on the Motion to Compel and the Order to Show Cause, Plaintiff's discovery responses remain deficient. Additionally, Defendants attempted to meet and confer with Plaintiff regarding his deficient discovery responses on March 1, 2017, but Plaintiff failed to respond to Defendants' Rule 37 discovery letter.

I.  **Analysis**

A party who fails to obey an order to provide discovery may be subject to the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
> (iii) striking pleadings in whole or in part;
> (iv) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

Plaintiff's only apparent attempt to participate in discovery came after Defendants filed a Motion to Compel (to which Plaintiff did not respond) and the Court entered an Order to Show Cause. Moreover, even after the Court ordered Plaintiff to respond to Defendants' discovery, Plaintiff's responses remain largely deficient.

Plaintiff's specific discovery deficiencies are outlined as follows:

Plaintiff's Response to Interrogatories Number 4 and Number 17, asking for communications regarding Plaintiff's allegations, states that Defendants are "not entitled to attorney client privilege information." Plaintiff does not have an attorney in this matter; therefore the attorney-client privilege should be inapplicable. Moreover, Plaintiff seems to contradict himself by stating that Defendants are not entitled to communications covered by the attorney-client privilege (suggesting that the communications exist, but that they are covered by a privilege), but then states that he cannot recall the conversations. Plaintiff needs to provide a full answer to this Interrogatory.

Likewise, Plaintiff's response to Interrogatory Number 17 indicates that these communications "cannot be tabulated." Plaintiff is required to answer Interrogatory 4 and provide all communications between Plaintiff and the individuals listed in Interrogatory 4, **including but not limited to current or former employees of Kenco**. Additionally, Plaintiff is required to provide the communications listed in Interrogatory Number 17. Plaintiff is cautioned that, pursuant to Rule 37(b)(2)(A), if Plaintiff fails to provide these communications, Plaintiff will be prohibited from using or referencing their contents in this litigation and could be subjected to further sanctions, possibly up to and including dismissal of this action.

Plaintiff, in his response to Interrogatories Numbers 8 and 9, refuses to provide any calculation of damages and continues to assert that the damages are "undetermined at this time." It is time for Plaintiff to identify his damages (Interrogatory 8) and the **detailed** accounts of **all** efforts he has taken to mitigate his damages (Interrogatory 9). It is no longer appropriate for Plaintiff to list his damages as undetermined. **Plaintiff is cautioned that failure to provide Defendants with an accurate and itemized statement of his damages by the time permitted by this Order will result in the Court barring evidence of Plaintiff's alleged damages.** *See Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, 2008 U.S. Dist. LEXIS 34471 (N.D. Ill. 2008) (barring the defendant from asserting damages on its counterclaim when the defendant continued to state that his damage calculation was forthcoming, but was not produced until the eve of trial).

Plaintiff objects to Interrogatories Number 11 and Number 15, asserting that they are not relevant or will "not lead to admissible evidence at trial." Discovery is not limited to evidence that is admissible at trial. FED. R. CIV. P. 26(b)(1). Additionally, Plaintiff's prior litigation history is relevant to his Second Amended Complaint. Similarly, Plaintiff's conviction history may be relevant, depending on the nature of

his convictions. *See* Federal Rule of Evidence 609(a). Plaintiff must provide answers to Interrogatories Number 11 and 15.

Plaintiff's Answer to Interrogatory Number 12 states that the information is in his personnel file. This is not an acceptable answer; Plaintiff must include all information within his possession, custody or control. Plaintiff is required to answer Defendants' Interrogatory Number 12.

Plaintiff's Answer to Interrogatory Number 13 does not provide, with any level of specificity, the compensation, benefits, and/or other monies he has received since his separation from employment with Defendant. Simply put, Plaintiff has made no attempt to answer Interrogatory Number 13, and he must do so.

