IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
MAY 22 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| NATHAN E. DOSS | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE No. 15-cv-02287-CSB-EIL |
| | ) |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) |
| | ) |
| DEFENDANTS. | ) |

PLAINTIFF'S OBJECTION

**NOW COMES** Plaintiff, NATHAN E. DOSS ("Plaintiff') pro se, making an Objection to the Court and for his good cause shown in support of his objection Plaintiff states the following; THAT:

1. Plaintiff is vexed.

2. Defendant continues to mispresent its self and its actions to the court.

3. Defendant stated to the court that it has diligently tried to resolve the discovery issues.

4. This is a patently false statement Defendant emailed Plaintiff on May 2, 2017 stating that he had five (5) days to respond hereto attached as Exhibit A.

5. The same email dated May 2, 2017 also asked for a contact number to reach Plaintiff.

6. Defendant emailed Plaintiff and informed Plaintiff of the proposed motion on May 4, 2017 at 8:11 am hereto attached as Exhibit B

7. Defendant filed its motion on May 5, 2017 with the court.

8. The Court had filed its order by 10:50 am on May 5, 2017.

9. Defendant did not allow reasonable time for Plaintiff to review the motion before filing.

10. Defendant specifically stated that Plaintiff would have five (5) days from the May 2, 2017 before it would file a motion see Exhibit A.

11. Defendant intentionally mislead Plaintiff into believing that the motion had not been filed as of yet.

12. Technically Defendant's service of the motion was defect; the certification filed with the Clerk's Office indicated that Defendant had served Plaintiff with the motion by email and mail on May 5, 2017.

13. Plaintiff was not served by email or mail with Defendant's motion on May 5, 2017 according to Defendant's certification in docket number 84.

14. This was an intentional and blatant mistruth made to this court under oath.

15. This intentional and blatant mistruth made to this court under oath to this Court prejudice Plaintiff and caused Plaintiff irreparable harms.

16. Plaintiff believes that fraud was committed on the Court from Defendant's intentional misconduct through the violation of the Civil Rules of Procedures and the Model Rules of Professional Conduct.

17. Just as Defendant urged the court to punish Plaintiff, Plaintiff sentiments are synonymous to those of Defendant with regards to Defendant's egregious, unethical and unlawful actions.

18. Plaintiff was provided a copy of the proposed motion and asked to comment on the motion just a little over 24 hours before Defendant filed its motion with the court.

19. Defendant knew that it intended to file this motion prior to its contrived scheme of providing a copy for review and allegedly affording Plaintiff an opportunity to review and comment.

20. Defendant knows that Plaintiff's occupation does not afford him the opportunity to have continuous immediate access to email.

21. Defendant intentionally misled the Court into believing that it had diligently been trying to resolve the discovery issues, when in fact it had not.

22. Defendant's statement of diligence was in "Bad Faith" and misleading.

23. Defendant even went so far as to ask Plaintiff for a number to contact him.

24. Plaintiff's contact information has remained the same.

25. Inferentially it can be deduced that Defendant did not try and contact Plaintiff by phone, seeing as though Defendant was asking for a contact number after almost eighteen (18) months of litigation.

26. We can blaringly see that Defendant contrived some scheme to prejudice Plaintiff and cause Plaintiff irreparable harms by:

    a. Failing to abide by the Rules of Civil Procedure and resolve any matters before engaging the court.

    b. Abusing discovery.

    c. Failing to give Plaintiff reasonable time to respond.

    d. Telling Plaintiff he had a specific time frame to respond and then changing the terms and conditions without notice, as well as, misleading the Court to believe that the fraudulent and misleading information provided to the court was true and accurate.

    e. Defendant again referencing the motion to compel it filed prematurely, as once again Plaintiff's time to respond had not yet come.

    f. Defendant's counsel failing to uphold Rule 3.3 of the Model Rules of Professional Conduct.

    g. Defendant and Defendant's counsel has a pervasive, brazen and uncanny habit of providing fraudulent information to the court

    h. Using the Court to further its schemes against Plaintiff.

    i. Using the Court to prejudice Plaintiff and cause irreparable harms.

    j. Creating an antagonistic and contemptuous environment and relationship between Plaintiff and the Court.

