E-FILED
Monday, 22 May, 2017  03:39:50 PM
Clerk, U.S. District Court, ILCD

# Exhibit A-Defendant's May 2, 2017 email

Wednesday, May 17, 2017      7:25 PM

AOL Mail - Message View                                                                                    Page 1 of 1

**Fwd: Doss v. Kenco - Rule 37**

**From:** malik wright <aimgame497@gmail.com>

**Date:** Tue, May 9, 2017 12:00 pm

📎 Medical Authorizatio...pdf (11 KB)

---------- Forwarded message ----------
From: Argentieri, Julia P. (Chicago) <Julia.Argentieri@jacksonlewis.com>
Date: Tue, May 2, 2017 at 10:41 AM
Subject: RE: Doss v. Kenco - Rule 37
To: "aimgame497@gmail.com" <aimgame497@gmail.com>
Cc: Kimberly Overbaugh <KOverbaugh@h-dlaw.com>, "Moran, Jody Wilner (Chicago)" <MoranJ@jacksonlewis.com>, Tom Davies <TDavies@h-dlaw.com>

Mr. Doss:
We received your supplemental discovery answers last week and are in the process of reviewing them. Do you have time available later this week for a phone call to discuss additional information that remains outstanding? I am summarizing our ongoing concerns in this email. It appears that you have continued to provide no responsive information in response to Interrogatory No 8 related to your damages, as well as Request for Production No. 23 where Defendant is requesting not only tax returns but also 1099s/W-2s and any other documents identifying sources of income. Additionally Request No. 18 asks for any diaries/logs/journals and you continue to refer to all of the thousands of documents you have produced, many of which are not documents or journals. If you kept a diary/log/journal, please identify where it is located in your production, or if you did, please advise us of that fact.

Please let me know a time that we can call you as well as the best number to reach you at. Additionally, can you please complete and return the attached form, which is the medical authorization form referenced in the discovery requests. This form will allow us to request copies of any medical records which you have identified in your discovery answers.

We would appreciate hearing from you as soon as possible so that we can resolve these outstanding discovery issues. If we cannot reach a resolution on these issues within the next 5 days we intend to file another motion with the court.

Regards,
Julie

Julia P. Argentieri
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2533 | Main: (312) 787-4949
Julia.Argentieri@jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the AmLaw 100 and Global 100 law firm rankings.*

**From:** Argentieri, Julia P. (Chicago)
**Sent:** Wednesday, April 12, 2017 10:54 AM
**To:** aimgame497@gmail.com
**Cc:** Kimberly Overbaugh <KOverbaugh@h-dlaw.com>; Moran, Jody Wilner (Chicago) <MoranJ@jacksonlewis.com>; Tom Davies <TDavies@h-dlaw.com>
**Subject:** Doss v. Kenco

Mr. Doss:
In follow up to our conversation earlier this morning, attached please find a copy of Kenco's pending motion to compel and for sanctions, as well as Exhibits A, B and C.

Regards,
Julie Argentieri

Julia P. Argentieri
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2533 | Main: (312) 787-4949
Julia.Argentieri@jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the 2016 rankings of the AmLaw 100 and Global 100 law firms.*

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

Quick Notes Page 2

E-FILED
Monday, 03 April, 2017 03:59:47 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NATHAN E. DOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-2287 |
| V. | ) | Judge Conn Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS ICENCO LOGISTIC SERVICES, LLC TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID JABALEY AND MARIO LOPEZ' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendants Kenco Logistic Services, LLC ("Kenco"), Tammi Fowler ("Fowler"), Valerie Lillie ("Lillie"), Kelvin Walsh ("Walsh"), David Jabaley ("Jabaley") and Mario Lopez ("Lopez") (collectively referred to as "Defendants"), by their attorneys, Jody Wilner Moran and Jody Kahn Mason of Jackson Lewis P.C., hereby direct Plaintiff Nathan Doss ("Plaintiff or "Doss") to answer the following interrogatories under oath, in accordance with Federal Rule of Civil Procedure 33, within 30 days of service:

DEFINITIONS AND INSTRUCTIONS

A. In answering these interrogatories, please furnish all information available to Plaintiff, including information in the possession of or under the control of Plaintiff, Plaintiffs attorney(s), any investigators, and all persons acting on behalf of Plaintiff If Plaintiff cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible.

