# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| NATHAN E. DOSS, <br><br> Plaintiff, <br><br> v. <br><br> KENCO LOGISTIC SERVICES, et al., <br><br> Defendants. | Case No. 15-2287 |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants Kenco Logistics Services, LLC, Kelvin Walsh, Tammi Fowler, Mario Lopez, Valerie Lilley, and David Jabaley's (collectively "Defendants") Renewed Motion for Sanctions Under Rule 37 (#87). Plaintiff Nathan Doss ("Plaintiff") did not file a response to the Motion. For the reasons explained below, the Court recommends that Defendants' Renewed Motion for Sanctions Under Rule 37 (#87) be GRANTED.

### I.   Background

This case has a lengthy procedural history. On December 7, 2015, Plaintiff filed his Complaint against Kenco Logistic Services, and Mars, Inc. On March 22, 2016, Defendant Mars, Inc. filed a Motion to Dismiss Plaintiff's Complaint. Defendant Kenco also filed a Motion to Dismiss on April 1, 2016. On April 4, 2016, Plaintiff filed his first Motion for Leave to File an Amended Complaint (#24) which was granted on April 5, 2016. Plaintiff's Amended Complaint added the individual Defendants to this action. Defendants Mars and Kenco subsequently filed new Motions to Dismiss. (#29; #31). Following a Rule 16 Scheduling Conference, the Court set a June 30, 2016, deadline for the filing of all amended pleadings.

On May 3, 2016, Judge Colin S. Bruce granted in part and denied in part Defendants' Motions to Dismiss. (#37). Following Judge Bruce's Order, Plaintiff filed a

Second Motion for Leave to File an Amended Complaint (#45) on June 30, 2016, the deadline for the filing of amended pleadings. Plaintiff's Motion was granted on July 25, 2016. (#48). Plaintiff's Second Amended Complaint consisted of 383 paragraphs and was 79 pages long. Much of the Complaint reasserted causes of action that had already been dismissed by Judge Bruce and therefore those portions were stricken by the Court. Defendants all filed Motions to Dismiss on September 15, 2016, (#52; #56). Defendant Kenco also filed its Answer on the same date. (#57). Plaintiff was due to file a response to both Motions to Dismiss no later than October 3, 2016.

On September 21, 2016, rather than respond to Defendants' Motions to Dismiss, Plaintiff filed a Motion to Strike Defendant Mars' Answer (#59), a Motion for Entry of Default (#60), and a Motion for Default Judgment (#61). All three Motions were denied on September 22, 2016, as the Court found that there was no legally sufficient basis for any of the Motions to be granted. On October 13, 2016, 10 days after Plaintiff's deadline to file a Response to Defendants' Motions to Dismiss, Plaintiff filed a Motion for Extension of Time to file a Response (#62). The Court, in granting Plaintiff's Motion for Extension of Time, cautioned Plaintiff to pay close attention to the response deadlines because future extensions would not be automatically allowed. *See* October 14, 2016 Text Order. Plaintiff was given a 7 day extension, to October 21, 2016, to file a Response to Defendants' Motions to Dismiss.

On October 21, 2016, rather than file a Response, which was already 18 days past due, Plaintiff filed a Motion for Leave to File a Consolidated Amended Complaint (#63). Plaintiff's proposed amended complaint was based on an EEOC right to sue letter from October 17, 2016 regarding his ninth charge of discrimination that was filed with the EEOC on April 7, 2015. Plaintiff's proposed amended complaint sought to add new allegations under the federal WARN Act, the federal Family and Medical Leave Act, and the Americans with Disabilities Act, as well as claims of conspiracy and coercion.