Plaintiff's Response to Document Production Requests Number 6, 10, and 18 indicate that the requested documents are "contained on CD dated 11.21.16." The Court assumes that Plaintiff has provided this CD to Defendants as Defendants do not object to several other Responses by Plaintiff that reference the November 21, 2016 CD. The Court further assumes that Defendants argue that the CD does not contain the documents that are encompassed by Requests 6, 10, and 18. Plaintiff must provide the documents requested by Requests 6, 10, and 18 to the extent they are not contained on the November 21, 2016 CD. This includes, but is not limited to, messages, emails, and text messages between Plaintiff and any former or current employees of Kenco, including, but not limited to, Morris Tyson, Mary Madison, and Edith McCurry, as requested by Requests Number 6 and 10. Moreover, to the extent Plaintiff previously produced these documents, Plaintiff shall identify which documents included on the CD are responsive to each request.

Plaintiff's Response to Document Production Request Number 13 is a list of names, after which Plaintiff "reserves the right to supplement this answer." Defendants' Request specifically asks for "documents relating to any other Kenco employee who you contend is similarly situated to you." While it appears that Plaintiff has listed the employees he believes fit this description, Plaintiff has ignored the portion of the request that asks for the documents relating to these employees in his possession or control. Plaintiff's list of names is not responsive to Defendants' Request Number 13. Plaintiff shall produce the documents related to the individuals he referenced in his response or, if he has none, he must so state.

Plaintiff's Response to Document Production Request Number 14 again states that documents relating to damages are "yet to be determined." As already noted, Plaintiff's time to provide a damages calculation is now. Plaintiff therefore shall provide the documents requested in Request 14 or state that he has none. **Plaintiff is again reminded that the Court will bar evidence of Plaintiff's alleged damages if he fails to produce documents by the time set in this Order.** *See Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, 2008 U.S. Dist. LEXIS 34471 (N.D. Ill. 2008).

Plaintiff's Response to Document Production Request Number 23 is that his tax returns are unavailable at this time. This is not an acceptable response. Defendants propounded discovery requests upon Plaintiff on October 4, 2016. Plaintiff has had over 6 months to obtain and provide his tax returns to Defendants. Plaintiff must produce his tax returns now or state that they do not exist.

Plaintiff's Response to Document Production Request Number 25 is that he did not document his employment search. The Court construes Plaintiff's response as an indication that he does not have any documents that are responsive to this request. Therefore, Plaintiff's Response to Request Number 25 is sufficient. Plaintiff is cautioned that he will not be permitted to tender exhibits at trial that were not produced in discovery.

Plaintiff's Response to Request Number 32 is another objection relating to prior litigation history. As noted above Plaintiff must produce this information and related documents.

Defendants reached out to Plaintiff on March 1, 2017, to resolve these discovery deficiencies. Plaintiff, as he has done throughout this case, failed to respond even though the Court previously ordered him to provide discovery answers. Plaintiff's actions make clear that he is unwilling to cooperate with Defendants in any meaningful way during discovery, unless this Court compels his cooperation.

While the Court has found that Plaintiff's conduct falls (barely) short of that necessary to justify dismissal of the case, Plaintiff's failure to participate in discovery has caused undue delay and expense in this case. The Court has repeatedly cautioned Plaintiff that failing to follow the Federal Rules of Civil Procedure and cooperate in the discovery process would result in sanctions. *See* d/e # 72. Plaintiff has failed to heed

the Court's warnings. Accordingly, in a separate filing, the Court has submitted a recommendation to Judge Bruce that he sanction Plaintiff $400 (four hundred dollars). Plaintiff is again cautioned that continued refusal to participate in discovery will result in more sanctions.

Plaintiff shall provide full and complete responses to Defendants' discovery as discussed above. Plaintiff is given 14 days to comply with this Order, up to and including May 19, 2017. **Plaintiff's failure to comply with this Order will result in additional sanctions, up to and including dismissal of his case.** FED. R. CIV. P. 37(b)(2)(A).

## II.    Conclusion

Accordingly, Plaintiff is ordered to provide complete discovery to Defendants in accordance with this Order. Plaintiff is given fourteen (14) days to comply with this Order, up to an including May 19, 2017, or face further sanctions. Plaintiff is further advised that this discovery Order is independent of the Court's Report and Recommendation on sanctions that was also issued today. Plaintiff has until May 19, 2017 to object to the Court's Report and Recommendation; however Plaintiff's discovery compliance outlined in this Order is due by the close of business on May 19, 2017.

ENTERED this 5th day of May, 2017.

s/ERIC I. LONG  
UNITED STATES MAGISTRATE JUDGE