27. As a result of Defendant counsel's actions, Plaintiff has been subjected to numerous rebukes, chastisements, and now sanctions.

28. Plaintiff feels that the rebukes, chastisements, and sanctions are a direct result of Defendant and Defendant's intentional, contrived, and malicious deviant schemes to prejudice, thwart frustrate, hinder and delay Plaintiff.

29. Plaintiff also believes that Defendant's actions are/were fraudulent.

30. Plaintiff also believes that Defendant's actions are or were a fraud upon the Court.

31. Plaintiff also believes that Defendant's actions are a direct attempt to sabotage the judicial machinery and infrastructure of the judicial system.

32. The Defendant's and their counsel have conducted themselves this way throughout the administrative judicial process of Plaintiff's matter.

33. The intentional egregious actions not only hurt Plaintiff, but society at large, the judicial system and the Court by inducing the court to make bias and prejudicial decisions that cause irreparable harms to Plaintiff, society, the judicial system and this Court.

34. Pointedly these actions usurp, erode and undermine the core essence and values of the judicial system and the Model Rules of Professional Conduct.

35. Plaintiff again states that to the best of his ability he answered Defendant's questions, admittedly under the barrage of fraudulent and misleading information Defendant is

presenting along with the repercussions of such, Plaintiff in haste and probably frustration misread or misinterpreted several questions.

36. However, Plaintiff contends that if Defendant and Defendant's counsel had acted in good faith and abided by the rules, these matters could have been resolved without court intervention.

37. Plaintiff does not understand how Defendant and Defendant's counsel are able to continually break the prevailing rules and not be held accountable.

    a. Defendant continually untimely sends documentation to Plaintiff; creating a time disparity, or;

    b. Defendant does not send correspondence to Plaintiff, or;

    c. Defendant has refused to return Plaintiff's calls, or;

    d. Defendant refuses to pin point exactly what it is looking for, or;

    e. Defendant abuses the mechanism of the court to thwart, frustrate or prejudice Plaintiff, or;

    f. Defendant abuses the mechanisms of the court to induce the Court to subjugate, prejudice, rebuke, humiliate and sanction Plaintiff, or;

    g. Defendant abuses discovery and motions the court to compel Plaintiff when the time had not yet come to respond, or;

    h. Defendant violates the Model Rules of Professional Conduct, or;

    i. Defendant violates the discovery rules, or;

    j. Defendant continual provides and submits misleading, fraudulent, or deceiving information to the court, or;

    k. Defendant contrives schemes to conspire against Plaintiff, the judicial system and the Court.

38. Plaintiff again raises these misconducts to the court and asks for the court to intervene on his behalf and equitably apply the rules and regulations, as well as, the positive and negative consequences and sanctions affordable.

39. Plaintiff reasserts the same concerns raised previously in his previous responses and motions.

40. Plaintiff does not understand how the concerns referenced continue to go unaddressed, when Plaintiff is dinged every time and placed on the hot seat scrambling for redemption, when in most instances Plaintiff is in a situation caused by Defendant or frustrated to the point where Plaintiff is despondent and makes mistakes.

41. Plaintiff believes that there is a distinct difference in a person making a mistake and a person intentionally deceiving, manipulating, committing fraud, prejudicing and misleading others when they are subject matter experts licensed in the profession of law.

42. Plaintiff could not have imagined that it would be as difficult to advance his case given that there are specific governing rules.

43. Plaintiff within the best scope of his power and control is trying to abide by the rules and regulations of the court and its governing procedures.

44. Plaintiff believes that Defendant keeps making motions in bad faith, as Defendant knew that Plaintiff had just received the Discovery requests in December and time had not yet come for a response, that Defendant had not contacted Plaintiff, that Defendant had given a time frame to respond to Defendant's concerns and the time had yet not again come before it troubled the court, and that Defendant continues to brazenly, intentionally and maliciously present misleading and fraudulent information to the Court .

45. Plaintiff is deeply concerned that the issues that he has raised previously about Defendant counsel's conduct had gone unaddressed.