B.  If **any form of privilege or other protection from** disclosure is claimed as a ground for **withholding responsive information contained** in a document or regarding a verbal **communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed), and the facts or basis** on which you claim privilege **with sufficient specificity to permit the Court to make** a determination as to whether the **claim of privilege is valid.**

A.  **As used herein, the following terms shall have the meanings indicated below:**

    a.  **"Person" means any** natural person, sole **proprietorship, firm, partnership, corporation, group,** organization, **union, association, federation, government agency, or any** other kind of entity.

    b.  **"Document" or** "documents" include, **without limiting the generality of its** meaning, **all original (or copies where originals are unavailable) and non-identical copies (where different form original) of all written, printed,** typewritten, or **otherwise recorded or graphic matter of any kind or nature,** also any drawings, **graphs, charts, photographs, photographic** records, tape recordings, other **recordings, computer files, electronic records, or other** data **compilations from** which data can be obtained, **emails, communications on social networking** websites, including but not limited to Facebook, **My Space, LinkedIn or Twitter,** blog entries, or any tangible thing which constitutes **or contains matters within the** scope of Rule 34 of the Federal Rules of Civil **Procedure, however produced or reproduced, whether or not now in existence, including, but not limited to files, contracts, correspondence, telegrams,** agreements, **letters,** administrative

complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analysis, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tapes recordings, video recordings, motion pictures, evaluations, reviews, counselings, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank **statements, audit reports and other statements, purchase orders, invoices,** receipts, confirmations, **computer-developed, stored or produced data, stenographers'** and/or other notebooks, **desk and/or other calendars, appointment books,** newspaper and/or other **articles, blueprints, accounting work sheets,** diaries or papers **similar to any of the foregoing, however entitled, denominated or described, presently or at any time in the possession, custody, or control of the Plaintiff, or any agent,** representative, **attorney or any and all other persons acting on behalf of Plaintiff,** known to exist.

c. **"Identify" or "identity," with respect to a natural person, means to** state (1) his or **her full name; (2) his or her last known home address and telephone number; (3)** his or her present or last **known employment position and employer; (4) his or her** business address and **telephone number; and (5) his or her relationship, if any, to Plaintiff.**

c. **"Identify" or "identity," with respect** to a firm, **corporation, partnership, association, government agency, or other entity means to state (1) the full name** under which such entity is doing **business; (2) the full business address and**

3

telephone number of such entity; and, (3) the individuals with whom you had contact.

e. **"Identify" or "identity," with respect to documents means to state (1) the author thereof and the person or persons to whom the document original was directed; (2) the type of document** *(e.g.* **letter, memorandum, email, telegram, chart, photograph, sound reproduction, etc.); (3) the source from whom Plaintiff obtained such document or documents; (4) the date of each** such document or documents (5) **its subject matter; (6) the current custodian of each such document** or documents; and (7) the location at which each such document or **documents** are situated.

d. "Communication" refers to any **contact, whether oral, written, electronic, or otherwise, between the parties specified, or on the subject specified. To "identify" a communication includes stating whether the communication was** oral, **written on paper or other material, communicated** electronically, or communicated in some **other manner, specifying how. If** the communication was written or electronic, **identify the document or writing in accordance with** Paragraph (e). **If the communication was oral, identify the participants, the date, the place, whether the communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents** relating thereto.

e. **"Plaintiff," "you," or "your" means the Plaintiff Nathan** Doss, his agents, **attorneys, and all other persons acting or purporting to act** on Doss' behalf.

4

h. "Kenco" means Defendant Kenco Logistic Services, LLC, and its respective agents, attorneys, employees, and all other persons acting or purporting to act on its behalf.

a. "Fowler" means Defendant Tammi Fowler and her respective agents, attorneys, and all other persons acting or purporting to act on her behalf.

b. "Lillie" means Defendant Valerie Lillie and her respective agents, attorneys, and all other persons acting or purporting to act on her behalf.

c. "Walsh" means Defendant Kelvin Walsh and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

l. "Jabaley" means Defendant David Jabaley and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

m. "Lopez" means Defendant Mario Lopez and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

d. "Manzello" means Defendant Mike Manzello and his respective agents, attorneys, and all other persons acting or purporting to act on his behalf.

e. "Regarding" or "relating to" means directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

f. "Complaint" means Plaintiffs Second Amended Complaint filed in the *Nathan A. Doss v. Kenco Logistic Services, LLC* lawsuit on or about June 30, 2016, in the United States District Court for the Central District of Illinois, bearing Cause Number 15- cv-2287 .

5

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State your full name, current address, and current telephone number, including all
addresses at which you have lived during the past ten years.

ANSWER:

> Nathan E. Doss
> 1124 Abbot Lane
> University Park, IL 60484
> 708.265.6589

**INTERROGATORY NO. 2:**

Identify each person who supplied information to answer these interrogatories and
specify by number those answers to which each such person supplied information.