On November 22, 2016, the Court entered an Order denying Plaintiff's Motion for Leave to File a Consolidated Amended Complaint (#67). The Court explained that Plaintiff's request to amend his Complaint came after the June 30, 2016 deadline to file

an amended complaint and, pursuant to Rule 16, Plaintiff is required to show good cause for amending his Complaint after the deadline. Additionally, the Court noted its concern with Plaintiff's lack of diligence in seeking an amendment so long after the June 30, 2016 deadline, especially considering that Defendants had already filed multiple motions to dismiss and a lengthy answer to Plaintiff's Second Amended Complaint. More importantly, the Court found that Plaintiff's proposed amended complaint sought to delay these already delayed proceedings by adding multiple new causes of action as well as multiple new Defendants, all of which was known to Plaintiff on June 30, 2016.

Following the Court's November 22, 2016 Order, Plaintiff filed a Motion to Reconsider the Court's Order on December 12, 2016 (#68) that was denied by the Court the next day. A telephone status conference was scheduled in this case on December 20, 2016. Plaintiff failed to appear for the call. On January 6, 2017, Defendants filed a Motion to Compel Discovery (#69), alleging that Plaintiff had failed to participate in any meaningful way in the discovery process. On the same day, Plaintiff filed a Motion for Extension of Time to Submit Expert Witnesses (#70). Three days later, on January 9, 2017, Judge Bruce entered an Order granting Defendants' Motions to Dismiss (#71), clarifying the issues in this case and allowing the parties to proceed with discovery on the remaining counts of Plaintiff's Second Amended Complaint.

The status call from December 20 was rescheduled for January 11, 2017, to allow Plaintiff to participate and to discuss the progress of the case going forward. Plaintiff again failed to appear for the status conference.

Following Plaintiff's second failure to appear for a status conference, the Court granted Defendant's Motion to Compel and ordered Plaintiff to show cause as to why his case should not be dismissed for want of prosecution (#72). The Court based its Order on Plaintiff's failure to appear at multiple status calls, his lack of participation in the discovery process, and the fact that another pro se litigant from a related case appeared to be preparing and filing the pleadings for Plaintiff in this case. Plaintiff's discovery compliance and his response to the Court's Order to Show Cause were due by January 25, 2017. Plaintiff filed a Response to the Order to Show Cause on January

24, 2017 (#75). Plaintiff's response indicated that he has "tried within the best of his ability to be compliant," but also continued to argue that he should not have to answer several of Defendants' discovery requests to which he was already required to respond pursuant to the Court's Order.

On January 17, 2017, Plaintiff filed another Amended Complaint, which the Court construed as a Motion for Leave to File Amended Complaint (#73). This Motion was denied on January 27, 2017 (#77). On April 3, 2017, Defendants filed a Motion for Sanctions under Rule 37 (#80), arguing that Plaintiff had failed to provide adequate discovery responses despite several Court Orders to do so. Plaintiff filed a Response (#81) on April 21, 2017. On May 5, 2017, the Court issued a Report and Recommendation (#82) recommending that District Judge Colin S. Bruce grant in part and deny in part Defendants' Motion for Sanctions. The Court recommended that Plaintiff be sanctioned in the amount of $400 to cover a portion of Defendants' costs for having to file a motion to compel, as well as a sanction for Plaintiff's failure to participate in the discovery process. The Court, however, recommended that Judge Bruce deny Defendants' request to dismiss Plaintiff's case.

On May 23, 2017, Judge Bruce entered an Order (#86), accepting the Report and Recommendation. Judge Bruce ordered Plaintiff to pay a $400 dollar sanction to Defendants by sending a check or money order to Defendants' counsel of record on or before June 1, 2017. On June 2, 2017, Defendants filed the instant Renewed Motion for Sanctions Under Rule 37 (#87) based on Plaintiff's failure to comply with the Court's Order to pay $400 to Defendants by June 1, 2017. Defendants' Renewed Motion for Sanctions further alleges that, while Plaintiff has provided "slightly" revised discovery, Plaintiff has still failed to comply with the Court's discovery Orders and has not produced a medical authorization form, copies of all communications with other Kenco employees, or any proof of income. Plaintiff's deadline to respond to Defendants' instant Motion was June 16, 2017. Plaintiff, as has been his practice throughout this case, filed no response.