46. Each time Plaintiff comes before the Court, Plaintiff provides supporting documentation to actualize that his allegations are not mere conjecture, but rooted in authenticated facts.
47. Pointedly, if Plaintiff remembers correctly, Defendant does not provide any supporting evidence to substantiate its position outside of its allegations.

    a. For example, in this last immediate past motion, Defendant stated that it had contacted Plaintiff on May 2, 2017 and was still waiting to hear back from him. However, Defendant failed to state in its May 5, 2017 motion that Plaintiff was given to May 7, 2017 to respond. Just as Defendant had done previously in Docket number 69 Defendant contacted the Court yet another time before Plaintiff was due or required to respond. Plaintiff believed that according to Rule 37 every effort was to be made to resolve discovery disputes prior to contacting the court.

    Moreover, it seems that the question(s) has/have not been centered around the details and that the answers to the question(s) has/have been predicated on the assumption that Defendant and Defendant's counsel are operating and in compliance to the Civil Rules of Procedures and/or the Model Rules of Professional Conduct.

    Plaintiff feels like it almost seems like just because they said this is what happened or this is what they said occurred makes it correct, the final word and it is the deciding factor. Plaintiff has been called dilatory and depicted in manners less than commensurate with Plaintiff's actuality because of the contrived scenarios and schemes of Defendant. In addition, as it progresses, it seems to be no redemption for Plaintiff and not much, if any consideration at all to the allegations raised by Plaintiff regarding Defendant.

Pointedly, it seems that the Court has not considered that Defendant and Defendant's counsel is abusing discovery, the instruments of the court, the judicial machinery, the Court and Plaintiff with its unconscionable intentional reckless disregard for the law and the judicial machinery or that Defendant and Defendant's counsel have no moral, ethical or lawful consciousness when it comes to doing whatever it takes to get ahead or win, or at the very least the Defendant and Defendant's counsel could have the proclivity to do or commit any of the cited aforementioned beahviours.

48. Plaintiff believes that because Defendant and Defendant's counsel have never been held accountable for their actions Defendant and Defendant's counsel feel empowered and embolden to further its schemes, commit fraud on the court and on Plaintiff, undermine the judicial machinery, as well as, create apathy, indifference and partiality towards Plaintiff from the Court; the very mechanism Plaintiff and other litigants look towards for justice and equality.

49. Plaintiff ultimately believes that Defendant's counsel violated Rule 11, 26 and 37 of the Federal Rules of Civil Procedure by violating their duty of Candor, committing fraud on the Court and Plaintiff, dishonest discovery and discovery abuse, as well as, Rule 3.3 of the Model Rules of Professional Conduct.

50. Plaintiff is baffled, no perplexed and does not understand how Defendant's continually get away with these types of beahviours.

51. Plaintiff means no disrespect to the Court and has no other outlet or mechanism to address his concerns.

52. Plaintiff is certain that his claims are valid and took the necessary steps along the way, as things were transpiring, literally crossing every t and dotting every i, to ensure that there would be not misinterpretation, minimalization or issue of material fact. Therefore,

Plaintiff would not intentionally act in any obstinate manner or engage in any counterproductive measures to Plaintiff's detriment.

53. Plaintiff has tendered to Defendant the issues outlined in Exhibit B in Group Exhibit D by mail and email.

    **WHEREFORE,** for the foregoing reasons, Plaintiff ask that Plaintiff not be sanctioned and the Court apply the same level of scrutiny to Defendant

Respectfully submitted,
**NATHAN E. DOSS**

By: _/s/ Nathan E. Doss_

Pro Se
NATHAN E. DOSS
1124 Abbot Lane
University Park, IL 60461
708.534.0536

## CERTIFICATE OF SERVICE

Please take notice that on May 19, 2017 I, NATHAN E. DOSS, hereby, certify that I did file an Objection with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 15-cv-02287-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

*[signature]*

Pro Se
NATHAN E. DOSS
1124 Abbot Lane
University Park, IL 60461
708.534.0536

| | |
|---|---|
| Kimberly J. Overbaugh | Jody Wilner Moran |
| Thomas R. Davies | Julia P. Argentieri |
| Harmon & Davies, P.C. | Jackson Lewis P.C. |
| 2306 Columbia Ave | 150 North Michigan Ave., Suite 2500 |
| Lancaster, PA 17603 | Chicago, IL 60601 |