ANSWER: Nathan E. Doss

**INTERROGATORY NO. 3:**

Identify each person whom you claim or believe has knowledge of facts relevant to any
claim or defense in this lawsuit. For each person identified—whether identified in Plaintiffs Fed.
R. Civ. P. 26(a)(1) disclosures or otherwise in response to this interrogatory—state briefly the
subject matters about which the person has knowledge.

**ANSWER:** Kelvin Walsh, Valerie Lillie, Mike Manzello, David Jabaley, Tammi Fowler, Dan Dey,
Mario Lopez, Saul Beck, Russel Schippets, Lori Varvel, Stacey Bushey, Noah Richcreek, Edith
McCurry, Leonard Szplett, Anastasia Sandness, Samuel Rockett, Jay Elliott, Karl Meyer, John Spell,
Stephanie Dumas, John Detwiler

## INTERROGATORY NO. 4:

Identify all communications you or any of your agents, including but not limited to your attorney(s), have had with any persons, including but not limited to current or former employees of Kenco, the media, and representatives of federal, state, or local governmental agencies, including the Illinois Department of Human Rights ("LDHR") and United States Equal Employment Opportunity Commission ("EEOC") regarding any of the allegations and claims made in your Second Amended Complaint, specifically identifying (a) the dates of such communication; (b) the substance of each such communication; (c) the individual(s) involved in each such communication; (d) the witnesses to each such communication; and (e) any documents evidencing or relating to each communication.

**ANSWER:** As you know, you are not entitled to attorney client privilege information. The communications are too many and were not kept track of. The communications cannot be accurately recalled; therefore, they cannot be referenced.

*The relevant documents are on the CD and the excluded documents are part 1, 5, 6, 12, 13 23, 25, 30, 42 and 67-7. During the relevant time you requested this information there was an impending legal matter before a tribunal in which you knew I was being represented by legal counsel and you knew you were not entitled to any communication between us at that time. In addition, the documents in my possession have been produced to you.*

**INTERROGATORY NO. 5:**

Identify each and every telephone number, including land line and cell phone numbers, you have used from January 1, 2012 to the present. For each number identified, state the service provider associated with each number *(e.g.,* AT&T, Verizon, Sprint, etc.).

**ANSWER:** 708.534.0536 Comcast & 708.265.6589 Boost

**INTERROGATORY NO. 6:**

Identify all email addresses that you have had at any time since January 1, 2012.

**ANSWER:** none- do not have personal email address

## INTERROGATORY NO. 7:

Identify each and every social media site (e.g., Facebook, MySpace, LinkedIn, Twitter, a blog, etc.) to which you have subscribed and/or have made comments on such site from January 1, 2012 to the present.

**ANSWER:** none

## INTERROGATORY NO. 8:

With regard to damages, (a) identify whether the precise dollar amount of monetary damages you claim has changed in any way from that stated in Plaintiffs Rule 26(a)(1) initial disclosures; (b) state the method or methods by which the amount of damages you claim was calculated; (c) state the nature of any non-monetary damages and the reason(s) why you are seeking such relief; and (d) identify every document upon which you relied in answering this interrogatory, which relates in any way to the information requested in this interrogatory or which you claim supports your claim for damages as set forth in your answers.

1.      **ANSWER: undetermined at this time Plaintiff reasserts his original answer  A) Expenses have been incurred relative to litigating this matter and pay differentials.  B) Economic damages, Compensatory damages (including emotional distress damages), Punitive damages, Liquidated damages, and Attorney fees. C) Letter of apology because I desire it D) documents contained on CD, 42 USC 1981, 1983, and 1985, Title VII, The IHRA**

## INTERROGATORY NO. 9:

Describe in detail all attempts you have made to mitigate your alleged damages since your employment with Kenco ended, including, without limitation:

     a.      Communications to any employment agencies, search firms, job search websites, or employers concerning alternative or supplemental employment;

b.      All job offers you have received (including the job title and salary you were

offered), whether you accepted or rejected the offer and, if you rejected an offer,

why you rejected the offer;

c.      The date of each event or contact identified; and

      d.       All positions for which you applied and were refused employment, the date you applied for each such position, the date you were refused employment, the reason for that refusal and the salary rate of the position.

**ANSWER:** Got hired with Xcel at the Mars Manteno facility and the day before, I was to start work the job offer got retracted.

Did not keep track, but I have been and I am currently employed. I did not log the efforts; however, I previously indicated that I had got rehired at the Mars Manteno Facility by Xcel and the job was retracted the day before I was to start. I have been employed by DSC logistics and Creek Logistics since that time, as well as, being enrolled in school full time.

## INTERROGATORY NO. 10:

Identify each and every doctor, health care professional, mental health care professional, psychiatrist, psychologist, social worker or any other health care professional with whom you have consulted or who has examined or treated you since January **1**, 2010, and include: the dates of any consultation, examination and/or period of treatment; the purpose of each consultation, examination or treatment; whether any written report or memorandum was prepared by such person relative to the consultation, examination or treatment; the physical location and custodian of the consultation, examination or treatment records of any such person; and the diagnosis, prognosis, treatment and cost of treatment. Defendant further requests that you provide duly executed Authorizations for the Release of Medical Records in the form attached as **Exhibit A** and addressed to each individual and institution identified above, for the release to Defendant's counsel of all records which in any way relate to any and all medical, psychiatric and/or psychological treatment, counseling and therapy received by you for since January 1, 2010, and return same to counsel for Defendant with your answers to these interrogatories.

**ANSWER:** Dr. Lance Kirby St. James Hospital Olympia Fields,

IL-2015 No exhibit A was attached.

2:15-cv-02287-CSB-EIL # 86-1 Page 11 of 15

**INTERROGATORY NO. 11:**

Identify, by case name, court, and docket number, each and every criminal, administrative, bankruptcy, workers' compensation or civil proceeding in which you have been involved in any capacity, including those in which you have been a party or a witness. Also, with respect to each judicial or administrative complaint or charge that you have instituted against any organization or individual, and any judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge or other identification number or designation, and state the current status or final disposition of such proceeding.

**ANSWER:** Object; as it is not relevant or reasonable to use to calculate evidence admissible at trial. All that I can recall is the agency name outside of the cases filed at the IDHR and EEOC. They would include the Attorney General of Illinois and the Human Rights Commission in which you represented the Defendant.

**INTERROGATORY NO. 12:**

Provide your chronological educational and employment history from completion of high school to the present, including:

(a)    With respect to education, state the name and addresses of the educational

institution(s), the dates of attendance, grade point average (GPA) and degrees or

certificates conferred and the dates they were conferred; and

(b)    With respect to employers (including self-employment) from high school to the

present, state the name and address of each employer, your job title, a brief

description of responsibilities, the name of your supervisor, your salary, and the

reason for leaving employment (if terminated, please state the reason for the

termination).

**ANSWER:** It is in my personnel file on the application. Part 6 page 29-30

Plaintiff reasserts his original answer and augments it with DSC logistics and Creek Logistics as additional employers of Plaintiff. Plaintiff was a forklift driver for the additional employers at a rate of $13.50 per hour.

## INTERROGATORY NO. 13:

State with specificity all compensation, benefits, and/or other monies you have received from any source since January 1, 2012 (including from any government agency), including the identity of each employer or government agency (including self-employment) and the dates you received such compensation, benefits and/or other monies. Identify every document upon which you relied on answering this interrogatory and which relates in any way to the information

requested in this interrogatory.

**ANSWER:** 4T's, Kenco, DSC logistics and Creek Logistics; no documents  The compensation amounts for 4T's was approximately 14 dollars, $16.05 for Kenco and $13.50 for the remaining employees.

## INTERROGATORY NO. 14:

State whether you have ever applied for or received any short-term disability benefits or leave, long-term disability benefits or leave, Social Security benefits, unemployment benefits and/or public assistance of any kind in the last ten (10) years and for each instance of STD, LTD, Social Security benefits, unemployment benefits or public assistance list: (1) the dates on which you applied for the benefits; (2) the entity to which you applied for the benefits; (3) the dates on which you received the benefits; (4) the basis for the leave and/or benefits; and (5) the dollar amount of the benefits received.

**ANSWER:** none

## INTERROGATORY NO. 15:

State whether you have been arrested or convicted of any crime in the past 10 years. If so, state your name at the time of the arrest or conviction; the name of the jurisdiction where the arrest or conviction took place; the offense you were charged with; the offense for which you were convicted; and the date(s) of the arrest and the date(s) of the conviction.

Object; as it is not relevant or reasonable to use to calculate evidence admissible at

trial. The answer is NO!!!!!

## INTERROGATORY NO. 16:

State the name and address of every expert you have contacted for purposes of this litigation, and for each identify: (a) each expert's areas of expertise, including a resume or curriculum vitae; (b) all communications you have had with each expert; (c) all documents provided to or received from each expert; (d) whether the expert rendered an oral or written report, and if written, identify the report and state its current location (if the report was oral, state the contents of each report in full); and (e) whether you intend to call the expert as a witness during the trial of this matter and. If so, provide a detailed summary of anticipated testimony.

**ANSWER:** None at this time

## INTERROGATORY NO. 17:

Identify all individuals with whom you have discussed this lawsuit or your belief that Defendants discriminated against you (other than privileged communications with an attorney) and describe the date and substance of the conversation.

**ANSWER:** That information has not been recorded and cannot be recalled, reproduced or tabulated. However with that being said, I have spoken with Edith McCurry, Leonard Szplett, Mike Manzello, Anastasia Sandness, Scott Marksteiner, Mary Madison, Morris Tyson, Vernon Henry, mother, wife, IDHR/EEOC, Attorney General, OSHA and anyone who would listen.

**INTERROGATORY NO. 18:**

Identify each document you intend to offer into evidence at the trial of this matter, or attach a copy of these documents to your answers to these interrogatories.

**ANSWER:** Documents on CD dated 11.21.16

DATED: May 17, 2017

Nathan E. Doss *(pro se)*
1124 Abbot Lane
University Park, IL 60484

CERTIFICATE OF SERVICE

The undersigned, Nathan E. Doss, certifies that on May 18, 2017 the aforementioned

second supplemental responses to Kenco's First Set of Interrogatories and Requests for Production of

Documents to Plaintiff were served on Defendant via U.S. 1st Class Mail:


Jody W. Moran
Julia P. Argentieri
JACKSON LEWIS P.C.
150 N. Michigan Ave., Ste. 2500
Chicago, IL 60601




Nathan E. Doss *(pro se)*
1124 Abbot Lane
University Park, IL 60484

# Exhibit B-Defendant's 5.4.17 email

Wednesday, May 17, 2017    7:28 PM

AOL Mail - Message View                                                                                 Page 1 of 1

**Fwd: Doss v. Kenco - Motion to Extend Discovery and Dispositive Motion Deadlines**
    **From:** malik wright <aimgame497@gmail.com>

  **Date:** Tue, May 9, 2017 12:00 pm
        📎 [ Doss Motion to Exten...docx (28 KB) ]

---------- Forwarded message ----------
From: **Argentieri, Julia P. (Chicago)** <Julia.Argentieri@jacksonlewis.com>
Date: Thu, May 4, 2017 at 8:11 AM
Subject: Doss v. Kenco - Motion to Extend Discovery and Dispositive Motion Deadlines
To: Tom Davies <TDavies@h-dlaw.com>, "aimgame497@gmail.com" <aimgame497@gmail.com>
Cc: "Moran, Jody Wilner (Chicago)" <MoranJ@jacksonlewis.com>, Kimberly Overbaugh <KOverbaugh@h-dlaw.com>

Mr. Doss and Mr. Davies:
In light of the upcoming discovery and dispositive motion deadlines in this litigation and given that we are still awaiting some additional discovery responses which were laid out in my email earlier this week, we have prepared the attached motion to extend the discovery and dispositive motion deadlines. Please let me know if you are in agreement with this motion or would like to discuss.

Regards,
Julie

Julia P. Argentieri
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2533 | Main: (312) 787-4949
Julia.Argentieri@jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the AmLaw 100 and Global 100 law firm rankings.*

Confidentiality Note: This e-mail and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

E-FILED
Monday, 03 April, 2017 03:59:47 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

NATHAN E. DOSS,

Plaintiff,

v.

**Case No. 15-cv-2287**
**Judge Colin Stirling Bruce**
**Magistrate Judge Eric L Long**

KENCO LOGISTIC SERVICES, LLC, et
al.

**Defendants.**

**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS KENCO LOGISTIC
SERVICES, LLC, TAMMI FOWLER, VALERIE LILLIE, KELVIN WALSH, DAVID
JABALEY AND MARIO LOPEZ' FIRST SET OF PRODUCTION REQUESTS TO
PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff answers

Defendants Kenco Logistic Services, LLC ("Kenco"), Tammi Fowler ("Fowler"), Valerie Lillie

("Lillie"), Kelvin Walsh ("Walsh"), David Jabaley ("Jabaley") and Mario Lopez ("Lopez")

(collectively referred to as "Defendants"), request to produce the following documents for

inspection and copying at the offices of Jackson Lewis, P.C., 150 North Michigan Avenue, Suite

2500, Chicago, Illinois 60601, within 30 days of service.

**DEFINITIONS AND INSTRUCTIONS**

Except as amended and/or augmented in these Definitions and Instructions, the

Definitions and Instructions set forth in Defendants' First Set of Interrogatories to Plaintiff are

incorporated by reference as if fully set forth herein.

In producing the requested documents, please furnish all documents available to Plaintiff

**Nathan** Doss, including documents in his possession and in the possession of his attorney(s),

investigators, agents, and any person acting on his behalf.

If Plaintiff contends that any part of these requests calls for a document that is privileged in whole or in part, or contends that any document is protected from disclosure regardless of its relevance, state the following with specificity:

    1.    The basis for each such contention, objection, or ground for exclusion; and

    2.    Identify the following:

        i.    Author

        ii.    Addressee

            Date

        iv.    Subject matter

        iii.    Number of pages, including all attachments or appendices

        iv.    All persons to whom it was distributed, shown or explained; and

        v.    The present custodian of each document.

All documents produced shall be segregated and identified by the request to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in that paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

If Plaintiff objects to part of any request, please furnish documents responsive to the remainder of the request.

The documents produced in response to this request shall include all attachments and enclosures.

2:15-cv-02287-CSB-EIL # 80-2 Page 4 of 13

Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all nonidentical copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other *(e.g.,* by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

All documents produced in response to this request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.

If you claim that Defendants possess documents responsive to Defendants' Request for Production of Documents, identify each of those documents individually and separately and state your basis for believing such documents exist and your basis for believing such documents are responsive to Defendants' Request for Production of Documents.

## <u>REQUESTS FOR PRODUCTION</u>

3.    All documents identified in your responses to Defendants' First Set of Interrogatories to Plaintiff. Documents contained on the CD dated 11.21.16

4.    All documents that used or relied upon by you in the preparation of your responses to Defendants' First Set of Interrogatories to Plaintiff. Documents contained on the CD dated 11.21.16

5.    All documents identified, or to be identified, in your Rule 26(a) disclosures. Documents contained on the CD dated 11.21.16

6.    All documents relating to any of the allegations made in your Second Amended Complaint. Documents contained on the CD dated 11.21.16

- 3 -

5.    A copy of your Facebook account. This information may be obtained by going to your Facebook account and looking under *>Account Settings menu to "Download a copy of your Facebook data." Once there, you should select "Start My Archive" and Facebook will compile a .zip file of your account. Please send us a copy of that .zip file. None

6.    All communication documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites) in your possession, custody or control, between you and any former or current employee of Kenco, including, but not limited to, Morris Tyson, Mary Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello from January 2010 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access. Emails contained on the CD dated 11.21.16 *The relevant documents are on the CD and the excluded documents are part 1, 5, 6, 12, 13 23, 25, 30, 42 and 67-75*

7.    All social networking pages in your possession, custody or control from any and all social networking websites patronized by you from January 2012 to the present, including but not limited to MySpace, Twitter, LinkedIn, and Facebook, which relate to your activities, social life, employment, work opportunities, or any allegation contained in your Second Amended Complaint. This request specifically includes, but is not limited to, any responsive

4

communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access. None

8.    All communication in your possession, custody or control], between you and any third party not previously identified from January 2012 to present, which discuss or mention your activities, social life, employment, work opportunities, or any allegation contained in your Second Amended Complaint. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, postings and photographs on any and all social networking websites, such as MySpace and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access. None

9.    All documents relating to your employment with Kenco, including, without limitation, personal diaries, journals, calendars, schedules, itineraries, employment agreements, performance evaluations, discipline, correspondence, written statements, electronic mail, social networking website posts, blog posts, computer files, digital or otherwise recorded pictures, photographs or graphical representations, and any other documents that relate to such employment or termination of employment, including documents that are considered property of Kenco or Mars, Inc. Documents contained on the CD dated 1121.16

10.    All documents relating to any communications, including electronic, interne or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to your friends, family, neighbors, current or former co-workers (including Morris Tyson, Mary Madison, Edith McCurry, Len Szplett, Henry Vernon, Stacey Bushey, Russell Schippets, Scott Marksteiner, Karl Meyer, Pete Monstwillo, Tammi

- 5

Fowler, Valerie Lillie, David Jabaley, Kelvin Walsh, Mario Lopez and Mike Manzello), colleagues, acquaintances, and strangers, that relate to Defendants, your employment with Kenco, or your claims against Defendants. Relevant documents on CD dated 11.21.16 *The relevant documents are on the CD and the excluded documents are part 1, 5, 6, 12, 13 23, 25, 30, 42 and 67-75*

11.  All documents related to your job duties while employed by Kenco and your performance of those job duties. See attached list correlating documents to CD dated 11.21.16 All documents relating to any action by Defendants that you contend was an unlawful adverse employment action.

See Doss 6/30/16 complaint § 117, 118, 119, 121, 122, 123, 124, 137, 139, 143, 144, 145, 173, 176, 182-185, 190, 209-212, 218, 225, 243, 245, 254, 255, 263 ¶2 & 3, 265, 267, 280, 286, 287, 288, 290, 313 If 4, 314, 316, 317, If 4 & 5, 319, 321-329, as well as, the sixth cause of action.

1.  Exclusion from reasonable training class by Tammi Fowler in May of 2014.

2.  Defendant contriving and executing a plan on the executive level of the company whereby it hired Jay Elliott as Vice President of Legal.

3.  Jay Elliott participating in the investigation of MIR and EEOC as the attorney and witness, without having firsthand information, to willfully and intentionally obstruct the administration of justice, skew and adversely influence the EDHR and EEOC investigation, as well as, continuing to deprive Plaintiff of his enjoyed and protective rights.

4.  David Jabaley participating in the IDHR and EEOC investigation as a witness with firsthand information, who in fact had no firsthand information with regards to the charges filed on May 7, 2014, May 21, 2014, May 29, 2014 and June 9, 2014, with the intent to willfully and intentionally obstruct the administration of justice, skew and adversely influence the IDLER and EEOC investigation, as well as, continuing to deprive Plaintiff of his enjoyed and protective rights.

12.    All documents relating to any action by Defendants that you contend was harassing or discriminatory on the basis of your race. See Doss 6/30/16 complaint § 88, 89, 92-97, 99-119, 121, 125-131, 134-155 (Doss opposed being sent home by email to management), 156, 160, 162-170, 172-176, 178-179, 181-185, 187-191, 194-198, 200-201, 203-204, 208-210, 213-214, 218, 220-225, 227, 229, 235-238, 240-243, 245-246, 252, 254-256, 258-261, 263-268, 270-272, 276-279, 283-291, 293-297, 300, 302-304, 306, 311-314, 316-329, 331

13.    All documents relating to any other Kenco employee who you contend is similarly situated to you, is not a member of your protected class (i.e., was a different race), and was treated more favorably than you. Stephanie Dumas, John Spell, Pete Monstwillo, Stacey Bushey, Jeff Carsons. Plaintiff reserves the right to supplement this answer. At this time Plaintiff does not have documents.

14.    All documents relating to any item of monetary damages for which you intend to seek recovery. Yet to be determined  Plaintiff reiterates his original answer Plaintiff's IDH/EEOC file, as well as, Defendant's exhibits tendered to Plaintiff.  Plaintiff misread the question and answered according to the misinterpretation. 5.17.17

15.    All documents relating to any non-monetary relief for which you intend to seek recovery, including, but not limited to: Yet to be determined

   a.  All medical, psychiatric and/or psychological records from January 2010 to
       the present, relating to you.

   b.  All documents relating to your admission to, or treatment at, any hospital,
       health care facility or other medical institution, on either an inpatient or
       outpatient basis, since January 2010.

- 6

    c.   All documents relating to any medical or medical device prescribed to you since January 2010, including, but not limited to, any documents that reflect the name and dosage of such medication or medical device.

    d.   A signed copy of the medical authorizations attached hereto. Not attached

17.   All documents relating to your calculation of your costs in this action. Yet to be determined

18.   All diaries, logs, journals, calendars, appointment books, Outlook or other electronic calendar or note-keeping programs, notes memoranda, or other memorializations (contemporaneous or otherwise) of events in your life for the period of January 2012 to the present. Any relevant documents are contained on CD dated 11.21.16 Plaintiff reiterates his original answer Plaintiff's only documented occurrences were on a case by case basis contained on the CD; no other catalogued occurrences exist. 5.17.17

19.   All documents that you have filed at any time with any federal or state court or administrative agency, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR") against any person, firm, corporation, institution, agency or entity regarding your employment or any claim of employment discrimination or violation of leave laws.

See Doss 6/30/16 complaint § 8-15, IDHR and EEOC 2015CF2725 and 21B201501282 respectively, as well as, again see Doss 6/30/16 complaint § 88, 89, 93, 96, 99, 103, 108, 114, 131, 165, 167, 172, 195, 198, 203, 209, 214, 221, 240-242, 245, 255 (date should have been August 18, 2014 not October), 272, 302, and 303. Defendant became aware of the formal charges filed on or about:

May 14, 2014;

May 29, 2014;

June 4, 2014;

June 17, 2014;

August 18, 2014;

October 16, 2014;

November 12,2014;

January 6, 2015 and;

April 16, 2015.

20.    All written or recorded statements, memoranda, or correspondence provided to you or your agents by any person contacted or interviewed in connection with this matter. See attached Doss part 69

21.    All written reports of expert witnesses who have been contacted, interviewed or engaged for this matter. TBD

22.    All documents provided by you or your agents to any expert who has been contacted, interviewed, or engaged for this matter. None at this time

23.    All documents relating to your state, federal, or local income tax returns (including but not limited to returns; IRS Forms W-2 or 1099 from any and all sources; and tax work sheets) for the years 2012 through the present as well as an executed copy of 111S Form 4506, which is attached hereto. Unavailable at this time; nothing was attached as well. Taxes are filed jointly with wife and my wife will not give permission for you to review the taxes. See attached W2's

24.    All documents which **reflect** income of any kind, or any insurance payments, unemployment compensation, long- or short-term **disability** benefits, alimony or spousal support, annuity, pension or any other payments you received, from any source from January 2012, **through the present.** Everything else other than unemployment, LTD or STD cannot be reasonably used to calculate evidence admissible at trial.

25.    All documents relating to any **efforts** you made to find or engage in any employment or self-employment, regardless of whether the applications were for full-time, part-time, volunteer, temporary or regular employment from January 2012 to the present, including but not limited to any communications to or from you and any employment agencies, search firms, employers, or potential or prospective employers, concerning any and all job offers you have received. **Did** not document Plaintiff reiterates his original answer

26.    **All documents you believe tend to substantiate the allegations asserted in your Second Amended Complaint.** Documents on CD dated 11.21.16

27.    **All documents you believe tend to refute any allegation asserted in your** Second Amended **Complaint.** Absolutely none

28.    **All** documents that **you will introduce into evidence as exhibits at the trial of this matter.** Documents on CD dated 11.21.16; reserve the right to supplement during the appropriate time period.

29.    **All documents you intend to use at any deposition in this matter.** Documents on CD dated 11.21.16, as well as, any FOIA accessible documents relevant to this matter.

30.    **All other documents, not otherwise produced, substantiating any allegation in** your Second Amended **Complaint.** None at this time

31.    All other **documents, not otherwise produced, refuting or tending to disprove any allegation in your Second Amended Complaint.** Absolutely none

32.    All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination or any application for Social Security disability benefits), bankruptcy and/or divorce that you have instituted against any company, individual or other organization, or in which you have been a party or a witness, other than the instant action against Defendants. Object; Not relevant to this matter and cannot reasonably be used to calculate evidence admissible at trial The documents produced are the ones in my possession.

33.    All documents received in this lawsuit pursuant to any subpoena issued by you and copies of all correspondence related to such subpoenas. None at this time

34.    All documents that you either sent to or received from the Illinois Department of Human Rights ("IDHR") or United States Equal Employment Opportunity Commission ("EEOC") relating to the Charges of Discrimination you filed against Kenco. Documents on CD

DATED: May 17, 2017

Nathan E. Doss *(pro se)*
1124 Abbot Lane
University Park, IL 60484

**Question # 11 Answer-Doss**

Part 2 page 5 & 6

Part 6 page 10-12, 14-45, 48-50

Part 7 Exhibit B

Part 10 page 59-77

Part 11 page 26-60

Part 14 Exhibit A-C

Part 16 page 2-18, 26-32

Part 17 & 18

Part 19 page 49-50

Part 20 page 18-32

Part 22 page 35-43

Part 23a page 1-2

Part 25 page 61-63 & 68

Part 26 page 15-68

Part 27 page 44-50

Part 28 page 74

Part 29 page 11-24

Part 30

Part 31 page 10-57, 91-100

Part 32

Part 33 page 31-36, 54-56

Part 34 page 36-38, 41, 58-65, 79-84

Part 35 page 3, 25, 26, 36, 39-45, 71-75

Part 36-55

Part 57-78

# Exhibit C-Defendant's 5.9.17 email

Wednesday, May 17, 2017    7:30 PM

AOL Mail - Message View                                                    Page 1 of 1

**Fwd: Doss v. Kenco Julia P Argentieri shared these documents with you**

**From:** malik wright <aimgame497@gmail.com>

**Date:** Tue, May 9, 2017 12:01 pm

---------- Forwarded message ----------
From: **Julia P Argentieri** <notifier@mail.vault.netvoyage.com>
Date: Fri, May 5, 2017 at 10:19 AM
Subject: Doss v. Kenco Julia P Argentieri shared these documents with you
To: aimgame497@gmail.com

Mr. Doss:
Please find links to production from Kenco on the above matter. If you have difficulty opening these documents please contact me at (312)803-2533.
Links expire 2017-06-04

|  |  | Download all |
|---|---|---|
| Kenco 1-32.pdf | DOWNLOAD | VIEW |
| Kenco 1054-1077.pdf | DOWNLOAD | VIEW |
| Kenco 146-317.pdf | DOWNLOAD | VIEW |
|  |  | Download all |
| Kenco 318-435.pdf | DOWNLOAD | VIEW |
| Kenco 33-145.pdf | DOWNLOAD | VIEW |
| Kenco 436-567.pdf | DOWNLOAD | VIEW |
|  |  | Download all |
| Kenco 568-723.pdf | DOWNLOAD | VIEW |
| Kenco 724-1053.pdf | DOWNLOAD | VIEW |

**Thank you for using NetDocuments for secure document delivery.**
If you have any questions, contact support or find out more about **net**documents at www.netdocuments.com

https://mail.aol.com/webmail-std/en-us/basic                                    5/17/2017