II.   Analysis

A party who fails to obey an order to provide discovery may be subject to the following sanctions, including:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
(iii) striking pleadings in whole or in part;
(iv)  rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

The choice of an appropriate remedy for a discovery abuse is primarily the responsibility of the district judge, who is authorized to mete out sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992). However, the sanction selected must, "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id.* In order to apply the sanction of dismissal, the Court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

The Court has warned Plaintiff countless times that his failure to follow Court orders can, and will, result in the dismissal of his case. *See* d/e #72; *See also* d/e #82; d/e #83. Plaintiff has failed to heed these warnings. Throughout the history of this litigation, Plaintiff has filed multiple frivolous Motions. *See* d/e #59 (baseless Motion to

Strike Defendants' Answer); *see also* d/e #60 (Motion to Default Defendants after Defendants had been participating the case for nearly a year); d/e #61 (Motion for Default Judgment after Defendants had been participating in the case); d/e #63 (Motion for Leave to File Amended Complaint without good cause); d/e #73 (Motion for leave to file Amended Complaint after numerous directions from the Court not to ask to amend his Complaint without showing good cause).

As outlined above, Plaintiff's failures to abide by the Federal Rules of Civil Procedure, as well as the Court's Orders, are well documented and deliberate. Plaintiff filed an 80 page Amended Complaint that the Court struck because Plaintiff reasserted several dismissed causes of action. Plaintiff has missed several deadlines to respond to motions or, on dates where Plaintiff was supposed to respond to motions, Plaintiff instead filed other frivolous documents. Plaintiff has skipped two status conferences and has failed to participate in discovery necessitating a Motion to Compel. Plaintiff then failed to comply with the Court's Order on the Motion to Compel, resulting in an Order to Show Cause. Plaintiff filed a Motion for Extension of Time to Submit an Expert Witness, and then never disclosed any experts. Most importantly, Plaintiff was given more than a month to remit the $400 dollar sanction to Defendants and comply with several outstanding discovery requests. Plaintiff blatantly ignored the Court's Order by not remitting the sanction to Defendants, by failing to produce the outstanding documents, and by not responding to Defendants' most recent Motion. Plaintiff's failure to participate in the discovery process and his failure to follow Court Orders demonstrate his unwillingness to be an active participant in this litigation.

In fact, it was only after Defendants were forced to file a Motion to Compel (to which Plaintiff did not respond) and the Court entered an Order to Show Cause, that Plaintiff finally provided Defendants with *any* responses to discovery. Even then, these discovery responses remained deficient. Plaintiff's actions make clear that he is unwilling to cooperate with Defendants in any meaningful way without forcing Defendants to file motions that involve the Court in every aspect of the discovery process.

The Court previously found that Plaintiff's conduct fell just short of the conduct that was necessary for dismissal. d/e #82. Since then, Plaintiff has defied yet another Court Order by failing to remit the $400 dollar sanction, failing to produce the outstanding discovery documents, and failing to respond to Defendants' recent Motion. Plaintiff's most recent failures to comply with this Court's Order appears willful and solely Plaintiff's fault. *Maynard*, 332 F.3d at 467. The history of the case has shown that not only has the Court considered less drastic sanctions, but that less drastic sanctions have been imposed and have been ineffective. Defendants have asked this Court multiple times to dismiss Plaintiff's case as a sanction for discovery violations, and this Court has declined to do so. After multiple warnings and the failure of less drastic sanctions, coupled with Plaintiff intentionally ignoring the Court's most recent Order, the Court is now satisfied that dismissal of Plaintiff's case is the appropriate sanction.

### III. Conclusion

Accordingly, the Court recommends that Defendants' Renewed Motion for Sanctions Under Rule 37 (#87) be granted. The Court recommends that this case be dismissed in full as a sanction for Plaintiff's failure to comply with multiple Court Orders.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc., v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of July, 2017.

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE